The Honorable _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRASANNA SANKARANARAYANAN, <br><br> Petitioner, <br><br> vs. <br><br> DHIVYA SASHIDHAR, <br><br> Respondent. | No. 24-1745 <br><br> VERIFIED PETITION FOR RETURN OF THE CHILD TO SINGAPORE <br><br> *No Mandatory Form Developed* |

### VERIFIED PETITION FOR RETURN OF THE CHILD TO SINGAPORE

**The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980; International Child Abduction Remedies Act, 22 U.S.C. 9001 *et seq*.**

### I. Preamble

1. This petition is brought by Prasanna Sankaranarayanan ("Mr. Sankaranarayanan" or "Petitioner"), to secure the return of S.A., his eight-year old son (the "Child"), who was, without Petitioner's consent or acquiescence, wrongfully removed from Singapore in the jurisdiction of this court by the Child's mother, Respondent Dhivya Sashidhar ("Ms. Sashidhar" or "Respondent") on or about October 14, 2024.

VERIFIED PETITION FOR RETURN OF THE CHILD
TO SINGAPORE – (Case #\_24-1745)

Page 1 of 12

*Whitaker Kent Ordell, PLLC*
1200 5th Avenue, Suite 2020
Seattle, WA 98101-3100
T: (206) 382-0000 F: (206) 382-9109

2. This petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980[1] (hereinafter the "Hague Convention" or "Convention") and the International Child Abduction Remedies Act (hereinafter "ICARA") 22 U.S.C. § 9001 *et seq*. The Convention came into effect in the United States on July 1, 1988 and was also ratified between the United States and Singapore on May 1, 2012. Copies of the Hague Convention and ICARA are annexed hereto as **Exhibit A** and **B,** respectively.

3. The Convention is a treaty between sovereign states, and theretofore entitled to the same weight and deference as the Constitution of the United States.

4. The objects of the Convention are as follows: (1) to secure the immediate return of children wrongfully removed or wrongfully retained in any Contracting State; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States. Convention, art. 1.

5. The Hague Convention applies to cases in which one parent wrongfully removes or retains her or his child, who is under the age of 16 years, from the child's "habitual residence" in breach of the other parent's custodial rights, which were being exercised at the time of the wrongful retention of the child. Hague Convention, Art. 3.

6. Petitioner respectfully requests that pursuant to Articles 1(a) and 12 of the Convention, this Court order that the subject Child be returned to Singapore, the Child's habitual residence.

## II. Jurisdiction and Venue

7. This Court has jurisdiction pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

---

[1] T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10493 (1986), a copy of which is attached hereto as Exhibit A.

VERIFIED PETITION FOR RETURN OF THE CHILD
TO SINGAPORE – (Case #_24-1745)

Page 2 of 12

*Whitaker Kent Ordell, PLLC*
1200 5th Avenue, Suite 2020
Seattle, WA 98101-3100
T: (206) 382-0000 F: (206) 382-9109

8. Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) because, upon information and belief, the Child and Respondent are residing in or around the Seattle, Washington area; and because this case involves the removal of a child under the ages of 16 from their habitual residence of Singapore in the United States of America.

### III.  Facts

9. The parties are the parents of the subject Child. Petitioner is a citizen of India. Respondent is originally from India but gave up her Indian citizenship in 2021 and now holds United States citizenship. The Child is a citizen of the United States. Both Respondent and the Child hold Indian Overseas Citizen of India ("OCI") cards which make them eligible to live in India indefinitely.

10. The parties were married on September 18, 2013, in Chennai, India under the Special Marriage Act, 1954, i.e., Indian statutory law. The parties moved to the Netherlands in 2014 for Respondent's employment. The parties moved back to India for a short period in early 2015. Petitioner then relocated to California for work soon after, in early 2015. Respondent followed Petitioner to California a few months later. The subject child, S.A, was born in 2016 in California.

11. The parties lived in California until in or around August 2020. The family then moved to Seattle, Washington from in or around August 2020 until in or around July 2022.

12. In July 2022, the family relocated to Singapore. They chose to move to Singapore for a variety of reasons, including the fact that Singapore does not have capital gains tax and/or wealth tax. Additionally, the parties agreed that it was a safe place to raise a family, had good educational options, and most importantly, was closer to their respective families in India.

13. As part of their move, they shipped their personal belongings from the United States to Singapore. The parties also sold their furniture and their trampoline in the U.S. or gave away

VERIFIED PETITION FOR RETURN OF THE CHILD
TO SINGAPORE – (Case #24-1745)

Page 3 of 12

*Whitaker Kent Ordell, PLLC*
1200 5th Avenue, Suite 2020
Seattle, WA 98101-3100
T: (206) 382-0000 F: (206) 382-9109

1  the furniture or other items they could not sell. They sold their car in the United States and looked
2  for properties to potentially purchase in Singapore. The parties have no real estate in the United
3  States.

4  14. Petitioner gave up his United States green card and holds an Overseas Networks &
5  Expertise Pass ("ONE") in Singapore. The ONE Pass retains exceptional talent in Singapore. It
6  gives the Petitioner the ability to live in Singapore for up to five years without an employment
7  requirement, though he has the ability to work there. Respondent and the Child are on dependent
8  passes.

9  15. They submitted applications and enrolled S.A. in school in Singapore prior to the
10 move at the Singapore American School (SAS). After the parties relocated to Singapore, while on
11 waitlist to enroll in the coveted UWCSEA (Dover), S.A. studied at the Singapore American School
12 from August 2022 to June 2024. He changed schools to United World College Dover in August
13 2024 when given placement. S.A.'s school UWCSEA Dover and his previous school SAS, are
14 rated amongst the best elementary schools in South East Asia, with extremely high rates of
15 admissions to the very best universities in the world.

16 16. S.A. was fully integrated in Singapore and it is his home in every sense of the word.

17 17. The parties and S.A. lived at 15 Ardmore Park #14-04 Singapore 259959 for 2 years
18 and thereafter, at 4 Astrid Hill Singapore 269927 ("4 Astrid Hill"), until he was wrongfully
19 removed from Singapore by Respondent. The Petitioner, after discussions between the parties,
20 signed a 3-year lease for 4 Astrid Hill on June 11, 2024, which commenced on August 18, 2024.

21 18. S.A. formed close relationships with friends and family in Singapore. One of his
22 closest friends is Petitioner's cousins' son. The boys have enjoyed sleepovers and are great friends.
23 S.A. also has other close friends in Singapore that he sees often for activities such as play dates
24 and birthday parties.

VERIFIED PETITION FOR RETURN OF THE CHILD
TO SINGAPORE – (Case #24-1745)

Page 4 of 12

*Whitaker Kent Ordell, PLLC*
1200 5th Avenue, Suite 2020
Seattle, WA 98101-3100
T: (206) 382-0000 F: (206) 382-9109

19. Apart from school, S.A. also attended various enrichment classes such as mathematics, coding, chess and piano. S.A. enjoyed his chess and piano classes every week which were taught by teachers that came to the house. S.A. often visits the American Club for playdates with his friends and classmates. In addition to social events, S.A. also went with his parents every Saturday at 4:00 pm to Balamukhtas classes to learn about Hindu values. S.A. also received medical care in Singapore.

20. The parties' relationship broke down in early August 2024 due to Respondent engaging in an extramarital affair. In late August 2024, the parties discussed divorce.

21. On September 9, 2024, Petitioner signed a separate lease in anticipation of setting up two separate homes for S.A. in Singapore with both Petitioner and Respondent.

22. On or about October 14, 2024, Respondent removed S.A. from Singapore and brought him to the United States without Petitioner's consent and in violation of his custody rights under Singaporean law.

23. On or about October 18, 2024, Respondent's counsel in Singapore emailed Petitioner's counsel in Singapore confirming that Respondent had removed the child from Singapore to the United States on October 14, 2024 and that their "client and the child are currently located in Washington state, King County, in the city of Seattle." Although Respondent's counsel refused to provide her "exact address" they noted that Petitioner "has [Respondent's] attorney's office US address." A copy of the October 14, 2024 email is annexed hereto as **Exhibit C**. Based on a review of the public docket, Respondent is represented by Sherri M. Anderson with offices located at 9 Lake Bellevue Drive, Suite 218, Bellevue, WA 98005. Her email is listed as sherria@smalaw.biz.

VERIFIED PETITION FOR RETURN OF THE CHILD
TO SINGAPORE – (Case #24-1745)

Page 5 of 12

*Whitaker Kent Ordell, PLLC*
1200 5th Avenue, Suite 2020
Seattle, WA 98101-3100
T: (206) 382-0000 F: (206) 382-9109

24. Petitioner has rights of custody to the Child as fully set forth below, and he had those same rights of custody on the date Respondent wrongfully removed the Child from his habitual residence of Singapore on or about October 14, 2024.

### IV. Wrongful Removal and Retention of Child by Respondent: Claim for Relief Under the Hague Convention

25. A removal or retention of a child is wrongful under Article 3 of the Hague Convention if: (a) the removal or retention is in breach of custody rights attributed to a person, institution, or other body, either jointly or alone, under the law of the state in which the child was habitually resident immediately before the removal or retention; and (b) at the time of the removal or retention, those custody rights were actually exercised, or would have been exercised, but for the removal or retention of the child. *See* Hague Convention, Arts. 3 and 5.

26. The Child's country of "habitual residence," as defined in Article 3 of the Hague Convention is Singapore, which is where the Child habitually resided prior to his wrongful removal to the United States beginning on or about October 14, 2024.

27. The Child's habitual residence is Singapore and was Singapore on the date that Respondent wrongfully removed the Child to the United States.

28. From the totality of the circumstances perspective, as of the date of removal on October 15, 2024, Singapore was the Child's ordinary home. *See Monasky v. Taglieri*, 589 U.S. 68, 71 (2020) (a child's habitual residence depends on the totality of the circumstances specific to the case).

29. He has been living in Singapore since July 2022 and it has been his home since then. The Child is fully involved and integrated in all aspects of daily and cultural life in Singapore. S.A. attended the Singapore American School from August 2022 to June 2024. In August 2024, he changed schools and attended the United World College Dover. He has a great social life in

VERIFIED PETITION FOR RETURN OF THE CHILD
TO SINGAPORE – (Case #24-1745)

Page 6 of 12

*Whitaker Kent Ordell, PLLC*
1200 5th Avenue, Suite 2020
Seattle, WA 98101-3100
T: (206) 382-0000 F: (206) 382-9109

1  Singapore, and a support network at home for his care, including a domestic helper and driver in
2  Singapore hired by the parties.

3        30.    S.A. has family in Singapore and close to Singapore that share close relationships
4  to both him and the parties. The Child's maternal grandmother and the Child's paternal grandfather
5  would visit Singapore from time to time to spend time with the parties and the Child.

6        31.    Petitioner has rights of custody of the Child within the meaning of Articles 3 and 5
7  of the Convention.

8        32.    "Custody rights" under the Hague Convention are defined to include "rights
9  relating to the care of the person of the child, and in particular, the right to determine the child's
10 place of residence." *See* Hague Convention, Art. 5(a).

11       33.    "Custody rights" "may arise in particular by operation of law or by reason of a
12 judicial or administrative decision, or by reason of an agreement having legal effect under the law
13 of that State." *See* Hague Convention, Art. 3.

14       34.    At the time of Respondent's wrongful removal of the Child from Singapore, the
15 Petitioner had and continues to have rights of custody under Singaporean law, such that the
16 removal of the Child from Singapore is in violation of Singaporean law and is a wrongful removal
17 within the meaning of Articles 3 and 5 of the Hague Convention.

18       35.    As the natural father of the Child, Petitioner has rights of custody under the law of
19 Singapore pursuant to the Women's Charter, Chapter 353 of the laws of Singapore, and the
20 Guardianship of Infants Act, Chapter 122 of the laws of Singapore. Pursuant to Section 46 of the
21 Women's Charter 1961, "a husband and wife are mutually bound to cooperate with each other in
22 a) safeguarding the interests of the union; and b) caring and providing for the children." It is also
23 established in Singapore's common law that in any custody proceedings, it is crucial that the courts
24 recognize and promote joint parenting so that both parents can continue to have a direct

VERIFIED PETITION FOR RETURN OF THE CHILD
TO SINGAPORE – (Case #24-1745)

Page 7 of 12

*Whitaker Kent Ordell, PLLC*
1200 5th Avenue, Suite 2020
Seattle, WA 98101-3100
T: (206) 382-0000 F: (206) 382-9109

involvement in the child's life (Singapore Court of Appeal decision of *CX v CY (minor – custody and access)* [2005] 3 SLR(R) 690).

36. Notice is given in this pleading that the Petitioner is relying upon foreign law. Fed.R.Civ.P. 44.1.

37. At the time of the Respondent's wrongful removal and retention of the Child, the Petitioner was exercising custody rights within the meaning of Articles 3 and 5 of the Convention, in that he is the father of the Child and has exercised custody rights over the Child since he was born.

38. S.A was born in 2016 and will be 16 years of age in 2032. At the time immediately before the wrongful removal of the Child from Singapore, the Child habitually resided in Singapore within the meaning of Article 3 of the Convention.

39. Petitioner does not know of any person or institution not a party to the proceedings who has physical custody of the Child or claims to have rights of parental responsibilities or legal custody or physical custody of, or visitation or parenting time with the Child.

40. Following the Respondent's wrongful removal of the Child to the United States, the Child is being illegally held in custody, confinement and/or restraint by the Respondent in the Western District of Washington. Upon information and belief, Respondent and the Child left Singapore for San Francisco on October 14, 2024 on an 8:45 AM SGT flight, before traveling to King County, Washington. The Petitioner was not informed by the Respondent about her removal of the Child, and she only informed the Respondent after he found out that the Petitioner and the Child were not in 4 Astrid Hill on 15 October 2024.

41. The subject Child is now eight years old. The Hague Convention applies to children under 16 years of age, and thus applies to this Child. Petitioner has never consented or acquiesced to Respondent's wrongful removal and retention of the Child in the United States.

VERIFIED PETITION FOR RETURN OF THE CHILD
TO SINGAPORE – (Case #24-1745)

Page 8 of 12

*Whitaker Kent Ordell, PLLC*
1200 5th Avenue, Suite 2020
Seattle, WA 98101-3100
T: (206) 382-0000 F: (206) 382-9109

42. Petitioner invokes Article 18 of the Convention, which grants this Court plenary power to order the Child's return at any time.

43. In accordance with the Article 18 equitable return factors set forth in Justice Alito's concurring opinion in *Lozano v. Montoya Alvarez*, 134 S.Ct. 1224 (2014), Petitioner requests that this Court exercise its equitable discretion to return the Child to Singapore under Article 18, even if the Respondent establishes one of the Convention's five narrow discretionary exceptions to return under the Convention.

44. The Child has an interest in returning to Singapore, his country of habitual residence. Petitioner has an interest in exercising his Singaporean rights of custody in Singapore.

45. The governments of Singapore and the United States both have an interest in discouraging inequitable conduct and deterring international child abductions.

## V. Provisional Remedies

46. Petitioner requests that the Court issue a Show Cause Order forthwith, ordering the appearance of Respondent before this Court on the first available date on the Court's calendar.

47. Petitioner further requests that this Court issue a Scheduling Order setting an expedited hearing on the Verified Petition for Return of the Child to Singapore.

## VI. Attorney's Fees and Costs

48. Petitioner has incurred attorneys' fees and costs resulting from the Respondent's wrongful removal of the Child.

49. Petitioner respectfully requests that this Court award him all costs and fees, including transportation costs, incurred to date as required by 22 U.S.C. § 9007.

50. Petitioner will submit a copy of all expenditures as soon as practicable and possible, and will amend these costs from time to time, according to proof and in light of further expenditure resulting from Respondent's wrongful removal and retention of the Child.

VERIFIED PETITION FOR RETURN OF THE CHILD
TO SINGAPORE – (Case #24-1745)

Page 9 of 12

*Whitaker Kent Ordell, PLLC*
1200 5th Avenue, Suite 2020
Seattle, WA 98101-3100
T: (206) 382-0000 F: (206) 382-9109

## VII. Notice of Hearing

51. Pursuant to 22 U.S.C. § 9003(c), Respondent will be given notice of any hearing pursuant to Washington and any other applicable law.

## VIII. Relief Requested

**WHERETOFORE**, it is respectfully requested that the following relief be granted:

a. Set an expedited hearing on the petition and communicate that hearing date and time to petitioner so that petitioner may provide notice of these proceedings and the hearing pursuant to ICARA Section 9003(c);

b. Issue an order following the hearing, directing that the Child shall be returned to his Habitual Residence of Singapore, pursuant to Article 12 of the Convention;

c. Issue an immediate *ex parte* temporary restraining order prohibiting the removal of the Child from the jurisdiction of this Court pending a hearing on the merits of the Verified Petition, and further providing that no person acting in concert or participating with Respondent shall take any action to remove the Child from the jurisdiction of this Court pending a determination on the merits of this case;

d. Issue an immediate order that Respondent surrender any and all of her passports and all of the passports of the Child;

e. Issue an order directing Respondent to pay Petitioner for all costs and fees incurred to date by reason of the Child's wrongful removal and retention pursuant to 22 U.S.C. § 9007; and

f. Any such further relief as justice and its cause may require.

Date: October 25th, 2024

Respectfully submitted,

VERIFIED PETITION FOR RETURN OF THE CHILD
TO SINGAPORE – (Case #_____)
Page 10 of 12

*Whitaker Kent Ordell, PLLC*
1200 5th Avenue, Suite 2020
Seattle, WA 98101-3100
T: (206) 382-0000 F: (206) 382-9109

/s Roni Ordell
RONI E. ORDELL, WSBA #42690
Whitaker Kent Ordell, PLLC
1200 5th Avenue, Suite 2020
Seattle, WA 98101
Telephone: (206) 382-0000
Fax: (206) 382-9109
Email: r.ordell@wkolaw.com

*ATTORNEY FOR PETITIONER*
*PRASANNA SANKARANARAYANAN*

VERIFIED PETITION FOR RETURN OF THE CHILD
TO SINGAPORE – (Case #24-1745)

Page 11 of 12

Whitaker Kent Ordell, PLLC
1200 5th Avenue, Suite 2020
Seattle, WA 98101-3100
T: (206) 382-0000 F: (206) 382-9109

## CERTIFICATION

I, Prasanna Sankaranarayanan, solemnly declare and affirm under the penalties of perjury and the laws of the United States of America, that I am the Petitioner in the within action and have read the foregoing Petition and know the contents of the foregoing Petition are true, to the best of my knowledge, except as to those matters alleged upon information and belief.

Dated: October ___, 2024

                                            Prasanna Sankaranarayanan (Oct 24, 2024 06:18 GMT+8)
                                            Prasanna Sankaranarayanan

VERIFIED PETITION FOR RETURN OF THE CHILD
TO SINGAPORE – (Case #_____)
Page 12 of 12

*Whitaker Kent Ordell, PLLC*
1200 5th Avenue, Suite 2020
Seattle, WA 98101-3100
T: (206) 382-0000 F: (206) 382-9109

# Petition

Final Audit Report                                                                 2024-10-23

| | |
|---|---|
| Created: | 2024-10-23 |
| By: | Roni Ordell (r.ordell@wkolaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAVct0kgEZyKLcdsByfhsdjQHPcw9gT8n5 |

## "Petition" History

- Document created by Roni Ordell (r.ordell@wkolaw.com)
  2024-10-23 - 10:14:58 PM GMT

- Document emailed to prasanna.sankara@gmail.com for signature
  2024-10-23 - 10:15:39 PM GMT

- Email viewed by prasanna.sankara@gmail.com
  2024-10-23 - 10:17:11 PM GMT

- Signer prasanna.sankara@gmail.com entered name at signing as Prasanna Sankaranarayanan
  2024-10-23 - 10:18:07 PM GMT

- Document e-signed by Prasanna Sankaranarayanan (prasanna.sankara@gmail.com)
  Signature Date: 2024-10-23 - 10:18:09 PM GMT - Time Source: server

- Agreement completed.
  2024-10-23 - 10:18:09 PM GMT

Powered by Adobe Acrobat Sign