Katelyn D. Skinner, OSB No. 105055
Katrina Seipel, OSB No. 164793
Buckley Law, P.C.
5300 Meadows Road, Suite 200
Lake Oswego, OR  97035
Telephone:  503-620-8900
Fax:  503-620-4878
Emails:  kds@buckley-law.com
         kas@buckley-law.com
Of Attorneys for Respondent Dhivya Sashidhar

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

Seattle Division

| | |
|---|---|
| In re: the Application of:<br><br>PRASANNA SANKARANARAYANAN,<br><br>    Petitioner,<br><br>  v.<br><br>DHIVYA SASHIDHAR,<br><br>    Respondent. | Case No.: 2:24-cv-01745-RAJ<br><br><br>RESPONDENT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND REPORT OF DR. PETER FAVARO |

The Convention on the Civil Aspects of International Child Abduction
Done at the Hague on 25 Oct 1980
International Child Abduction Remedies Act, 22 USC § 9001 *et seq.*

## MOTION

COMES NOW, Respondent Dhivya Sashidhar, by and through her attorneys of record, Katrina Seipel and Katelyn Skinner, and moves the Court in limine for an order excluding the testimony and written report of Dr. Peter Favaro, one of Petitioner's proposed experts, for Petitioner's failure to abide by Federal Rule of Civil Procedure 26 and the

Court's Order pertaining to expert disclosures, which Order was made on December 3, 2024 (Dkt. 25).

FRCP 26(a)(2) sets forth the procedures parties must follow regarding their expert witnesses retained for federal litigation. FRCP 26(a)(2)(D) requires that all parties to the litigation, not just a respondent, follow expert disclosure rules and disclose their expert witnesses at least 90 days before the date set for trial. Of course, courts retain discretion to alter these rules and deadlines, and this Court did just that with its Scheduling Order on December 3, 2024. On this date, Honorable Richard A. Jones signed the proposed Scheduling Order drafted by Petitioner's counsel and submitted jointly by the parties. The proposed Order states in paragraph 1 that "Respondent shall serve Expert Disclosures no later than December 2, 2024." However, the Court, in its minute order, specifically modified the parties' proposed Order by ordering, "Expert Disclosures [for all parties] to be served no later than 12/2/2024, Initial Disclosure to be served by 12/5/2024, Expert Reports [for all parties] under FRCP 26(a)(2) due by 12/9/2024, Rebuttal Expert Reports due by 12/20/2024."

On Tuesday, December 10, 2024, Respondent's counsel received an email from Petitioner's counsel, **Exhibit A**, indicating that Petitioner had retained expert witness Dr. Peter Favaro. Petitioner did not disclose Dr. Favaro as an expert witness on December 2, 2024, nor did he disclose Dr. Favaro as a witness in his Initial Disclosures on December 5, 2024. Accordingly, Respondent concluded on December 10, 2024 that Dr. Favaro was retained as a rebuttal expert only, to rebut her own expert who was disclosed to Petitioner in accordance with the Court's Order. Respondent then, at Petitioner's and Dr. Favaro's request, delivered the child to Dr. Favaro's hotel on three consecutive days to meet with Dr. Favaro. Following those meetings, on December 23, 2024, Petitioner provided to

Respondent, along with Petitioner's proposed trial exhibits, two expert reports: a 39-page document of Dr. Favaro's Expert Report, titled by Petitioner himself as "Dr. Peter Favaro Expert Report," and a 16-page document of an Expert Report written by Dr. Deborah Day, titled by Petitioner himself as "Dr. Day's Rebuttal Expert Report."

Dr. Favaro was clearly retained by Petitioner to provide an initial expert opinion, rather than just a rebuttal opinion. Not only does Petitioner label Dr. Favaro's report as an "Expert Report" rather than a "Rebuttal Expert Report", but the substance of Dr. Favaro's report sheds even more light on this issue. Dr. Favaro does not just comment on the substance of Respondent's expert report and how Dr. Favaro's meetings with the child might give way to a rebutting opinion; he definitively concludes that Respondent, based solely on his brief meeting of her, exerts undue influence on the child and may even be maltreating the child. These conclusions, along with others, are simply not just rebuttal opinions. They are opinions that should have been disclosed as initial expert opinions, that Respondent should have been permitted to retain an expert to rebut. But, because Petitioner did not disclose Dr. Favaro as an initial expert witnesses and did not disclose his expert report until December 23, 2024, Respondent is left with no time prior to trial to retain such a rebuttal expert, nor would her doing so be permitted under the Court's current Order regarding rebuttal expert disclosures. Additionally, because Dr. Favaro and his report were not disclosed to Respondent in accordance with the Court's deadlines, Respondent was unable to depose Dr. Favaro prior to the Court's deadline for completion of depositions in this matter. Notably, Petitioner deposed Respondent's expert witness over the course of two days.

Based on the above, Dr. Favaro should be excluded from giving testimony in this matter, and his report should not be permitted into evidence. Should this Court hold

otherwise, Respondent will be unduly prejudiced. The Notes of the Advisory Committee on the Federal Rules of Civil Procedure specifically state, "A party must as a practical matter prepare his own case in advance of [being provided with his opponent's expert's report], for he can hardly hope to build his case out of his opponent's experts." Petitioner has done just that: hired an expert, Dr. Peter Favaro, and used his expert not to rebut Respondent's expert's opinions, but to review Respondent's expert's opinions and then build Petitioner's case entirely out of those opinions. This conclusion is even further evidenced by the fact that Petitioner has retained another expert, a true rebuttal expert, Dr. Deborah Day. If Dr. Favaro was truly a rebuttal expert, Petitioner would have no need for Dr. Day's testimony and report.

FRCP 37(c)(1) provides that a party who, without substantial justification, fails to follow expert disclosure rules and orders is not, unless such failure is harmless, permitted to use that evidence at trial. The Ninth Circuit has elaborated on Rule 37(c)(1) and stated that the rule "gives teeth" to expert disclosure requirements by forbidding the use at trial of any information required to be disclosed by Rule 26 that is not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Courts across the country consistently hold that the rules pertaining to expert disclosures must be strictly enforced. "The rules are the rules – "they mean what they say and say what they mean … it's just that straightforward." *Heyrend v. Badger Med., P.A.*, No. 4:21-CV-00137-CWD, 2023 WL 5614915, at *6 (D. Idaho Aug. 30, 2023). Case law demonstrates that "flouting generally applicable procedural rules—the rules of the game that all parties are entitled to rely upon and expect courts to enforce—has consequences. Sometimes even case-ending consequences." *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 736

(9th Cir. 2021). Petitioner has flouted the rules and this Court's Order regarding expert disclosures, and this Court must hold him accountable.

## CONCLUSION

For the forgoing reasons, Respondent moves in limine and respectfully requests an Order of this Court excluding Dr. Peter Favaro's testimony and Expert Report from being introduced into evidence at trial in this matter.

DATED: December 26, 2024

Katrina Seipel, OSB #164793
Of Attorneys for Respondent

CERTIFICATE OF SERVICE

I certify that this document was served by electronic service through the CM/ECF system and by e-mail upon counsel for Petitioner, Richard Min, to rmin@gkmrlaw.com, and Michael Banuchis, to mbanuchis@gkmrlaw.com, on this 26th day of December, 2024.

Katrina Seipel, OSB #164793
Of Attorneys for Respondent
kas@buckley-law.com