Pro Hac Vice Admitted:
Katelyn D. Skinner, OSB No. 105055
Katrina Seipel, OSB No. 164793
Buckley Law, P.C.
5300 Meadows Road, Suite 200
Lake Oswego, OR  97035
Telephone:  503-620-8900
Fax:  503-620-4878
Emails:  kds@buckley-law.com
         kas@buckley-law.com
Of Attorneys for Respondent Dhivya Sashidhar

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

Seattle Division

| | |
|---|---|
| In re: the Application of: | Case No.: 2:24-cv-01745-RAJ |
| PRASANNA SANKARANARAYANAN, | |
| Petitioner, | |
| v. | **RESPONDENT'S MOTION TO COMPEL DISCOVERY PRODUCTION AND DEPOSITION OF PETITIONER** |
| DHIVYA SASHIDHAR, | *Expedited Consideration Requested* |
| Respondent. | |

The Convention on the Civil Aspects of International Child Abduction
Done at the Hague on 25 Oct 1980
International Child Abduction Remedies Act, 22 USC § 9001 *et seq.*

COMES NOW, Respondent Dhivya Sashidhar, by and through her attorneys of record, Katelyn D. Skinner, Katrina Seipel, and Buckley Law, PC, and moves the Court for an order compelling Petitioner to produce discovery as requested by Respondent's Frist Request for Production of Documents to Petitioner, **Exhibit 1**, issued on December 6, 2024, and imposing sanctions, pursuant to FRCP 37. Respondent further moves the Court for an order

compelling the deposition of Petitioner and imposing sanctions, pursuant to FRCP 30 and FRCP 37, as Petitioner has in bad faith refused to answer deposition questions and subsequently failed to attend his lawfully noticed deposition continuation, which deposition was noticed after conferral with Petitioner's counsel to grant Petitioner the opportunity to answer the relevant questions.

MOTIONS

## I.    Motion to compel production of discovery

Pursuant to FRCP 37(a)(3)(B)(iv), a party may move for an order compelling discovery production. On December 6, 2024, Respondent issued a Request for Production to Petitioner which requested a response and production of documents no later than December 17, 2024, the date agreed upon by the parties and ordered by the Court. Thereafter on December 17, 2024, Petitioner submitted his Response, **Exhibit 2**. Respondent moves for an order compelling production responsive to the following requests:

1.    RFP NO. 7 requested, "All of your Singapore, United States, and Indian banking, investment, and/or trust records from the past two years."

    a.    Petitioner sets forth a host of objections in bad faith in his Response in an attempt to avoid production responsive to this request. In response, approximately two years ago, the parties temporarily moved to Singapore to shield Petitioner's assets in overseas trusts. Petitioner testified in his deposition that the parties moved to Singapore for "tax planning" purposes and due to "tax implications." In an attempt to confer with Petitioner's counsel on this matter, Respondent's counsel specified that Respondent specifically seeks bank statements, investment statements, trust statements, and any and all account/trust opening/closing documents, from the past two years. At issue in this

matter is whether the child was habitually resident in Singapore at the time he came to the United States. The habitual residence analysis is a totality of the circumstances analysis. Where Petitioner's assets are located, when the assets were moved, in what manner they were moved, and the extent of the assets all have the potential to be highly relevant in this matter.

b.    While Petitioner produced some seemingly responsive documents around 9:00pm on December 29th, it does not appear fully responsive documents have been provided.

2.    RFP NO. 10 requested, "All documents or communications to or from third parties, including mutual or individual friends with knowledge of the situation as it relates to this matter, advocating for the position of either party."

a.    In Petitioner's deposition, he testified that he deleted WhatsApp messages every 7 days. Respondent's counsel requested, and Petitioner's counsel conceded that Petitioner would provide, a declaration from Petitioner regarding whether or not requested discovery has been destroyed. Petitioner has yet to provide such a statement and the deadline to do so has passed.

3.    RFP NO. 22 requested, "All communications or correspondence to or from your lawyer that was forwarded to any other person, other than your lawyer from October 1, 2024 to present." RFP NO. 23 requested, "Any communications or correspondence that you sent to your lawyer and cc'd or bcc'd any person other than your lawyer from October 1, 2024 to present."

a.    Again, Petitioner sets forth a host of objections in bad faith in his Response in an attempt to avoid production responsive to this request,

and no responsive documents have been produced. Clearly documents, if they exist, could lead to the discovery of admissible evidence or information (communications with his lawyers must be relevant), and are not privileged once disclosed to non-lawyers.

4.    RFP NO. 24 requested, "All documents and communications with any financial planner, tax consultant, wealth strategist, or any another person or entity, other than your lawyer, referring or relating to financial planning, wealth strategies, tax planning, including but not limited to creating a trust or corporate entity, or transferring funds from the United States to another country in the past 5 years."

a.    Yet again, Petitioner sets forth a host of objections in bad faith in his Response in an attempt to avoid production responsive to this request. Respondent's counsel, in conferral with Petitioner's counsel, attempted to narrow this request by limiting it to documents and communications relating to Petitioner moving to another country. Since conferral, Petitioner has produced just two such responsive communications.

Counsel for the parties conferred via telephone regarding the above issues on Friday, December 27, 2024. Counsel for Respondent attempted to explain relevance and narrow the above requests to no avail. Counsel for Petitioner indicated that Respondent could serve Petitioner with a second Request for Production, and Counsel for Petitioner would then review the requests and determine whether a response from Petitioner was necessary due to a second Request for Production being untimely. Petitioner's withholding of highly relevant documents and Petitioner's counsel's position on these issues are in bad faith. As such, Petitioner should be compelled to produce the above listed discovery. Petitioner should further be liable for Respondent's attorney fees incurred in this matter.

Page 4 – RESPONDENT'S MOTION TO COMPEL DISCOVERY PRODUCTION AND DEPOSITION OF PETITIONER

## II.    Motion to compel Petitioner's deposition

Petitioner was first deposed by Respondent's counsel on December 19, 2024. In the course of Petitioner's deposition, Petitioner refused to answer a number of questions, and Petitioner's counsel instructed Petitioner not to answer certain questions. Petitioner's counsel indicated that he would be filing a motion to limit Respondent's counsel's questioning, see **Exhibit 3**, pages 80, 116-117. No such motion was ever filed.

In conferral between counsel on December 27, 2024, the attorneys agreed to the questions/topics that remained for Petitioner to answer. Respondent's counsel suggested that Petitioner's deposition continue on December 30, 2024, at 12:00 P.M. Petitioner's counsel was not agreeable to this timing due to it being early morning hours for Petitioner in Singapore. Counsel then agreed to begin Petitioner's deposition at 2:00 P.M. on December 30, 2024, and sent a Notice to Petitioner's counsel indicating the same, **Exhibit 4**.

Respondent retained a court reporter for Petitioner's deposition continuation, and both Respondent's counsel and her court reporter were in attendance and ready to proceed on December 30, 2024. Petitioner and his counsel failed to attend the noticed deposition, see **Exhibit 5**. Petitioner's counsel indicated that their failure to attend was due to "the time difference between Singapore and the US." Notably, 2:00 P.M. here is 6:00 A.M. in Singapore. Additionally, this is Petitioner's lawsuit, filed in Pacific Standard Time, such that he is required to attend legal proceedings in this time zone. Further, this second deposition would not have been necessary but for Petitioner's refusal to answer questions and Petitioner's counsel's instruction to his client to not answer questions in the first deposition.

Accordingly, Petitioner should be compelled by this Court to attend a deposition on January 2, 2025, at 10:00 A.M. PST. Petitioner should further be responsible for all attorney fees and costs associated with this issue.

<u>CONCLUSION</u>

For the foregoing reasons, Respondent respectfully requests orders of the Court compelling discovery production and the deposition of Petitioner.

DATED: December 30, 2024

_____
Katrina Seipel, OSB #164793
Of Attorneys for Respondent

<u>CERTIFICATE OF SERVICE</u>

I certify that this document was served by electronic service through by CM/ECF and e-mail upon counsel for Petitioner, Richard Min, to rmin@gkmrlaw.com, Michael Banuchis, to mbanuchis@gkmrlaw.com, on this 30th day of December, 2024.

_____
Katrina Seipel, OSB #164793
Of Attorneys for Respondent
kas@buckley-law.com

Pro Hac Vice Admitted
Out-of-State Counsel
Katelyn D. Skinner, OSB No. 105055
Katrina Seipel, OSB No. 164793
Buckley Law, P.C.
5300 Meadows Road, Suite 200
Lake Oswego, OR  97035
Telephone:  503-620-8900
Fax:  503-620-4878
Emails:  kds@buckley-law.com
           kas@buckley-law.com
Attorneys for Respondent Dhivya Sashidhar

Local Counsel
Sherri Anderson, WSB No. 20881
Law Offices of Sherri M. Anderson, Inc., P.S.
9 Lake Bellevue Dr., Ste. 218
Bellevue, WA  98005
Telephone: 425-491-4847
Fax: 434-220-6067
Email: sherria@smalaw.biz

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

Seattle Division

In re: the Application of:

PRASANNA SANKARANARAYANAN,

      Petitioner,

   v.

DHIVYA SASHIDHAR,

      Respondent.

Case No.: 2:24-cv-01745-RAJ

RESPONDENT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PETITIONER

The Convention on the Civil Aspects of International Child Abduction
Done at the Hague on 25 Oct 1980
International Child Abduction Remedies Act, 22 USC § 9001 *et seq.*

Page 1 – RESPONDENT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PETITIONER

EXHIBIT 1
Page 1 of 8

**TO:    Prasanna Sankaranarayanan, Petitioner**

Pursuant to Federal Rules of Civil Procedure 26, 34, and 37, Respondent Dhivya Sashidhar ("Respondent") propounds Respondent's First Request for Production of Documents to Petitioner Prasanna Sankaranarayanan ("Petitioner" or "you"). The requested documents shall be made available to Respondent through Respondent's counsel on or before December 17, 2024.

## INSTRUCTIONS

The following Instructions and Definitions shall apply to each Request:

1.      The response to each Request shall include all information and/or documents within Petitioner's possession, custody, or control and/or in the possession, custody, or control of Petitioner's attorneys, agents, employees, investigators, and others acting on Petitioner's behalf or under Petitioner's direction or control and others associated with Petitioner. If you have already produced documents or information responsive to a Request in the form of an exhibit attached to the Petition, please indicate in your response which exhibit is responsive to the Request.

2.      Petitioner is required to disclose any matter or information, not privileged, which is relevant to the subject matters involved in this pending litigation, whether it relates to the claim or defenses of the parties seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things, and the identity and location of persons having knowledge of any discoverable matter. It is not grounds for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

## PROCEDURE FOR CLAIMING LIMITATION ON DISCOVERY

If Petitioner contends that any document, communication, or information which is requested is privileged or otherwise subject to protection, Petitioner shall make the claim

Page 2 – RESPONDENT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PETITIONER

EXHIBIT 1
Page 2 of 8

expressly and shall describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to this litigation to assess the applicability of the privilege or protection.

## DEFINITIONS

1.    "You," as used herein, its plural, or any synonym thereof, is intended to and shall embrace and include Petitioner Prasanna Sankaranarayanan and, in addition, the counsel for such party and all agents, representatives, and others who are in possession of or who may obtain information for or on behalf of the party to whom these Requests are addressed.

2.    "Respondent," as used herein, refers to Dhivya Sashidhar, the Respondent to the Petition filed by you.

3.    "Child," as used herein, refers to AS, the mutual child of Petitioner and Respondent.

4.    "Person" as used herein, or its plural or any synonym thereof, is intended to and shall mean any natural person or legal entity, including but not limited to any corporation, partnership, business trust, agency, joint venture, association, estate, trust, receiver, syndicate or any other group or combination acting as a unit or acting as a form of a legal entity, government agency (whether Federal, State, local, or any agency of the government of a foreign country), or any other entity.

5.    "Document" and/or "writing," as defined herein, shall be construed in the broadest possible sense and refer to any information recorded on any tangible medium of expression, including all written, recorded, or graphic records of every kind or description however produced or reproduced whether in the form of a draft, in final, original or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted or executed, including but not limited to written communications, letters, electronic

Page 3 – RESPONDENT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PETITIONER

EXHIBIT 1
Page 3 of 8

mail, text messages, telegrams, correspondence, memoranda, notes, facsimiles, records, business records, video recordings, photographs or films, microfiche or microfilms, tape or sound recordings, transcripts or recordings, contracts, agreements, notations of telephone conversations or personal conversations, diaries, calendars, desk calendars, reports, work sheets, computer records, summaries, schedules, drawings, charts, graphs, blueprints, mylars, osalids, minutes, forecasts, appraisals, studies, computer programs or data, data compilations of any type or kind or material similar to any of the foregoing however denominated and to whomever addressed. "Document" shall not exclude exact duplicates when originals are available, but shall include all copies made different from originals by virtue of any writings, notations, symbols, characters, impressions or any marks thereon, or other graphic, symbolic, recorded or written material of any nature whatsoever, along with all other data compilations from which information can be obtained and all drafts and preliminary drafts thereof.

6.      "Communication," as used herein, shall refer to any dissemination of information or transmission of a statement from one person to another, or in the presence of another, whether by written, oral, or electronic means or by action of conduct and shall include, but is not limited to, every discussion, conversation, conference, meeting, interview, memorandum, telephone call, e-mail, text message, facsimile, and/or visit.

7.      "Statement," as used herein, or its plural or any synonym thereof, includes each recordation of any interview or conversation with a witness, whether by a signed or unsigned writing, recording, court reported statement or otherwise.

8.      "Relate to" and "relating to," as used herein, shall mean and include any information concerning, comprising, identifying, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing, or pertaining in any way to the subject matter of the Request in which such term is used.

EXHIBIT 1
Page 4 of 8

9.      "And" and ",", as used herein, shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

10.     Singular forms of any noun or pronoun shall embrace and be read to include the plural as the context may make appropriate.

11.     Masculine forms of any noun or pronoun shall embrace and be read to include the feminine or neuter, as the context may make appropriate.

## REQUESTS FOR PRODUCTION

**RFP NO. 1.**  All documents and communications evidencing your assertion that the child's habitual residence is Singapore including, but not limited to, your property records or leases from the past two years, the child's school registration records, his medical and dental records, his enrollment in extracurricular activities, and the like.

**RESPONSE:**

**RFP NO. 2.**  All documents and communications regarding any and all custody rights you have exercised since the child was born, pursuant to Articles 3 and 5 of the Hague Convention.

**RESPONSE:**

**RFP NO. 3.**  All documents and communications regarding any and all custody rights you would have exercised if not for Respondent's alleged actions, pursuant to Articles 3 and 5 of the Hague Convention.

**RESPONSE:**

**RFP NO. 4.**  All documents and communications wherein you purport to request or demand the return of the child to Singapore.

**RESPONSE:**

EXHIBIT 1
Page 5 of 8

**RFP NO. 5.**  All documents and communications evidencing your lack of consent to Respondent removing the child from Singapore.

**RESPONSE:**

**RFP NO. 6.**  All documents and communications pertaining to your life in India for the past two years. This request includes, but is not limited to, your property records or leases in India and your Indian banking records.

**RESPONSE:**

**RFP NO. 7.**  All of your Singapore, United States, and Indian banking, investment, and/or trust records from the past two years.

**RESPONSE:**

**RFP NO. 8.**  All of your, Respondent's, and/or the child's travel records for the past three years. This request includes, but is not limited to, flight confirmations or receipts, lodging confirmations or receipts, etc.

**RFP NO. 9.**  All of your criminal records from any state and/or country, and any and all police reports pertaining to you and/or involving you.

**RESPONSE:**

**RFP NO. 10.** All documents or communications to or from third parties, including mutual or individual friends with knowledge of the situation as it relates to this matter, advocating for the position of either party.

**RESPONSE:**

**RFP NO. 11.**  All audio or video recordings taken of Respondent by you from January 1, 2022 to present.

**RESPONSE:**

Page 6 – RESPONDENT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PETITIONER

EXHIBIT 1
Page 6 of 8

**RFP NO. 12.** A list of all persons or parties with knowledge of, or information regarding, the allegations in your Petition.

**RESPONSE:**

**RFP NO. 13.** Any and all police reports and/or records made by, on behalf of, or about either party, concerning the allegations in your Petition.

**RESPONSE:**

**RFP NO. 14.** Any documents or communications containing statements made by any person or party, relating to the allegations in the Petition.

**RESPONSE:**

**RFP NO. 15:** Any and all documents and communications pertaining to your and Respondent's plan and action to obtain a surrogate and have a second child.

**RESPONSE:**

**RFP NO. 16.** Any documents or communications pertaining to your immigration and/or citizenship status and the child's immigration and/or citizenship status in any state and/or country.

**RESPONSE:**

**RFP NO. 17.** Any documents or communications or records pertaining to your family's move to Singapore. This request includes, but is not limited to, records of shipping your personal belongings to Singapore, selling your personal belongings in the United States, etc.

**RESPONSE:**

**RFP NO. 18.** Your United States, Singapore, and Indian tax records for the past 3 years.

**RESPONSE:**

Page 7 – RESPONDENT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PETITIONER

EXHIBIT 1
Page 7 of 8

**RFP NO. 19.**  All applications you or Respondent submitted to any school upon your move to Singapore.

**RESPONSE:**

**RFP NO. 20.**  All communications between you and Respondent, in any form, for the past three years.

**RESPONSE:**

# See additional requests in Exhibit 1

DATED: December 6, 2024

_____
Katrina Seipel, OSB #164793
Of Attorneys for Respondent


I certify that this document was served by e-mail upon counsel for Petitioner, Richard Min, to rmin@gkmrlaw.com, and Michael Banuchis, to mbanuchis@gkmrlaw.com, on this 6th day of December, 2024.

_____
Katrina Seipel, OSB #164793
Of Attorneys for Respondent
kas@buckley-law.com

Page 8 – RESPONDENT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PETITIONER

EXHIBIT 1
Page 8 of 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

PRASANNA SANKARANARAYANAN,  )
                                                )     Case No. 24-cv-01745-RAJ
                                                )
                Petitioner,        )     PETITIONER'S RESPONSES AND
                                                )     OBJECTIONS TO
vs.                                    )     RESPONDENT'S FIRST REQUEST
                                                )     FOR THE PRODUCTION OF
DHIVYA SASHIDHAR,              )     DOCUMENTS
                                                )
                Respondent.     )
_____)

       Pursuant to Federal Rules of Civil Procedure 26 and 34, Prasanna Sankaranarayanan ("Petitioner" or "Mr. Sankaranarayanan"), by and through the undersigned counsel, hereby submit these responses and objections to Dhivya Sashidhar's ("Respondent" or "Ms. Sashidhar") Request for Production of Documents (collectively, the "Requests").

**PRELIMINARY STATEMENT**

       1.     Petitioner has not completed his investigation related to this action and has not completed preparation for trial. These responses reflect the current state of Petitioner's knowledge, understanding and belief with respect to the matters addressed in the Respondent's Request for Production. These responses are neither intended as, nor shall in any way be deemed, as an admission or representation that further information or documents do not exist. Pursuant to Fed. R. Civ. P. 26, Petitioner reserves the right to modify or supplement its responses with such pertinent information as it may subsequently discover. Furthermore, these responses are given without prejudice to Petitioner's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these answers as a result of, among other things, mistake, error, oversight or inadvertence. Petitioner declines to

Page | 1 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT 2
Page 1 of 30

1   produce multiple copies of documents and each document which is produced and identified as

2   responsive to any request is also produced pursuant to any other to any other request to which it is

3   or may be responsive. Petitioner declines to produce and send documents to Respondent which

4   were already produced by Petitioner or by Respondent herself in the course of this proceeding.

5          2.     The fact that Petitioner responds to any Document Request shall not be construed

6   as a waiver of all or any part of the objections interposed by Petitioner to any Document Request.

7          3.     Nothing contained herein is intended to be, nor shall in any way be construed as, a

8   waiver of any attorney-client privilege, work-product protection, right to privacy, or any other

9   applicable privilege, immunity, or protection. Any inadvertent inspection and subsequent

10  production of any privileged information shall not constitute a waiver of any of the rights or

11  privileges of Petitioner, and Petitioner reserves the right to demand the return of any such

12  document and all copies thereof.  To the extent that any Document Request may be construed as

13  calling for disclosure of documents or information protected by any privilege, immunity, or

14  protection, a continuing objection is hereby interposed.

15         4.     Petitioner's response to a specific Document Request should not be construed as an

16  admission that Petitioner accepts or admits the existence of any documents, evidence, fact and/or

17  thing, and/or the validity of any legal argument, set forth in or assumed by such Document Request.

18         5.     The fact that Petitioner produces documents in response to a Document Request

19  does not mean that any of these documents constitute admissible evidence.

20         6.     Petitioner has not completed his investigation of the facts relating to this case and

21  has not completed preparation for trial.  The following responses are based upon information

22  presently available to Petitioner and are made without prejudice to the right to utilize subsequently

23  discovered facts, witnesses, documents or things, or legal arguments.  Petitioner specifically

24

25  Page | 2 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
    DOCUMENTS

EXHIBIT 2
Page 2 of 30

1    reserves the right to supplement these responses and to do so to the extent required or permitted

2    under the Federal Rules of Civil Procedure.

3        7.    Petitioner reserves all rights to challenge the competency, relevance, materiality,

4    and admissibility of, or to object on any grounds to the use of, the information identified herein in

5    any subsequent proceeding or the trial of this or any other action.

6                    **GENERAL OBJECTIONS**

7        8.    Petitioner objects to the Requests to the extent that they are vague, ambiguous,

8    overbroad, unduly burdensome, and/or call for documents/information that are neither relevant to

9    any Party's claims or defenses nor proportional to the needs of the case, including Requests for

10    "any" and "all" materials pertaining to the information sought.

11        9.    Petitioner objects to the Requests (including the Definitions and Instructions), on

12    the grounds and to the extent that they purport to impose obligations beyond those imposed or

13    authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules

14    of the District of Washington, any other federal or state law, and any orders issued by the Court,

15    including any protective order entered in this matter (collectively, the "Applicable Authorities").

16    Petitioner will construe and respond to the Requests in accordance with the Applicable Authorities.

17        10.    Petitioner objects to the Requests to the extent they do not describe with reasonable

18    particularity each document or category of materials requested as required by Federal Rule of Civil

19    Procedure 34(b).

20        11.    Petitioner objects to the Requests to the extent that they seek the production of

21    proprietary, confidential, financial, personal, or regulatory information of Petitioner or any other

22    persons that are not Parties to the Action, including private or confidential information about

23    Petitioner and child of the parties, S.A. (the "Child").

24

25    Page | 3 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
     DOCUMENTS

EXHIBIT 2
Page 3 of 30

12.     Petitioner objects to the Requests to the extent that they seek the production of materials covered by non-disclosure or confidentiality agreements with third parties or that would violate the privacy interests of others. To the extent Petitioner produces such materials, he will do so subject to any right or obligation to provide affected third parties with notice and an opportunity for them to object to the production.

13.     Petitioner objects to the Requests to the extent that they require Petitioner to provide information not in Petitioner's possession, custody, or control.

14.     Petitioner objects to the Requests to the extent that they purport to impose a burden on Petitioner to produce documents beyond those that might reasonably be located through a good-faith search of locations likely to contain relevant and responsive documents.

15.     Petitioner objects to the Requests to the extent that they seek documents or information that is (i) publicly available, (ii) already in Respondent's possession, custody, or control, and/or (iii) otherwise available from sources to which Respondent already has access.

16.     Petitioner objects to the Requests to the extent that they are argumentative, lack foundation, assume the existence of facts that do not exist or the occurrence of events that did not take place, or incorporate allegations or characterizations of facts, events, and circumstances that are disputed or erroneous. In objecting and responding to the Requests, Petitioner does not admit the accuracy of any such allegations or characterizations.

17.     Petitioner objects to the Requests to the extent that the expense of the productions sought outweighs their likely benefit, including because such discovery is not proportional to the needs of the case.

18.     Petitioner objects to the Requests to the extent they seek the production of documents or information that is located in jurisdictions subject to data privacy, confidentiality, or

1    other laws that limit or prohibit the transfer of such documents, data, or information outside of the

2    jurisdiction.

3        19.    Petitioner objects to the Requests on the grounds that they are not limited by any

4    time frame and, as written, could be understood to require the production of documents or

5    information regardless of when they were created or whether they are relevant or proportional to

6    the needs of the case. Thus, these requests are vague, ambiguous, overbroad, and unduly

7    burdensome. In responding to these Requests, Petitioner will only produce documents, if any, from

8    a reasonable and relevant time period.

9        20.    Petitioner objects to each Request, Definition, and Instruction to the extent it calls

10   for or contains a legal conclusion.

11       21.    Petitioner objects to each Request, Definition, and Instruction to the extent that it

12   seeks information already in the possession of Petitioner.

13       22.    Petitioner objects to each Request, Definition and Instruction to the extent that it is

14   unreasonably cumulative or duplicative.

15       23.    Counsel for Petitioner is willing to meet and confer with Respondent to discuss its

16   objections and responses to the Requests in a good-faith attempt to resolve any disagreements

17   between the Parties. To the extent that Petitioner responds that it will produce documents in

18   response to any of these Requests, Petitioner is not making an admission that the documents exist

19   or are discoverable. Rather, Petitioner is agreeing to undertake a reasonable, good-faith search for

20   responsive documents, as agreed by the Parties or ordered by the Court, as the documents are

21   maintained in the ordinary course, and to produce only those documents that are responsive, not

22   privileged, and not otherwise subject to any objection. Petitioner is not offering or promising to

23   search for and produce every document or piece of information that may exist in its possession,

24   custody, or control, and/or to search for all documents arguably responsive to a particular topic.

25   Page | 5 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
     DOCUMENTS

EXHIBIT 2
Page 5 of 30

1  Subject to privilege and other applicable objections, Petitioner will produce non-privileged

2  documents identified by reasonable searches for documents / information responsive to the

3  Requests.

4       24.    Petitioner's responses and objections are based upon information presently known

5  to Petitioner. Petitioner reserves all of his rights, preserves all objections to the Requests, and may

6  assert additional General Objections, Objections to Definitions, Objections to Instructions, and/or

7  Specific Objections to the Requests if or when he supplements her responses and objections.

8                    **OBJECTIONS TO DEFINITIONS**

9       25.    Petitioner objects to all of the Definitions to the extent that they seek to impose

10  obligations that are beyond or different from those imposed by the Applicable Authorities.

11       26.    Petitioner objects to the definition of "Document," "Documents," and

12  "Communication" to the extent that they purport to impose obligations on Petitioner that are

13  beyond or different from those imposed by the Applicable Authorities. Petitioner will comply with

14  the Applicable Authorities.

15       27.    Petitioner objects to the definition of "Person" and "Persons" as overbroad and

16  unduly burdensome to the extent that they include individuals or entities whose documents are not

17  within Petitioner's possession, custody, or control, or that are not relevant to any Party's claims or

18  defenses, or that would impose discovery burdens on Petitioner that are not proportional to the

19  needs of the case.

20       28.    Petitioner objects to the definition of "you," "your," and "Petitioner," as vague,

21  ambiguous, overbroad, and unduly burdensome to the extent that the definition purports to include

22  people or entities beyond Mr. Sankaranarayanan. These objectionable definitions encompass

23  persons or entities that are neither relevant to any Party's claims or defenses nor proportional to

24  the needs of the case. These objectional definitions encompass materials that would be subject to

25  Page | 6 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2
Page 6 of 30

1  the attorney-client privilege, attorney work product, or other applicable privileges. In responding

2  to these Requests, Petitioner will construe the terms "Petitioner," "You," or "Your" to refer solely

3  to Petitioner Prasanna Sankaranarayanan.

4  **OBJECTIONS TO INSTRUCTIONS**

5    29.    Petitioner objects to all of the Instructions to the extent that they seek to impose

6  obligations on Petitioner that are beyond or different from those imposed by the Applicable

7  Authorities. Petitioner will comply with the Applicable Authorities.

8  **SPECIFIC RESPONSES AND OBJECTIONS**

9  **RFP NO. 1**. All documents and communications evidencing your assertion that the child's habitual

10  residence is Singapore including, but not limited to, your property records or leases from the past

11  two years, the child's school registration records, his medical and dental records, his enrollment in

12  extracurricular activities, and the like.

13  **RESPONSE:**

14    Petitioner incorporates his General Objections, Objections to Definitions, and Objections

15  to Instructions in their entirety into this response. Petitioner specifically objects to this Request on

16  the grounds that it is not limited by any time frame and, as written, could be understood to require

17  the production of documents, communications, or information regardless of when they were

18  created or whether they are relevant or proportional to the needs of the case. Thus, this Request is

19  vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Petitioner

20  will only produce documents or communications, if any, from a reasonable and relevant time

21  period. Petitioner further objects to this Request as overbroad, unduly burdensome, and not

22  proportional to the needs of the case because it seeks "[a]ll documents and communications"

23  concerning the subject matter of the request without regard for whether those documents are

24

25  Page | 7 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT 2
Page 7 of 30

1    material or necessary to the prosecution or defense of this action or likely lead to the discovery of

2    admissible evidence.

3         Petitioner further objects to this Request to the extent that it seeks documents available to

4    Petitioner from other sources that are more convenient, less burdensome, or less expensive,

5    including Respondent herself, from publicly available sources, or from third parties. Petitioner

6    further objects to this Request to the extent that it seeks documents, communications, or

7    information that are exempt from discovery or protected by the attorney-client privilege, the

8    attorney work-product doctrine, the common interest privilege, confidentiality agreements, the

9    doctor-patient privilege or any other applicable privilege, doctrine, protection, or immunity.

10        Subject to and without waiving the General Objections, Objections to Definitions,

11   Objections to Instructions, or the foregoing Specific Objections, Petitioner will produce

12   nonprivileged documents or communications in response to this request in folder "Request 1" that

13   can be identified through a reasonable, good-faith search.

14   **RFP NO. 2.** All documents and communications regarding any and all custody rights you have

15   exercised since the child was born, pursuant to Articles 3 and 5 of the Hague Convention.

16   **RESPONSE:**

17        Petitioner incorporates his General Objections, Objections to Definitions, and Objections

18   to Instructions in their entirety into this response. Petitioner specifically objects to this Request as

19   it calls for or contains a legal conclusion. Petitioner further objects to this Request on the grounds

20   that it is not limited by any time frame and, as written, could be understood to require the

21   production of documents, communications, or information regardless of when they were created

22   or whether they are relevant or proportional to the needs of the case. Thus, this Request is vague,

23   ambiguous, overbroad, and unduly burdensome. In responding to this Request, Petitioner will only

24   produce documents or communications, if any, from a reasonable and relevant time period.

25   Page | 8 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
     DOCUMENTS

EXHIBIT 2
Page 8 of 30

1    Petitioner further objects to this Request as overbroad, unduly burdensome, and not proportional

2    to the needs of the case because it seeks "[a]ll documents and communications" concerning the

3    subject matter of the request without regard for whether those documents are material or necessary

4    to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

5    Petitioner further objects to this request as it does not describe with reasonable particularity

6    each document or category of materials requested as required by Federal Rule of Civil Procedure

7    34(b). Petitioner further objects to this Request to the extent that it seeks documents available to

8    Petitioner from other sources that are more convenient, less burdensome, or less expensive,

9    including Respondent herself, from publicly available sources, or from third parties.

10    Subject to and without waiving the General Objections, Objections to Definitions,

11    Objections to Instructions, or the foregoing Specific Objections, Petitioner will produce

12    nonprivileged documents or communications in response to this request in folder "Request 2" that

13    can be identified through a reasonable, good-faith search. Petitioner states that further documents

14    responsive to this Request can be found in folder "Request 1."

15    **RFP NO. 3**. All documents and communications regarding any and all custody rights you would

16    have exercised if not for Respondent's alleged actions, pursuant to Articles 3 and 5 of the Hague

17    Convention.

18    **RESPONSE:**

19    Petitioner incorporates his General Objections, Objections to Definitions, and Objections

20    to Instructions in their entirety into this response. Petitioner specifically objects to this Request as

21    it calls for or contains a legal conclusion. Petitioner further objects to this Request on the grounds

22    that it is not limited by any time frame and, as written, could be understood to require the

23    production of documents, communications, or information regardless of when they were created

24    or whether they are relevant or proportional to the needs of the case. Thus, this Request is vague,

25    Page | 9 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2
Page 9 of 30

1   ambiguous, overbroad, and unduly burdensome. Petitioner further objects to this Request as

2   overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll

3   documents and communications" concerning the subject matter of the request without regard for

4   whether those documents are material or necessary to the prosecution or defense of this action or

5   likely lead to the discovery of admissible evidence.

6        Petitioner further objects to this request as it does not describe with reasonable particularity

7   each document or category of materials requested as required by Federal Rule of Civil Procedure

8   34(b). Petitioner further objects to this Request to the extent that it seeks documents available to

9   Petitioner from other sources that are more convenient, less burdensome, or less expensive,

10  including Respondent herself, from publicly available sources, or from third parties.

11       Subject to and without waiving the General Objections, Objections to Definitions,

12  Objections to Instructions, or the foregoing Specific Objections, Petitioner states that responsive

13  documents can be found be folder "Request 2."

14  **RFP NO. 4**. All documents and communications wherein you purport to request or demand the

15  return of the child to Singapore.

16  **RESPONSE:**

17       Petitioner incorporates his General Objections, Objections to Definitions, and Objections

18  to Instructions in their entirety into this response. Petitioner specifically objects to this Request on

19  the grounds that it is not limited by any time frame and, as written, could be understood to require

20  the production of documents, communications, or information regardless of when they were

21  created or whether they are relevant or proportional to the needs of the case.  Thus, this Request is

22  vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Petitioner

23  will only produce documents or communications, if any, from a reasonable and relevant time

24  period. Petitioner further objects to this Request as overbroad, unduly burdensome, and not

25  Page | 10 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2
Page 10 of 30

1   proportional to the needs of the case because it seeks "[a]ll documents and communications"

2   concerning the subject matter of the request without regard for whether those documents are

3   material or necessary to the prosecution or defense of this action or likely lead to the discovery of

4   admissible evidence.

5       Subject to and without waiving the General Objections, Objections to Definitions,

6   Objections to Instructions, or the foregoing Specific Objections, Petitioner states that, at the time

7   this response is made, there are no responsive documents to this Request. Notwithstanding, it is

8   evident that Petitioner has requested the return of the Child to Singapore through his pleadings and

9   filings in this Hague matter.

10  **RFP NO. 5**. All documents and communications evidencing your lack of consent to Respondent

11  removing the child from Singapore.

12  **RESPONSE:**

13      Petitioner incorporates his General Objections, Objections to Definitions, and Objections

14  to Instructions in their entirety into this response. Petitioner specifically objects to this Request on

15  the grounds that it is not limited by any time frame and, as written, could be understood to require

16  the production of documents, communications, or information regardless of when they were

17  created or whether they are relevant or proportional to the needs of the case.  Thus, this Request is

18  vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Petitioner

19  will only produce documents or communications, if any, from a reasonable and relevant time

20  period. Petitioner further objects to this Request as overbroad, unduly burdensome, and not

21  proportional to the needs of the case because it seeks "[a]ll documents and communications"

22  concerning the subject matter of the request without regard for whether those documents are

23  material or necessary to the prosecution or defense of this action or likely lead to the discovery of

24  admissible evidence.

25  Page | 11 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
    DOCUMENTS

EXHIBIT 2
Page 11 of 30

1    Petitioner further objects to this Request to the extent that it seeks documents available to

2    Petitioner from other sources that are more convenient, less burdensome, or less expensive,

3    including Respondent herself, from publicly available sources, or from third parties.

4    Subject to and without waiving the General Objections, Objections to Definitions,

5    Objections to Instructions, or the foregoing Specific Objections, Petitioner will produce

6    nonprivileged documents or communications in response to this request in folder "Request 5" that

7    can be identified through a reasonable, good-faith search.

8    **RFP NO. 6.** All documents and communications pertaining to your life in India for the past two

9    years. This request includes, but is not limited to, your property records or leases in India and your

10    Indian banking records.

11    **RESPONSE:**

12    Petitioner incorporates his General Objections, Objections to Definitions, and Objections

13    to Instructions in their entirety into this response. Petitioner specifically objects to this Request as

14    overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll

15    documents and communications" concerning the subject matter of the request without regard for

16    whether those documents are material or necessary to the prosecution or defense of this action or

17    likely lead to the discovery of admissible evidence.

18    Petitioner objects to this Request in that it seeks documents, communications, or

19    information that are not relevant to any of the claims or defenses in this Action nor reasonably

20    calculated to lead to the discovery of admissible evidence.

21    Petitioner further objects to this Request to the extent it does not describe with reasonable

22    particularity each document or category of materials requested as required by Federal Rule of Civil

23    Procedure 34(b).

24

25    Page | 12 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2
Page 12 of 30

1       Subject to and without waiving the General Objections, Objections to Definitions,

2  Objections to Instructions, or the foregoing Specific Objections, documents that could be

3  responsive to this request can be found in folder "Request 6."

4  **RFP NO. 7**. All of your Singapore, United States, and Indian banking, investment, and/or trust

5  records from the past two years.

6  **RESPONSE:**

7       Petitioner incorporates his General Objections, Objections to Definitions, and Objections

8  to Instructions in their entirety into this response. Petitioner specifically objects to this Request to

9  the extent that it seeks the production of proprietary, confidential, financial, personal, or regulatory

10 information of Petitioner or any other persons that are not Parties to the Action. Petitioner further

11 objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the

12 case because it seeks "[a]ll banking, investment, and/or trust records" in Singapore, United States

13 and India, without regard for whether those documents are material or necessary to the prosecution

14 or defense of this action or likely lead to the discovery of admissible evidence. Petitioner further

15 objects to this Request as vague and ambiguous because of the undefined term "records."

16      Petitioner objects to this Request in that it seeks documents, communications, or

17 information that are not relevant to any of the claims or defenses in this Action nor reasonably

18 calculated to lead to the discovery of admissible evidence.

19 **RFP NO. 8**. All of your, Respondent's, and/or the child's travel records for the past three years.

20 This request includes, but is not limited to, flight confirmations or receipts, lodging confirmations

21 or receipts, etc.

22 **RESPONSE:**

23      Petitioner incorporates his General Objections, Objections to Definitions, and Objections

24 to Instructions in their entirety into this response. Petitioner specifically objects to this Request to

25

EXHIBIT 2
Page 13 of 30

1    the extent that it seeks documents or information that is (i) publicly available, (ii) already in

2    Respondent's possession, custody, or control, and/or (iii) otherwise available from sources to

3    which Respondent already has access.

4        Petitioner further objects to this Request to the extent it is vague, ambiguous, overbroad,

5    and unduly burdensome. In responding to this Request, Petitioner will only produce documents or

6    communications, if any, from a reasonable and relevant time period. Petitioner further objects to

7    this Request as overbroad, unduly burdensome, and not proportional to the needs of the case

8    because it seeks "[a]ll travel records" without regard for whether those documents are material or

9    necessary to the prosecution or defense of this action or likely lead to the discovery of admissible

10   evidence.

11       Subject to and without waiving the General Objections, Objections to Definitions,

12   Objections to Instructions, or the foregoing Specific Objections, Petitioner will produce

13   nonprivileged documents or communications in response to this request in folder "Request 8" that

14   can be identified through a reasonable, good-faith search.

15   **RFP NO. 9.** All of your criminal records from any state and/or country, and any and all police

16   reports pertaining to you and/or involving you.

17   **RESPONSE:**

18       Petitioner incorporates his General Objections, Objections to Definitions, and Objections

19   to Instructions in their entirety into this response. Petitioner specifically objects to this Request to

20   the extent that it seeks documents or information that is (i) publicly available, (ii) already in

21   Respondent's possession, custody, or control, and/or (iii) otherwise available from sources to

22   which Respondent already has access.

23       Petitioner further objects to this Request to the extent it is vague, ambiguous, overbroad,

24   and unduly burdensome. In responding to this Request, Petitioner will only produce documents or

25   Page | 14 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT 2
Page 14 of 30

1  communications, if any, from a reasonable and relevant time period. Petitioner further objects to

2  this Request as overbroad, unduly burdensome, and not proportional to the needs of the case

3  because it seeks "[a]ll criminal records" without regard for whether those documents are material

4  or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible

5  evidence.

6        Petitioner further objects to this request as it does not describe with reasonable particularity

7  each document or category of materials requested as required by Federal Rule of Civil Procedure

8  34(b). Petitioner specifically objects to this Request on the grounds that it is cumulative and

9  duplicative of Request No. 13.

10        Subject to and without waiving the General Objections, Objections to Definitions,

11  Objections to Instructions, or the foregoing Specific Objections, Petitioner will produce

12  nonprivileged documents or communications in response to this request in folder "Request 9" that

13  can be identified through a reasonable, good-faith search.

14  **RFP NO. 10.** All documents or communications to or from third parties, including mutual or

15  individual friends with knowledge of the situation as it relates to this matter, advocating for the

16  position of either party.

17  **RESPONSE:**

18        Petitioner incorporates his General Objections, Objections to Definitions, and Objections

19  to Instructions in their entirety into this response. Petitioner specifically objects to this Request on

20  the grounds that it is not limited by any time frame and, as written, could be understood to require

21  the production of documents, communications, or information regardless of when they were

22  created or whether they are relevant or proportional to the needs of the case. Thus, this Request is

23  vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Petitioner

24  will only produce documents or communications, if any, from a reasonable and relevant time

25  Page | 15 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
   DOCUMENTS

EXHIBIT 2
Page 15 of 30

1    period. Petitioner further objects to this Request as overbroad, unduly burdensome, and not

2    proportional to the needs of the case because it seeks "[a]ll documents or communications"

3    concerning the subject matter of the request and it does not define what is meant by "the position

4    of either party."

5         Petitioner further objects to this request as it does not describe with reasonable particularity

6    each document or category of materials requested as required by Federal Rule of Civil Procedure

7    34(b). Petitioner further objects to this request to the extent that the expense of the productions

8    sought outweigh their likely benefit because such discovery is not proportional to the needs of this

9    case.

10        Petitioner further objects to this Request on the ground that producing communications

11   would violate the privacy interests of others. To the extent Petitioner produces such materials, he

12   will do so subject to any right or obligation to provide affected third parties with notice and an

13   opportunity for them to object to the production.

14        Subject to and without waiving the General Objections, Objections to Definitions,

15   Objections to Instructions, or the foregoing Specific Objections, Petitioner will produce

16   nonprivileged documents or communications in response to this request in folder "Request 10"

17   that can be identified through a reasonable, good-faith search.

18   **RFP NO. 11.** All audio or video recordings taken of Respondent by you from January 1, 2022 to

19   present.

20   **RESPONSE:**

21        Petitioner incorporates his General Objections, Objections to Definitions, and Objections

22   to Instructions in their entirety into this response. Petitioner specifically objects to this Request as

23   overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll

24   audio or video recordings" concerning the subject matter of the request without regard for whether

25   Page | 16 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
     DOCUMENTS

EXHIBIT 2
Page 16 of 30

1    those documents are material or necessary to the prosecution or defense of this action or likely

2    lead to the discovery of admissible evidence.

3        Petitioner further objects to this request as it does not describe with reasonable particularity

4    each document or category of materials requested as required by Federal Rule of Civil Procedure

5    34(b). Petitioner further objects to this request to the extent that the expense of the productions

6    sought outweigh their likely benefit because such discovery is not proportional to the needs of this

7    case.

8        Subject to and without waiving the General Objections, Objections to Definitions,

9    Objections to Instructions, or the foregoing Specific Objections, Petitioner will produce

10    nonprivileged documents or communications in response to this request in folder "Request 11"

11    that can be identified through a reasonable, good-faith search.

12    **RFP NO. 12.** A list of all persons or parties with knowledge of, or information regarding, the

13    allegations in your Petition.

14    **RESPONSE:**

15        Petitioner incorporates his General Objections, Objections to Definitions, and Objections

16    to Instructions in their entirety into this response. Petitioner specifically objects to this Request on

17    the grounds that a list of persons who may have discoverable information have already been

18    provided in Petitioner's Initial Disclosures, served on Respondent on December 6, 2024. Petitioner

19    further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

20    burdensome. Petitioner further objects to this Request to the extent that it is an interrogatory, rather

21    than a Request for the Production of Documents.

22        Subject to and without waiving the General Objections, Objections to Definitions,

23    Objections to Instructions, or the foregoing Specific Objections, Petitioner states that, at the time

24    this response is made, there are no responsive documents to this Request. Petitioner states that this

25

EXHIBIT 2
Page 17 of 30

1    information can be found in his Initial Disclosures, which has already been submitted to

2    Respondent on December 6, 2024.

3    **RFP NO. 13.** Any and all police reports and/or records made by, on behalf of, or about either

4    party, concerning the allegations in your Petition.

5    **RESPONSE:**

6        Petitioner incorporates his General Objections, Objections to Definitions, and Objections

7    to Instructions in their entirety into this response. Petitioner specifically objects to this Request on

8    the grounds that it is cumulative and duplicative of Request No. 9. Petitioner further objects to this

9    Request to the extent that it seeks documents or information that is (i) publicly available, (ii)

10   already in Respondent's possession, custody, or control, and/or (iii) otherwise available from

11   sources to which Respondent already has access.

12       Petitioner further objects to this request as it does not describe with reasonable particularity

13   each document or category of materials requested as required by Federal Rule of Civil Procedure

14   34(b). Petitioner additionally objects to this Request to the extent it is overbroad, unduly

15   burdensome, and not proportional to the needs of the case because it seeks "[a]ny and all police

16   reports…about either party" concerning the subject matter of the request without regard for

17   whether those documents are material or necessary to the prosecution or defense of this action or

18   likely lead to the discovery of admissible evidence. Petitioner further objects to this Request as

19   vague and ambiguous because of the undefined term "records."

20       Subject to and without waiving the General Objections, Objections to Definitions,

21   Objections to Instructions, or the foregoing Specific Objections, documents responsive to this

22   demand can be found in folder "Request 9."

23   **RFP NO. 14.** Any documents or communications containing statements made by any person or

24   party, relating to the allegations in the Petition.

25   Page | 18 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
     DOCUMENTS

EXHIBIT 2
Page 18 of 30

**RESPONSE:**

Petitioner incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Petitioner specifically objects to this Request on the grounds that it is not limited by any time frame and, as written, could be understood to require the production of documents, communications, or information regardless of when they were created or whether they are relevant or proportional to the needs of the case. Thus, this Request is vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Petitioner will only produce documents or communications, if any, from a reasonable and relevant time period. Petitioner further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ny documents or communications made by any person or party" concerning the subject matter of the request without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Petitioner further objects to this request as it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b). Petitioner further objects to this Request to the extent that it seeks documents available to Petitioner from other sources that are more convenient, less burdensome, or less expensive, including Respondent herself, from publicly available sources, or from third parties.

Petitioner further objects to this Request on the ground that producing communications would violate the privacy interests of others. To the extent Petitioner produces such materials, he will do so subject to any right or obligation to provide affected third parties with notice and an opportunity for them to object to the production.

Page | 19 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT 2
Page 19 of 30

1    Subject to and without waiving the General Objections, Objections to Definitions,

2    Objections to Instructions, or the foregoing Specific Objections, Petitioner states that documents

3    responsive to this Request can be found in folder "Request 1" and "Request 2."

4    **RFP NO. 15:** Any and all documents and communications pertaining to your and Respondent's

5    plan and action to obtain a surrogate and have a second child.

6    **RESPONSE:**

7    Petitioner incorporates his General Objections, Objections to Definitions, and Objections

8    to Instructions in their entirety into this response. Petitioner specifically objects to this Request to

9    the extent that it seeks documents or information that is (i) publicly available, (ii) already in

10   Respondent's possession, custody, or control, and/or (iii) otherwise available from sources to

11   which Respondent already has access.

12   Petitioner further objects to this Request on the grounds that it is not limited by any time

13   frame and, as written, could be understood to require the production of documents,

14   communications, or information regardless of when they were created or whether they are relevant

15   or proportional to the needs of the case. Thus, this Request is vague, ambiguous, overbroad, and

16   unduly burdensome. In responding to this Request, Petitioner will only produce documents or

17   communications, if any, from a reasonable and relevant time period. Petitioner further objects to

18   this Request as overbroad, unduly burdensome, and not proportional to the needs of the case

19   because it seeks "[a]ny and all documents and communications" concerning the subject matter of

20   the request without regard for whether those documents are material or necessary to the

21   prosecution or defense of this action or likely lead to the discovery of admissible evidence.

22   Subject to and without waiving the General Objections, Objections to Definitions,

23   Objections to Instructions, or the foregoing Specific Objections, Petitioner will produce

24

25   Page | 20 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
     DOCUMENTS

EXHIBIT 2
Page 20 of 30

1    nonprivileged documents or communications in response to this request in folder "Request 15"

2    that can be identified through a reasonable, good-faith search.

3    **RFP NO. 16.** Any documents or communications pertaining to your immigration and/or

4    citizenship status and the child's immigration and/or citizenship status in any state and/or country.

5    **RESPONSE:**

6          Petitioner incorporates his General Objections, Objections to Definitions, and Objections

7    to Instructions in their entirety into this response. Petitioner specifically objects to this Request to

8    the extent that it seeks documents or information that is (i) publicly available, (ii) already in

9    Respondent's possession, custody, or control, and/or (iii) otherwise available from sources to

10   which Respondent already has access.

11         Petitioner further objects to this Request on the grounds that it is not limited by any time

12   frame and, as written, could be understood to require the production of documents,

13   communications, or information regardless of when they were created or whether they are relevant

14   or proportional to the needs of the case. Thus, this Request is vague, ambiguous, overbroad, and

15   unduly burdensome. In responding to this Request, Petitioner will only produce documents or

16   communications, if any, from a reasonable and relevant time period. Petitioner further objects to

17   this Request as overbroad, unduly burdensome, and not proportional to the needs of the case

18   because it seeks "[a]ll documents or communications" concerning the subject matter of the request

19   without regard for whether those documents are material or necessary to the prosecution or defense

20   of this action or likely lead to the discovery of admissible evidence.

21         Petitioner further objects to this request as it does not describe with reasonable particularity

22   each document or category of materials requested as required by Federal Rule of Civil Procedure

23   34(b).

24

25   Page | 21 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
     DOCUMENTS

EXHIBIT 2
Page 21 of 30

1      Subject to and without waiving the General Objections, Objections to Definitions,

2  Objections to Instructions, or the foregoing Specific Objections, Petitioner will produce

3  nonprivileged documents or communications in response to this request in folder "Request 16"

4  that can be identified through a reasonable, good-faith search.

5  **RFP NO. 17.** Any documents or communications or records pertaining to your family's move to

6  Singapore. This request includes, but is not limited to, records of shipping your personal

7  belongings to Singapore, selling your personal belongings in the United States, etc.

8  **RESPONSE:**

9      Petitioner incorporates his General Objections, Objections to Definitions, and Objections

10  to Instructions in their entirety into this response. Petitioner specifically objects to this Request to

11  the extent that it seeks documents or information that is (i) publicly available, (ii) already in

12  Respondent's possession, custody, or control, and/or (iii) otherwise available from sources to

13  which Respondent already has access.

14      Petitioner further objects to this Request on the grounds that it is not limited by any time

15  frame and, as written, could be understood to require the production of documents,

16  communications, or information regardless of when they were created or whether they are relevant

17  or proportional to the needs of the case. Thus, this Request is vague, ambiguous, overbroad, and

18  unduly burdensome. In responding to this Request, Petitioner will only produce documents or

19  communications, if any, from a reasonable and relevant time period. Petitioner further objects to

20  this Request as overbroad, unduly burdensome, and not proportional to the needs of the case

21  because it seeks "[a]ny documents or communications made by any person or party" concerning

22  the subject matter of the request without regard for whether those documents are material or

23  necessary to the prosecution or defense of this action or likely lead to the discovery of admissible

24  evidence.

25  Page | 22 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2
Page 22 of 30

1         Subject to and without waiving the General Objections, Objections to Definitions,

2    Objections to Instructions, or the foregoing Specific Objections, Petitioner will produce

3    nonprivileged documents or communications in response to this request in folder "Request 17"

4    that can be identified through a reasonable, good-faith search. Petitioner states that further

5    documents responsive to this Request can be found in folder "Request 8."

6    **RFP NO. 18.** Your United States, Singapore, and Indian tax records for the past 3 years.

7    **RESPONSE:**

8         Petitioner incorporates his General Objections, Objections to Definitions, and Objections

9    to Instructions in their entirety into this response. Petitioner specifically objects to this Request to

10   the extent that it seeks the production of proprietary, confidential, financial, personal, or regulatory

11   information of Petitioner.

12        Petitioner objects to this Request in that it seeks documents, communications, or

13   information that are not relevant to any of the claims or defenses in this Action nor reasonably

14   calculated to lead to the discovery of admissible evidence.

15        Petitioner further objects to this Request as vague and ambiguous because of the undefined

16   term "records." Petitioner further objects to this Request as overbroad, unduly burdensome, and

17   not proportional to the needs of the case because it seeks "tax records" from the United States,

18   Singapore, and India without regard for whether those documents are material or necessary to the

19   prosecution or defense of this action or likely lead to the discovery of admissible evidence.

20        Subject to and without waiving the General Objections, Objections to Definitions,

21   Objections to Instructions, or the foregoing Specific Objections, Petitioner will produce

22   nonprivileged documents or communications in response to this request in folder "Request 18"

23   that can be identified through a reasonable, good-faith search.

24

25   Page | 23 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2
Page 23 of 30

1    **RFP NO. 19.** All applications you or Respondent submitted to any school upon your move to

2    Singapore.

3    **RESPONSE:**

4         Petitioner incorporates his General Objections, Objections to Definitions, and Objections

5    to Instructions in their entirety into this response. Petitioner specifically objects to this Request to

6    the extent that it seeks documents or information that is (i) publicly available, (ii) already in

7    Respondent's possession, custody, or control, and/or (iii) otherwise available from sources to

8    which Respondent already has access.

9         Petitioner further objects to this Request on the grounds that it is not limited by any time

10   frame and, as written, could be understood to require the production of documents,

11   communications, or information regardless of when they were created or whether they are relevant

12   or proportional to the needs of the case. Thus, this Request is vague, ambiguous, overbroad, and

13   unduly burdensome. In responding to this Request, Petitioner will only produce documents or

14   communications, if any, from a reasonable and relevant time period. Petitioner further objects to

15   this Request as overbroad, unduly burdensome, and not proportional to the needs of the case

16   because it seeks "[a]ll applications…to any school" concerning the subject matter of the request

17   without regard for whether those documents are material or necessary to the prosecution or defense

18   of this action or likely lead to the discovery of admissible evidence.

19        Petitioner further objects to this Request to the extent it does not describe with reasonable

20   particularity each document or category of materials requested as required by Federal Rule of Civil

21   Procedure 34(b).

22        Subject to and without waiving the General Objections, Objections to Definitions,

23   Objections to Instructions, or the foregoing Specific Objections, Petitioner states that documents

24   responsive to this Request can be found in folder "Request 1" and "Request 2."

25   Page | 24 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
     DOCUMENTS

EXHIBIT 2
Page 24 of 30

1   **RFP NO. 20.** All communications between you and Respondent, in any form, for the past three

2   years.

3   **RESPONSE:**

4          Petitioner incorporates his General Objections, Objections to Definitions, and Objections

5   to Instructions in their entirety into this response. Petitioner specifically objects to this Request as

6   overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll

7   communications… in any form" concerning the subject matter of the request without regard for

8   whether those documents are material or necessary to the prosecution or defense of this action or

9   likely lead to the discovery of admissible evidence.

10          Petitioner objects to this Request in that it seeks documents, communications, or

11   information that are not relevant to this case, including any claims or defenses in this Action.

12          Petitioner further objects to this Request to the extent it does not describe with reasonable

13   particularity each document or category of materials requested as required by Federal Rule of Civil

14   Procedure 34(b).

15          Petitioner further objects to this Request to the extent that it seeks documents or

16   information that is (i) publicly available, (ii) already in Respondent's possession, custody, or

17   control, and/or (iii) otherwise available from sources to which Respondent already has access.

18          Subject to and without waiving the General Objections, Objections to Definitions,

19   Objections to Instructions, or the foregoing Specific Objections, Petitioner will produce

20   nonprivileged documents or communications in response to this request in folder "Request 20"

21   that can be identified through a reasonable, good-faith search. Petitioner states that further

22   documents responsive to this request can be found in folders "Request 1" and "Request 2."

23   **RPF NO. 21.** All documents received in response to subpoena issued in any of the legal matters

24   pending between the parties from September 1, 2024 to present.

25   Page | 25 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2
Page 25 of 30

**RESPONSE:**

Petitioner incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Petitioner specifically objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents" concerning the subject matter of the request without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Petitioner objects to this Request in that it seeks documents, communications, or information that are not relevant to this case, including any claims or defenses in this Action.

Petitioner further objects to this Request to the extent it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Petitioner states that, at the time this response is made, there are no responsive documents to this Request. Please note that, to this date, Petitioner has not issued any subpoenas.

**RPF NO. 22.** All communications or correspondence to or from your lawyer that was forwarded to any other person, other than your lawyer that was forwarded to any other person, other than your lawyer from October 1, 2024 to present.

**RESPONSE:**

Petitioner incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Petitioner specifically objects to this Request as overbroad and unduly burdensome.

Page | 26 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT 2
Page 26 of 30

1    Petitioner objects to this Request in that it seeks documents, communications, or

2   information that are not relevant to any of the claims or defenses in this Action nor reasonably

3   calculated to lead to the discovery of admissible evidence.

4    Petitioner further objects to this Request to the extent that it seeks documents,

5   communications, or information that are exempt from discovery or protected by the attorney-client

6   privilege, the attorney work-product doctrine, the common interest privilege, confidentiality

7   agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or

8   immunity. Petitioner further objects to this Request as overbroad, unduly burdensome, and not

9   proportional to the needs of the case because it seeks "[a]ll communications or correspondence"

10  concerning the subject matter of the request without regard for whether those documents are

11  material or necessary to the prosecution or defense of this action or likely lead to the discovery of

12  admissible evidence.

13   Petitioner further objects to this Request to the extent it does not describe with reasonable

14  particularity each document or category of materials requested as required by Federal Rule of Civil

15  Procedure 34(b).

16  **RPF NO. 23.** Any communications or correspondence that you sent to your lawyer and cc'd or

17  bcc'd any person other than your lawyer from October 1, 2024 to present.

18  **RESPONSE:**

19   Petitioner incorporates his General Objections, Objections to Definitions, and Objections

20  to Instructions in their entirety into this response. Petitioner specifically objects to this Request as

21  overbroad and unduly burdensome.

22   Petitioner objects to this Request in that it seeks documents, communications, or

23  information that are not relevant to any of the claims or defenses in this Action nor reasonably

24  calculated to lead to the discovery of admissible evidence.

25  Page | 27 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2
Page 27 of 30

1    Petitioner further objects to this Request to the extent that it seeks documents,

2  communications, or information that are exempt from discovery or protected by the attorney-client

3  privilege, the attorney work-product doctrine, the common interest privilege, confidentiality

4  agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or

5  immunity. Petitioner further objects to this Request as overbroad, unduly burdensome, and not

6  proportional to the needs of the case because it seeks "[a]ll communications or correspondence"

7  concerning the subject matter of the request without regard for whether those documents are

8  material or necessary to the prosecution or defense of this action or likely lead to the discovery of

9  admissible evidence.

10    Petitioner further objects to this Request to the extent it does not describe with reasonable

11  particularity each document or category of materials requested as required by Federal Rule of Civil

12  Procedure 34(b).

13  **RPF NO. 24.** All documents and communications with any financial planner, tax consultant,

14  wealth strategist, or any another person or entity, other than your lawyer, referring or relating to

15  financial planning, wealth strategies, tax planning, including but not limited to creating a trust or

16  corporate entity, or transferring funds from the United States to another country in the past 5 years.

17  **RESPONSE:**

18    Petitioner incorporates his General Objections, Objections to Definitions, and Objections

19  to Instructions in their entirety into this response. Petitioner specifically objects to this Request to

20  the extent that it seeks the production of proprietary, confidential, financial, personal, or regulatory

21  information of Petitioner or any other persons that are not Parties to the Action.

22    Petitioner further objects to this Request as overbroad and unduly burdensome.

23

24

25  Page | 28 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
    DOCUMENTS

EXHIBIT 2
Page 28 of 30

1    Petitioner objects to this Request in that it seeks documents, communications, or

2    information that are not relevant to any of the claims or defenses in this Action nor reasonably

3    calculated to lead to the discovery of admissible evidence.

4    Petitioner further objects to this Request to the extent that it seeks documents,

5    communications, or information that are exempt from discovery or protected by the attorney-client

6    privilege, the attorney work-product doctrine, the common interest privilege, confidentiality

7    agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or

8    immunity.

9    Petitioner further objects to this Request as overbroad, unduly burdensome, and not

10   proportional to the needs of the case because it seeks "[a]ll documents and communications"

11   concerning the subject matter of the request without regard for whether those documents are

12   material or necessary to the prosecution or defense of this action or likely lead to the discovery of

13   admissible evidence.

14

     Dated: December 17, 2024

15

16                                    Respectfully submitted,

17                                    /s/Roni Ordell
                                      RONI E. ORDELL, WSBA #42690
18                                    Whitaker Kent Ordell, PLLC
                                      1200 5th Avenue, Suite 2020
19                                    Seattle, WA 98101
                                      Telephone: (206) 382-0000
20                                    Fax: (206) 382-9109
                                      Email: r.ordell@wkolaw.com
21
                                      /s/Richard Min
22                                    Richard Min (*Pro Hac Vice*)
                                      Michael Banuchis *(Pro Hac Vice)*
23                                    Green Kaminer Min & Rockmore LLP
                                      420 Lexington Avenue, Suite 2821
24                                    New York, New York 10170
                                      Telephone: (212) 681-6400
25   Page | 29 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
     DOCUMENTS

EXHIBIT 2
Page 29 of 30

1

Fax: (212) 681-6999
rmin@gkmrlaw.com
mbanuchis@gkmrlaw.com

2

3

*Attorneys for Petitioner*
PRASANNA SANKARANARAYANAN

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page | 30 – PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2
Page 30 of 30

1          UNITED STATES DISTRICT COURT

2          WESTERN DISTRICT OF WASHINGTON

3   In re: the Application of:
    PRASANNA SANKARANARAYANAN, )
4                              )
             Petitioner,       )
5                              )Case No. 2:24-cv-01745-RAJ
       v.                      )
6                              )
    DHIVYA SASHIDHAR,          )
7                              )
             Respondent.       )
8                              )

9

10          VIDEOCONFERENCE DEPOSITION OF

11          PRASANNA SANKARANARAYANAN

12          Taken on Behalf of Respondent

13                  * * *

14      BE IT REMEMBERED THAT, pursuant to the Federal

15   Rules of Civil Procedure, the deposition of Prasanna

16   Sankaranarayanan was taken before Bailey K.

17   Fierling, a Certified Shorthand Reporter and

18   Certified Court Reporter, on Thursday,

19   December 19th, 2024, commencing at the hour of

20   9:00 a.m., the witness responding to questions from

21   Singapore; the questions being propounded and

22   proceedings reported remotely by videoconference

23   from Lake Oswego, Oregon.

24                  * * *

25

EXHIBIT 3
Page 1 of 6

```
 1                        APPEARANCES

 2

 3    Appearing via videoconference:

 4    WHITAKER KENT ORDELL, PLCC
            BY MR. RONI ORDELL
 5          1200 Fifth Ave
            Suite 2020
 6          Seattle, WA 98101
            206-382-0000
 7          r.ordell@wkolaw.com
            Attorney for Petitioner;
 8

 9    BUCKLEY LAW, PC
            BY MS. KATELYN SKINNER
10          5300 Meadows Rd
            Suite 200
11          Lake Oswego, OR 97035
            503-620-8900
12          kds@buckley-law.com
            Attorney for Respondent.
13
      Also Present:  Mr. Richard Min, Dhivya Sashidar,
14    Tony Gewald, Michael Banuchis, Hoon Shu Mei, Holly
      McHale
15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT 3
Page 2 of 6

1    can address with the judge whatever motion you're

2    going to make.

3              I've made -- I think I've made a clear

4    record where we understand what I believe to be

5    relevant on this line of questioning, so                    11:06:34

6    I'll -- I'll move on, but reserve that understanding

7    that then you'll be making a motion to limit my

8    questioning?

9              MR. ORDELL:  Yes.  That's correct.

10             MS. SKINNER:  Okay.                                11:06:48

11       Q.   BY MS. SKINNER:  What countries do you

12   hold passports to?

13       A.   Only India.

14       Q.   Did you recently get your Indian passport

15   renewed or reissued?                                        11:07:06

16       A.   Yes.

17       Q.   When was that?

18       A.   A few months ago, sometime this year.

19       Q.   Why did you do that?

20       A.   I believe I ran out of pages in the                11:07:22

21   passport book.

22       Q.   Not that it was expired?

23       A.   No.

24       Q.   What address is listed on your Indian

25   passport?                                                   11:07:38

EXHIBIT 3
Page 3 of 6

```
 1                    MR. ORDELL:  Objection.  Relevance.
 2        A.    In the beginning, I started with 40
 3   percent.
 4        Q.   BY MS. SKINNER:  And did that change?
 5        A.   Yeah.                                           12:08:29
 6                    MR. ORDELL:  Objection.  Relevance.
 7                    Again, I think we're going down the
 8   same path as earlier, Ms. Skinner.
 9                    MS. SKINNER:  Okay.  Different line
10   of questioning.                                          12:08:39
11        Q.   BY MS. SKINNER:  Answer my question,
12   please.  The change from 40 percent ownership to
13   something else?
14        A.   Yeah.  Over time, it changed.  I do not
15   want to discuss those things right now.                  12:08:49
16        Q.   Okay.  So was the ownership interest or
17   any -- any funds that you realized from Rippling
18   part of the tax implications that you considered
19   when thinking of moving from the US to another
20   country?                                                 12:09:08
21                    MR. ORDELL:  Okay.  So I'm going to
22   object.  We're still going down -- I mean, it's the
23   same objection we talked about earlier, in terms of
24   this line of questioning.  So, you know, at this
25   point, I'm going to instruct him not to answer, and     12:09:15
```

www.LNScourtreporting.com

EXHIBIT 3
Page 4 of 6

 1   we'll address this as part of the forthcoming

 2   motion.

 3                     (Instruction not to answer.)

 4                     MS. SKINNER:  What's the objection?

 5                     MR. ORDELL:  Well, it's not relevant.    12:09:24

 6   He's testified to the tax implications.

 7   What -- what else --

 8                     MS. SKINNER:  No, no, he hasn't

 9   test -- that was actually my literal question to

10   him, was the tax implications that he testified to,    12:09:37

11   was that connected to any ownership or funds that he

12   had in Rippling?

13                     MR. ORDELL:  Right.  But that's not

14   relevant.  He testified to the tax implications as a

15   result of his -- you know, part of the reason why    12:09:54

16   they chose to move to Singapore, this territorial

17   taxation.  He'd provided the answer to that

18   question, as it relates to the relevance for the

19   matters in this litigation, and this appears to be

20   some sort of backdoor --    12:10:08

21                     MS. SKINNER:  No.  Nope.  That was

22   one of the answers.  So I understand -- I want to

23   know if there are any other business reasons,

24   financial reasons, tax implications that had to do

25   with the move.    12:10:21

EXHIBIT 3
Page 5 of 6

EXHIBIT 3
Page 6 of 6

CERTIFICATE

I, Bailey K. Fierling, an Oregon Certified, a

Washington Certified Court Reporter, and a

Registered Skilled Reporter, hereby certify that

said witness appeared via videoconference at the

time and place set forth in the caption hereof; that

at said time and place, I reported in stenotype all

testimony adduced and other oral proceedings had in

the foregoing matter; that thereafter my notes were

reduced to typewriting under my direction; and the

foregoing transcript constitutes a full, true and

correct record of such testimony adduced and oral

proceedings had and of the whole thereof.

I further certify that review of the

transcript was requested.

Witness my hand at Portland, Oregon

respectively, this 23rd day of December, 2024.

Bailey K. Fierling
OR CSR No. 230125
Expires: 12/31/26
WA CCR No. 22021000
Expires: 8/10/25

Pro Hac Vice Admitted
Out-of-State Counsel
Katelyn D. Skinner, OSB No. 105055
Katrina Seipel, OSB No. 164793
Buckley Law, P.C.
5300 Meadows Road, Suite 200
Lake Oswego, OR  97035
Telephone:  503-620-8900
Fax:  503-620-4878
Emails:  kds@buckley-law.com
            kas@buckley-law.com
Attorneys for Respondent Dhivya Sashidhar

Local Counsel:
Sherri Anderson, WSB No. 20881
Law Offices of Sherri M. Anderson, Inc., P.S.
9 Lake Bellevue Dr., Ste. 218
Bellevue, WA  98005
Telephone: 425-491-4847
Fax: 434-220-6067
Email: sherria@smalaw.biz

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

Seattle Division

In re: the Application of:

PRASANNA SANKARANARAYANAN,

Petitioner,

v.

DHIVYA SASHIDHAR,

Respondent.

Case No.: 2:24-cv-01745-RAJ

**NOTICE OF DEPOSITION OF PETITIONER**

The Convention on the Civil Aspects of International Child Abduction
Done at the Hague on 25 Oct 1980
International Child Abduction Remedies Act, 22 USC § 9001 *et seq.*

EXHIBIT 4
Page 1 of 2

To:     Respondent Prasanna Sankaranarayanan
        c/o Richard Min
        420 Lexington Ave., Ste. 2821
        New York, NY  10170
        Email: rmin@gkmrlaw.com

PLEASE TAKE NOTICE that in accordance with Rule 30 of the Federal Rules of

Civil Procedure and Local Rule 30, the Respondent, Dhivya Sashidhar, intends to take the

oral deposition of the Petitioner, Prasanna Sankaranarayanan, via remote means on

December 30, 2024 at 2:00 p.m. (Pacific Time) before a Certified Court Reporter authorized

to administer oaths and record the taking of such testimony.  The deposition will continue

from day to day until it is completed. You are invited to attend and cross-examine.

DATED: December 27, 2024

_____
Katrina Seipel, OSB #164793
Of Attorneys for Respondent


CERTIFICATE OF SERVICE

I certify that this document was served by by e-mail upon counsel for Petitioner,

Richard Min, to rmin@gkmrlaw.com, and Michael Banuchis, to mbanuchis@gkmrlaw.com,

on this 27th day of December, 2024.


_____
Katrina Seipel, OSB # 164793
Of Attorneys for Respondent
kas@buckley-law.com


Page 2 – NOTICE OF DEPOSITION OF PETITIONER

EXHIBIT 4
Page 2 of 2

1              UNITED STATES DISTRICT COURT

2            WESTERN DISTRICT OF WASHINGTON

3   In re: the Application of:
    PRASANNA SANKARANARAYANAN, )
4                              )Case No. 2:24-cv-01745-RAJ
                Petitioner, )
5                              )
        v.                     )
6                              )
    DHIVYA SASHIDHAR,          )
7                              )
                Respondent. )
8

9

10            STATEMENT ON THE RECORD

11                   * * *

12

13       BE IT REMEMBERED THAT the statement on the

14   record was taken before Bailey K. Fierling, an

15   Oregon Certified, a Washington Certified Court

16   Reporter, and a Registered Skilled Reporter, on

17   Monday, December 30th, 2024, commencing at the hour

18   of 2:29 p.m.; from Lake Oswego, Oregon.

19                   * * *

20

21

22

23

24            www.LNScourtreporting.com

25

**www.LNScourtreporting.com**

EXHIBIT 5
Page 1 of 5

```
 1                      APPEARANCES

 2


 3    Appearing via videoconference:

 4    BUCKLEY LAW, PC
            BY MS. KATELYN D. SKINNER
 5          5300 Meadows Rd
            Suite 200
 6          Lake Oswego, OR 97035
            503-620-8900
 7          kds@buckley-law.com
            Attorney for Respondent.
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23
                    www.LNScourtreporting.com
24

25
```

EXHIBIT 5
Page 2 of 5

```
 1                P R O C E E D I N G S

 2

 3                MS. SKINNER:   This is Katelyn

 4   Skinner, a attorney for Respondent, in the United

 5   States District Court, Western District of

 6   Washington in Seattle, case number 24CV1745.  We

 7   appeared today on behalf of Respondent, Respondent's

 8   counsel, for the dully noticed deposition of

 9   Petitioner, set for December 30th at 2:00 p.m.

10   Pacific Standard Time.

11                Petitioner and Petitioner's counsel

12   are not present and have not been present, despite

13   receiving the notice and remote testimony link to

14   appear to today's deposition.  So we will be

15   concluding the deposition here at 2:29, soon to be

16   2:30 p.m., for Petitioner's failure to appear for

17   his duly scheduled deposition.

18                (STATEMENT ON THE RECORD CONCLUDED AT

19   2:30 PM)

20                * * *

21                (NOTE:  Untranscribed steno notes

22   archived ten years on computer; transcribed English

23   files archived five years on computer.)

24                * * * www.LNScourtreporting.com

25
```

EXHIBIT 5
Page 3 of 5

TRANSCRIPT OF PROCEEDINGS, 12/30/2024                                    Page 4

1                    CERTIFICATE

2        I, Bailey K. Fierling, an Oregon Certified, a

3   Washington Certified Court Reporter, and a

4   Registered Skilled Reporter, hereby certify that

5   counsel appeared before me via videoconference at

6   the time and place set forth in the caption hereof;

7   that at said time and place I reported in Stenotype

8   all oral proceedings had in the foregoing matter;

9   that thereafter my notes were reduced to typewriting

10  under my direction; and that the foregoing pages

11  constitutes a full, true and accurate record of all

12  such oral proceedings had and of the whole thereof.

13       Witness my hand at Vancouver, WA, this 30th day

14  of December, 2024.

15

16

17

18

19

20

21

22

23                          Bailey K. Fierling
                            OR CSR No. 230125
24      www.LNScourtreporting.com    Expires: 12/31/26
                            WA CCR No. 2202000
25                          Expires: 8/10/25

EXHIBIT 5
Page 4 of 5

TRANSCRIPT OF PROCEEDINGS, 12/30/2024Index: 24CV1745..years

**2**

**24CV1745** 3:6
**2:00** 3:9
**2:29** 3:15
**2:30** 3:16,19

**3**

**30th** 3:9

**A**

**appeared** 3:7
**archived** 3:22, 23
**attorney** 3:4

**B**

**behalf** 3:7

**C**

**case** 3:6
**computer** 3:22, 23
**CONCLUDED** 3:18
**concluding** 3:15
**counsel** 3:8,11
**Court** 3:5

**D**

**December** 3:9
**deposition** 3:8, 14,15,17
**District** 3:5
**dully** 3:8
**duly** 3:17

**E**

**English** 3:22

**F**

**failure** 3:16
**files** 3:23

**K**

**Katelyn** 3:3

**L**

**link** 3:13

**N**

**NOTE** 3:21
**notes** 3:21
**notice** 3:13
**noticed** 3:8
**number** 3:6

**P**

**p.m.** 3:9,16
**Pacific** 3:10
**Petitioner** 3:9, 11
**Petitioner's** 3:11,16
**PM** 3:19
**present** 3:12

**R**

**receiving** 3:13
**RECORD** 3:18
**remote** 3:13
**Respondent** 3:4,7
**Respondent's** 3:7

**S**

**scheduled** 3:17
**Seattle** 3:6
**set** 3:9

**Skinner** 3:3,4
**Standard** 3:10
**STATEMENT** 3:18
**States** 3:5
**steno** 3:21

**T**

**ten** 3:22
**testimony** 3:13
**Time** 3:10
**today** 3:7
**today's** 3:14
**transcribed** 3:22

**U**

**United** 3:4
**Untranscribed** 3:21

**W**

**Washington** 3:6
**Western** 3:5

**Y**

**years** 3:22,23

To:    Respondent Prasanna Sankaranarayanan
       c/o Richard Min
       420 Lexington Ave., Ste. 2821
       New York, NY  10170
       Email: rmin@gkmrlaw.com

PLEASE TAKE NOTICE that in accordance with Rule 30 of the Federal Rules of
Civil Procedure and Local Rule 30, the Respondent, Dhivya Sashidhar, intends to take the
oral deposition of the Petitioner, Prasanna Sankaranarayanan, via remote means on
December 30, 2024 at 2:00 p.m. (Pacific Time) before a Certified Court Reporter authorized
to administer oaths and record the taking of such testimony.  The deposition will continue
from day to day until it is completed. You are invited to attend and cross-examine.

DATED: December 27, 2024

_____
Katrina Seipel, OSB #164793
Of Attorneys for Respondent

<u>CERTIFICATE OF SERVICE</u>

I certify that this document was served by by e-mail upon counsel for Petitioner,
Richard Min, to rmin@gkmrlaw.com, and Michael Banuchis, to mbanuchis@gkmrlaw.com,
on this 27th day of December, 2024.

_____
Katrina Seipel, OSB # 164793
Of Attorneys for Respondent
kas@buckley-law.com

Page 2 – NOTICE OF DEPOSITION OF PETITIONER

EXHIBIT 4
Page 2 of 2