The Honorable Judge Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | | |
|---|---|---|
| PRASANNA SANKARANARAYANAN, | ) | |
| | ) | No. 24-cv-1745 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | PETITIONER'S RESPONSE TO |
| | ) | RESPONDENT'S MOTION TO COMPEL |
| DHIVYA SASHIDHAR, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Prasanna Sankaranarayanan ("Petitioner"), by and through undersigned counsel, hereby submits the following Response to Respondent's Motion to Compel. [ECF No. 35].

## I.   RELEVANT FACTS

On October 14, 20204, Respondent removed A.S. from Singapore and brought him to Washington State. The parties are litigating in this Court, Respondent filed for divorce and custody in Washington State, Petitioner filed for divorce in India, and there are custody proceedings pending in Singapore.

On December 6, 2024, Respondent served a Request for Production (the "RFP") on Petitioner. On December 17, 2024, Petitioner served a Response and Objections (the "Response") on Respondent.

On December 30, 2024, on the eve of trial, Respondent filed a motion to compel. [ECF No. 35]. The next day, the Court issued an order granting her motion and limiting some of the Requests for Production ("RFPs") at issue. [ECF No. 36]. On January 1, 2025, Petitioner emailed the Court advising that he intended to file the instant opposition. Petitioner asks that the Court review this submission and amend its order.

RFP 7 requested "All of your Singapore, United States, and India banking, investment, and/or trust records from the past two years."

RFP 10 requested "All documents or communications to or from third parties, including mutual or individual friends with knowledge of the situation as it relates to this matter, advocating for the position of either party."

RFP NO. 22 requested, "All communications or correspondence to or from your lawyer that was forwarded to any other person, other than your lawyer from October 1, 2024 to present."

RFP NO. 23 requested, "Any communications or correspondence that you sent to your lawyer and cc'd or bcc'd any person other than your lawyer from October 1, 2024 to present."

After Respondent abducted A.S., Petitioner started a group WhatsApp chat with his Hague lawyers, Washington lawyers, Singapore lawyers, and Indian lawyers. Petitioner's brother, who was helping him navigate the various issues caused by the abduction and breakdown of the parties' marriage, was included in the group chat for a period of time. Petitioner never intended to breach attorney-client privilege, as Petitioner's brother was acting in his interests, and these communications should not be disclosed to Respondent.

Further, Petitioner seeks clarification from the Court as to RFP Nos. 22 and 23, as "your lawyer" could conceivably apply to any of Petitioner's lawyers in the various pending actions in Washington, Singapore, India, and before this Court. Petitioner seeks to limit the communications required to be produced to those involving counsel in this proceeding and not those between

Petitioner and his other attorneys, which would not be relevant to these proceedings and should be outside the scope of any disclosure.

With respect to the deposition of Petitioner, it was noted in the meet and confer that the proposed time for his deposition on December 30, 2024 may not be suitable. That was confirmed by email on December 29, 2024 at 7:54am to Respondent's counsel, which went ignored until a follow up email was sent on December 30, 2024 at 8:38am, to which a response was received finally at 11:08am.

For all other depositions, including that of Respondent, Respondent's mother and Dr. Poppleton, counsel discussed and mutually agreed upon times that worked for the deponents regardless of the days and times noted on the notices. That Respondent was unwilling to even engage in discussions regarding the timing of Petitioner's deposition was the sole reason it did not go forward as noticed. Petitioner had suggested he could be available on December 31, 2024 at a mutually agreeable time. Respondent could easily have avoided part of their motion practice by simply engaging in the same discussions that had resulted in the scheduling of all prior depositions in this matter.

## II.    ARGUMENT

### A.    RFP 7

Petitioner produced documents responsive to this Request on December 29, 2024 after the parties' meet and confer on December 27, 2024. A catalogue of the documents produced is attached at Exhibit A. There is no reasonable, good faith reason for Respondent to seek an in-depth accounting of trust accounts and Respondent is engaging in a fishing expedition. For context, Respondent filed a divorce case in Washington State court prior to abducting A.S.

Habitual residence is the only relevant issue to which financial information could potentially be tangentially related to. This inquiry revolves around the child, not the parents. To that point, the

Supreme Court described some of the considerations in assessing habitual residence in *Monasky v. Taglieri*, 589 U.S. 68 (2020).

These include "a change in geography combined with the passage of an appreciable period of time," "age of the child," "immigration status of child and parent," "academic activities," "social engagements," "participation in sports programs and excursions," "meaningful connections with the people and places in the child's new country," "language proficiency," and "location of personal belongings." *Id*. at 78.

Petitioner's financial assets should not be a relevant part of the inquiry. To the extent that any financial information is relevant, that would be the location of bank accounts if the child was an infant and incapable of acclimatizing. *Id*. at 88. A.S. is not an infant, which should all but eliminate the relevance of Petitioner's financial assets. Notwithstanding, Petitioner did turn over a substantial amount of financial information, including all of his bank statements and all of his investment accounts.

Respondent seeks "trust records" which are not relevant to this proceeding and is information that Respondent should not be entitled to. Respondent did not cite to any authority that contents of a trust accounts are relevant factor to a Hague case. To the extent its relevant, the location of the trusts – like the location of bank accounts – is the only relevant information and any information produced should be limited to the location of the trust.[1] RFP NO. 7 seeks "All of your Singapore, United States, and India banking, investment, and/or trust records from the past two years."

Petitioner does not and has not owned any trust accounts in the United States, Singapore, or India over the past two years. He is aware of one current trust account settled by his brother in the

---

[1] To this end, in the meet and confer held on December 27, 2024, Respondent's counsel clearly indicated that they were only concerned with the location of any trust accounts, not the manner in which they were created.

United States which he testified about in his deposition and is not relevant to these proceedings. As such, Petitioner has no relevant documents that are responsive to RFP NO. 7 and objects to any questioning or requests for production related to any non-relevant trust accounts beyond the location of any trust accounts he has knowledge of.

B. <u>Petitioner Should Not Be Required to Produce Privileged Communications</u>

This Court has considerable discretion over discovery, particularly so in a Hague Convention case as "Specifically, neither the Convention nor ICARA, nor any other law of which we are aware including the Due Process Clause of the Fifth Amendment, requires 'that discovery be allowed or that an evidentiary hearing be conducted' as a matter of right in cases arising under the Convention." *West v. Dobrev*, 735 F.3d 921, 929 (10th Cir. 2013) (quoting *March v. Levine*, 249 F.3d 462, 474 (6th Cir. 2001).

Given the Court's wide latitude over this issue, it should not prejudice Petitioner by forcing him to disclose substantial communications with his attorneys because his brother, who did not participate in said communications, was a member of a group chat with Petitioner's legal team.

Petitioner further notes that he will provide a declaration regarding the lack of any other communications as ordered by the Court in response to RFP NO. 10.

i. <u>Petitioner's Brother is the Equivalent of an Agent</u>

The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The attorney-client privilege may extend to communications with third parties with third parties "acting as agent" of the client. *United States v. Landof*, 591 F.2d 36, 39 (9th Cir. 1978).

Here, Petitioner's brother was acting in the equivalent capacity of an agent. This proceeding involves a family dispute and is extremely emotionally charged for the litigants. Petitioner having

his brother to potentially aid in strategy and being on a text message chain with counsel should not warrant a waiver of attorney-client privilege.

          ii.      The Common Interest Protection applies

The "common interest" protection, is an exception to the rule that disclosure of an attorney-client communication to a third party destroys the confidentiality and thereby waives the privilege. *Nidec*, 249 F.R.D. at 578. The Ninth Circuit has recognized that the purpose of this privilege is to allow persons with a common interest to "communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims." *United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012) (quoting *In re Grand Jury Subpoena*, 902 F.2d 244, 249 (4th Cir. 1990)). However, this is not "a separate privilege." *Pac. Pictures*, 679 F.3d at 1129. Instead, it is an extension of the attorney-client privilege, *Gonzalez*, 669 F.3d at 978, that saves an otherwise waived privileged communication only where the communication is shared with the third party to further a matter of common legal interest, and the privilege itself has not otherwise been waived by the party who made the communication. *Nidec*, 249 F.R.D. at 578-80. The common interest exception "applies where (1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the , privilege has not been waived." *United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003).

Here, Petitioner and his brother share a common interest in returning their family member A.S. to his habitual residence. Petitioner and his immediate family member being involved in communications with counsel was due to a shared interest. Therefore, having Petitioner's brother on the group chats did not waive privilege. Further, Petitioner's brother has a potential legal interest in the trust assets Respondent seeks disclosure on. This further puts him in common interest with Petitioner.

        iii.     The Court Should Review the Communications *In Camera*

Rather than turn over the communications in question to Respondent, if the Court is inclined to do so, Petitioner requests that the communications be provided for *in camera* review, and the court can then order production as it deems appropriate. *See Fields v. QSP, Inc.*, No. CV105772CASPJWX, 2011 WL 13217493, at *3 (C.D. Cal. Aug. 2, 2011) (court reviews communications that plaintiff shared with brothers *in camera* to determine scope of waiver).

        iv.     Petitioner Seeks Clarification as to What Must be Produced

Petitioner seeks clarification from the Court as to the scope of the responses to RFP Nos. 22 and 23, as "your lawyer" was not defined in the RFP and could conceivably apply to any of Petitioner's lawyers in the various pending actions in Washington, Singapore, India, and before this Court. Petitioner seeks to limit any disclosure to those communications as it relates to those between Petitioner and his lawyers in this proceeding and not those between Petitioner and his attorneys in the Indian, Washington, or Singapore cases.

### III. CONCLUSION AND RELIEF SOUGHT

Petitioner respectfully requests that its order of 12/31/24 [ECF No. 40] be amended as described herein.

Date:    January 1, 2025

                                            Respectfully submitted,

                                            /s/Roni Ordell
                                            RONI E. ORDELL, WSBA #42690
                                            Whitaker Kent Ordell, PLLC
                                            1200 5th Avenue, Suite 2020
                                            Seattle, WA 98101
                                            Telephone: (206) 382-0000
                                            Fax: (206) 382-9109
                                            Email: r.ordell@wkolaw.com

                                            /s/Richard Min
                                            Richard Min (*Pro Hac Vice*)
                                            Green Kaminer Min & Rockmore LLP

420 Lexington Avenue, Suite 2821
New York, New York 10170
Telephone: (212) 681-6400
Fax: (212) 681-6999
rmin@gkmrlaw.com

*Attorneys for Petitioner*
PRASANNA SANKARANARAYANAN