HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRASANNA SANKARANARAYANAN,

    Petitioner,

vs.

DHIVYA SASHIDHAR,

    Respondent.

Case No. 24-cv-01745-RAJ

ORDER

## I. INTRODUCTION

THIS MATTER is before the Court on Respondent's Motion in Limine to Exclude Testimony and Report of Petitioner's Expert, Dr. Peter Favaro ("Motion to Exclude" or "Respondent's Motion"). Dkt. # 29. Petitioner opposes the Motion to Exclude. Dkt. # 32. The Court has considered the parties' briefing, the applicable law, and the balance of the record. For the reasons below, the Court GRANTS in part and denies in part Respondent's Motion.

ORDER – 1

## II. BACKGROUND

On October 25, 2024, Petitioner Prasana Sankaranarayanan, initiated this action, by filing a Petition for Return of Child to the State of Habitual Residence. Dkt. # 1. On November 1, 2024, Respondent, Dhivya Sashidhar, was served with summons and complaint in Redmond, Washington. Dkt. # 8. Petitioner alleges that Ms. Sashidhar unlawfully removed the parties' minor son, S.A. ("the child" or "S.A."), from Singapore to the United States on October 14, 2024. Dkt. # 1 ¶¶ 1, 23.

Hague Convention cases are generally expedited in nature—with six weeks recommended for resolution. *See* Hague Convention, arts. 2, 11; s*ee also Chafin v. Chafin*, 568 U.S. 165, 179–80 (2013) (urging district courts to expedite Hague cases). The Court held a telephone conference with the parties on November 22, 2024, where it set an evidentiary hearing in this matter for January 6, 2025. Dkt. # 19.

Following the conference, the Court signed a scheduling order, containing language and dates proposed by the parties, which set deadlines for filings and disclosures before the hearing. Dkt. # 25. The parties dispute whether the deadlines applied to both parties, which the Court discusses in more detail in Section IV.B.1 *infra*. On December 27, 2024, Respondent filed a Motion to Exclude, asking the Court to exclude Petitioner's expert witness, Dr. Favaro. Dkt. # 29. Respondent argues that Petitioner failed to comply with the scheduling order in violation of Fed. R. Civ. P. 26(a)(2)(B) and 37(c)(1). Respondent asserts Petitioner untimely disclosed an affirmative expert witness after the deadlines for disclosure and reports had passed. *See id*.

ORDER – 2

### III. LEGAL STANDARD

Rule 26(a)(2)(B) requires the parties to disclose the identity of each expert witness accompanied by a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). Rule 37 "gives teeth" to Rule 26's disclosure requirements. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See also Karpenski v. Am. Gen. Life Ins. Cos.*, LLC, 999 F. Supp. 2d 1235, 1241 (W.D. Wash. 2014) (citing *Yeti*, 259 F.3d at 1106) ("District courts have wide latitude to impose discovery sanctions pursuant to Rule 37(c)(1)."). Litigants can escape the "harshness" of exclusion only if they prove that the discovery violations were substantially justified or harmless. *Yeti by Molly Ltd.*, 259 F.3d at 1106 (citing Fed. R. Civ. P. 37(c)(1)).

### IV. DISCUSSION

**A.   The Parties' Arguments**

**1.   Respondent's Position**

Respondent's Motion asks the Court to exclude the testimony and report of one of Petitioner's experts, Dr. Peter Favaro. Dkt. # 29. According to Respondent, on December 10, 2024, Respondent's counsel received an email from Petitioner's counsel, indicating that Petitioner had retained expert witness Dr. Favaro, to serve as a rebuttal expert. *See id.* at 2. Dr. Favaro was not disclosed as an expert witness or a witness in Petitioner's initial disclosures. *See id.* Respondent then brought the child to meet with Dr. Favaro on three consecutive days so that he could conduct an evaluation. *See id.*

Respondent asserts that Dr. Favaro is an affirmative expert, despite Petitioner's contention that Dr. Favaro is merely a rebuttal expert. *See id.* at 2–3. Respondent asserts that Dr. Favaro "was clearly retained . . . to provide an initial expert opinion[]" because: 1) the report's title does not indicate is a rebuttal report; 2) the substance of the report

ORDER – 3

contains definitive conclusions; and 3) the opinions and conclusions in the report exceed rebutting Respondent's expert reports. *See id*. Notably, according to Respondent, Dr. Favaro's report concludes that Respondent "exerts undue influence on the child and may even be maltreating the child." *Id*. at 3.

Respondent asserts that Petitioner's disclosure of the report on December 23, 2024 was untimely and has caused undue prejudice to Respondent. Dkt. # 29 at 4. First, Respondent is left with no time to retain a rebuttal expert for Dr. Favaro's opinions and conclusions. *See id*. at 3. Second, due to the timing of the report's disclosure, Respondent could not depose Dr. Favaro prior to the Court's deposition deadline. *See id*.

### 2. Petitioner's Position

Petitioner's Opposition states that Petitioner complied with the Court's scheduling order because the dates and language in the order indicate they were dates for Respondent to disclose experts and serve expert reports. Dkt. # 32 at 2. Petitioner opposes exclusion, arguing that the dates in the scheduling order do not set dates for Petitioner's affirmative or rebuttal experts, thus Petitioner did not miss any deadline. Dkt. # 32. Further, Petitioner asserts that Dr. Favaro is only a rebuttal expert witness, a child forensic psychologist, retained to address Respondent's grave risk and mature child affirmative defenses. *See id*. at 3. Petitioner maintains that Dr. Favaro's report was properly disclosed on December 23, 2024. *See id* at 2.

### B. Analysis

#### 1. The Scheduling Order

A threshold question that the Court must address is whether the Court's deadline for experts applied to both parties. Here, the parties interpret the scheduling order differently. The body of the scheduling order required "Respondent" to serve expert disclosures by December 2, 2024. Dkt. # 25. The scheduling order also required "Respondent" to serve initial expert reports by December 9, 2024. *Id*. The text of the scheduling order is silent

ORDER – 4

as to the timing for Petitioner's disclosures for affirmative expert witnesses, and it only indicates that the parties were to serve rebuttal expert reports by December 20, 2024.[1] *See generally id*. The minute entry text reads:

> The Court sets forth a schedule and modifies the Proposed Scheduling order as described herein. Expert Disclosures to be served no later than 12/2/2024, Initial Disclosure to be served by 12/5/2024, Expert Reports under FRCP 26(a)(2) due by 12/9/2024, Rebuttal Expert Reports due by 12/20/2024, Motions in Limine due by 12/20/2024, Pretrial Briefs due by 12/27/2024, Proposed Exhibits, Exhibit List and Witness list due by 12/30/2024, Evidentiary Hearing set for 1/6/2025 at 9:00 AM. Signed by Judge Richard A. Jones.

*See id*. The scheduling order and the accompanying minute entry are both silent as to rebuttal expert disclosure.

Petitioner's attempt to distinguish the text of the scheduling order from the minute entry accompanying the order signals gamesmanship that the Court will not tolerate. The minute entry is part and parcel of the Court's order. To the extent Petitioner believed these to be conflicting or unclear, Petitioner could have sought clarity instead of trying to use the discrepancy to a tactical advantage. The text of the order on the docket entry is abundantly clear that these deadlines applied to both parties.

Petitioner's contention about the need for experts arising after December 2, 2024 is similarly disingenuous. In the Opposition, Petitioner claims: "Petitioner did not even know if he needed experts on December 2, 2024 before Respondent disclosed that she would in fact be utilizing an expert." Dkt. # 36 at 2. First, Petitioner's counsel repeatedly discussed experts during the November telephone conference. *See e.g.,* Dkt. # 24 at 5:9–12; 6:18–23; 7:5–13,7:24–25, 8:8–11, 15:5–14, 17:8–16. Second, during the telephone conference, Respondent's counsel clearly indicated that Respondent had retained an expert witness and stated: "I would have no problem disclosing our expert's name at this point, but we do have at least one lined up." *Id*. at 13:3–5.

---

[1] On agreement by the parties and approval of the Court, the date for rebuttal reports was later changed to December 24, 2024. *See* Dkt. # 28. However, the Court will refer to the original scheduling order because that is the order at issue here.

ORDER – 5

The Court's concludes that the deadline for expert disclosure applied to both parties with equal force. Petitioner knew of Respondent's expert well before the disclosure date during the telephone conference. The Court considers the disclosure for affirmative and rebuttal experts below.

### 1. Affirmative Expert Testimony

Although Petitioner claims that all of the testimony is merely rebuttal testimony, the Court is not completely persuaded that is correct. The 20-page expert report is extensive and appears to offer opinions and conclusions beyond those that would be relevant to rebutting the affirmative defenses. *See generally* Dkt. # 36-1. For example, Dr. Favaro's opinion that that Respondent's "parental gatekeeping" amounts to maltreatment of the child does not address the grave risk or mature child affirmative defenses. *See id*. at 17. Accordingly, the Court concludes the scope of the Dr. Favaro's report exceeds rebuttal testimony. Therefore, Petitioner untimely disclosed Dr. Favaro as an affirmative expert witness.

### 2. Rebuttal Expert Testimony

As the scheduling order did not set forth deadlines for disclosing rebuttal experts, the Court considers the timeframes ordinarily imposed under the Federal Rules of Civil Procedure. A rebuttal expert may be disclosed within 30 days after the other party's expert disclosure "if the evidence is intended ***solely*** to contradict or rebut evidence on the same subject matter identified by another party." Fed R. Civ. P. 26(a)(2)(D)(ii) (emphasis added). This is not very instructive in this matter given the extremely tight deadlines in expedited Hague Petition cases. Given the silence in the scheduling order and the inappropriateness of using the Federal Rules to supply the rebuttal expert deadline, the Court must look to other authority to resolve this issue.

Persuasive authority from this District and elsewhere advises that the party with the burden of proof on an issue, here the party asserting an affirmative defense, should disclose

ORDER – 6

its expert testimony before the other party is required to disclose an expert to rebut that opinion testimony. *See, e.g., Leeper v. City of Tacoma*, No. 20-cv-5467, 2024 WL 5108476, at *2 (W.D. Wash. Dec. 13, 2024); *U.S. Bank, N.A. v. Glogowski L. Firm, PLLC*, 339 F.R.D. 579, 580 (W.D. Wash. 2021); *Theoharis v. Rongen*, No. 13-cv-1345, 2014 WL 3563386, at *4 (W.D. Wash. July 18, 2014) (declining to adopt the rule that expert testimony on an anticipated portion of an opposing party's case cannot be rebuttal expert testimony"); *see also* Advisory Comm. Notes to 1993 Amendments to Fed. R. Civ. P. 26.

With this authority in mind and given the silence of the scheduling order, it appears that Petitioner's disclosure of Dr. Favaro on December 10, 2024, shortly after Respondent served affirmative expert reports is appropriate. Accordingly, the Court finds that Petitioner timely disclosed Dr. Favaro as a rebuttal expert.

### 3. Sanctions

As discussed in Section III *supra*, Rule 37(c)(1) is an "automatic" sanction that prohibits the use of improperly disclosed evidence. *Yeti by Molly*, 259 F.3d 1101, 1106 (9th Cir. 2001). Litigants can escape exclusion only if they prove that the discovery violations were substantially justified or harmless. *Id*. (citing Fed. R. Civ. P. 37(c)(1)). "The automatic nature of the rule's application does not mean that a district court must exclude evidence that runs afoul of Rule 26(a) or (e)—Rule 37(c)(1) authorizes appropriate sanctions '[i]n addition to or instead of [exclusion].'" *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (quoting Fed. R. Civ. P. 37(c)(1)). "Rather, the rule is automatic in the sense that a district court may properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless." *Id*.

Petitioner has failed to demonstrate that disclosure for any affirmative testimony was substantially justified or harmless. To the extent Dr. Favaro's opinions exceed the scope of Respondent's affirmative defenses, the late disclosure is harmful to Respondent's

ORDER – 7

ability to prepare for the evidentiary hearing. The Court will not infer that the violation is harmless from Respondent not deposing one expert to be definitive that Respondent would not have deposed Dr. Favaro if properly disclosed as an affirmative expert witness. Similarly, in light of the lengthy discussions about experts during the telephone conference, Petitioner cannot reasonably maintain that the knowledge about experts did not arise until December 2, 2024. *See* Dkt. # 36 at 2. Therefore, the Court concludes that sanctions are warranted because Petitioner has not shown that the discovery violation was substantially justified or harmless.

The Court observes that Dr. Favaro's testimony is important to resolving this matter on the merits, but the Court still finds that sanctions are warranted in this matter. Accordingly, the Court will limit Dr. Favaro's testimony and opinions in the report **solely** to rebuttal opinions. "[A] rebuttal expert cannot offer evidence that does not contradict or rebut another expert's disclosure merely because [the expert] also has also offered some proper rebuttal [evidence]." *Theoharis*, 2014 WL 3563386, at *3.

In accordance with this decision, the Court directs Petitioner to articulate what Petitioner believes is true rebuttal testimony. Petitioner will provide this statement to Respondent by no later than January 4, 2024 at 12:00 pm (PST).

ORDER – 8

## V.   CONCLUSION

For the reasons stated above, the Court GRANTS in part and denies in part Respondent's Motion to Exclude. Dkt. # 29. The Court excludes any of Dr. Favaro's testimony or portions of the report from that exceed the scope of rebuttal testimony for Respondent's affirmative defense. **The Court directs Petitioner to provide Respondent an articulation of Dr. Favaro's rebuttal testimony by January 4, 2025 at 12:00 pm (PST).** The Court will address Petitioner's objections to proposed exhibits in a forthcoming order.

Dated this 3rd day of January, 2025.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 9