HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRASANNA SANKARANARAYANAN,<br><br>Petitioner,<br><br>vs.<br><br>DHIVYA SASHIDHAR<br><br>Respondent. | Case No. 3:24-cv-04471-EMC |

DECLARATION OF GEETA LUTHRA

1. I, Geeta Luthra, am over the age of eighteen years and of sound mind to execute my declaration.

2. I am a designated Senior Advocate who was admitted the bar in 1980 under the Bar Council Rules. I am authorized to practice in all Courts within the territory of India including the Supreme Court and all the High Courts. I have practised law for 44 years since first being admitted to the Bar Council of India in 1980. I was designated as a Senior Advocate in May 2009.

3. I hold a Bachelor of Laws degree from the University of Delhi, a Master of Laws degree, and a Master of Philosophy degree in International Relation from the University of Cambridge, United Kingdom as an INLAKS scholar. I am a Fellow of the International Academy of Family Lawyers, the Vice-President of the Indian Council of Arbitration (Federation of Indian Chambers of Commerce i.e., FICCI), a member of the Supreme Court Bar Association and a member of the Bar Council of India. I have represented clients at all levels of the Indian Courts, represented in various landmark international family law judgments in India and provided expert testimony to foreign courts on Indian law in several cases. I am a fellow of the International Academy of Family Lawyers. **Exhibit - A**

4. The laws prevalent in India puts a statutory obligation on me to maintain the confidentiality of any information which is acquired in the course of the legal practitioner's professional work in accordance with law set out below.

5. Privileged communication (communication between lawyer's and their client including their agents and representatives) has been

protected under sections 132 of the Bhartiya Sakshya Adhiniyam ('the Act'), as well as under the Advocates Act, 1961 ('Advocates Act') and the Bar Council of India Rules ('BCI Rules'). Section 132 of the Act states that no barrister, attorney, pleader, or vakil shall at any time be permitted to disclose any communication. A communication by a client to his lawyer is required to be kept confidential. Section 132 extends the applicability to the interpreters, clerks, and servants of the lawful counsel. Thus, communication contained in a letter (or, email) not addressed to the advocate but to his clerk, would be protected under the privilege. Thus, while sections 132 and 133 provide protection to the lawyer and his servants, clerks etc., section 134 provides protection to the client (or any witness) regarding disclosure of confidential information. **Exhibit – B**.

6. Furthermore, the BCI Rules (Part VI, Chapter II, Section II, Rule 17) stipulate that an advocate shall not breach its obligations imposed under section 132 of the Act (erstwhile Section 126 of the Indian Evidence Act, 1872 which has been renamed as Section 132 of the Bhartiya Sakshya Adhiniyam verbatim) . Further, Rule 17 states that an advocate should not take any unfair advantage of his client's confidence imposed on him. **Exhibit – C**

7. The privilege protects all communications i.e., oral as well as documentary communications that take place between the lawyer and the client during the engagement of the lawyer (Larsen & Toubro Limited v Prime Displays Pvt. Ltd. 2002 SCC OnLine Bom 267). It

is relevant to refer to Satish Kumar Sharma v Bar Council of Himachal Pradesh (2001) 2 SCC 365, wherein the Supreme Court of India ruled that the real test to decide about the advocate is to see whether that person is engaged to act or plead on the client's behalf in a court of law, whereas I have appeared for the Petitioner in India. **Exhibit – D** and **Exhibit – E**

8. The inclusion of the Petitioner's brother i.e., Vidya Sagar, acting as an agent or representative of the Petitioner, in any communication with legal counsel does not waive the confidentiality or privilege attached to such communication under Indian law. The privileged nature of these communications is preserved in accordance with Sections 132, 133, and 134 of the Bhartiya Sakshya Adhiniyam, the Advocates Act, 1961, and the Bar Council of India Rules, even if the Petitioner's brother i.e., Vidya Sagar is considered as a third party there has been no waiver of confidentiality.

9. Accordingly, the WhatsApp chat/ or any other communication which the Petitioner started with his Indian lawyers, Washington lawyers, Singapore lawyers and Hague lawyers which the Petitioner's brother i.e., Vidya Sagar (as an agent/representative of the Petitioner) was included in for a period of time, is privileged under Indian law due to legal professional privilege and bear the quality of confidentiality. As such, they ought to remain confidential and not be disclosed. Any disclosure in the would be contrary to the principles of privilege as defined and enshrined under the Indian Law.

VERIFICATION

I, Geeta Luthra, solemnly declare and affirm under the penalty of perjury under the laws of the United States of America that I have read the foregoing declaration and know the contents of the foregoing are true and correct, to the best of my knowledge, except as to those matters alleged upon information and belief.

Executed on January 7, 2025

*geeta luthra*
_____
GEETA LUTHRA