## CHAPTER-II

### Prevention of entry in more than one roll

*[Rules under Section 17(4) and 49 (1) (ad) of the Act]*

1. The rules of every State Council shall provide inter alia, for a declaration in its form of application for enrolment.

    (a) that the name of the applicant is not on the roll of any other State Council, and

    (b) that the applicant will not, so long as his name is on the roll of one of the State Councils, apply for enrolment to any other State Council.

2. The Council may, on receipt of information that the name of any person is entered on the roll of more than one State Council, after hearing the person concerned, remove his name from any of the rolls on which his name appears and take such other action against him as may be called for.

## CHAPTER-III

### Transfer of name from one State Roll to another State Roll

*[Rules under Section 18 and 49 (1) (b) of the Act]*

1. Any person whose name is entered on any State Roll may make an application to the Council for transfer under Section 18 of the Act in Form 'C' in this Chapter. The application shall be accompanied by (i) a certified copy of the entry in the State Roll relating to the applicant and (ii) a certificate from the State Council stating that his certificate of enrolment has not been recalled, that the applicant is entitled to practise on the date of his application, that there are no disciplinary proceedings pending against the applicant and that it has no objection to the transfer being ordered.

On receipt of an application for transfer, the Secretary shall enquire from the State Council concerned whether they have any objections to the transfer being granted, and he shall thereafter place the papers for disposal before the Council or a Committee constituted for the purpose. If the Committee consider that the application shall be refused, the matter should be referred to the Council for orders.

40

BAR COUNCIL OF INDIA RULES

1A. On receipt of an application for transfer, the "transferor" Bar Council shall transmit the entire records relating to the enrolment of the advocate who is seeking a transfer, to the Bar Council of India together with original of the application for enrolment, retaining an authenticated copy of the documents with the "transferor" Bar Council[1].

2. (1) The order of the Council on the application for transfer shall ordinarily be in Form-D in the annexure to this Chapter.

(2) The applicant for transfer shall be informed about the order on his application.

(3) On receipt of a communication from the Bar Council of India of an order for transfer :-

(a) it shall be the duty of the advocate who has applied for transfer to produce the certificate of enrolment issued to him under Section 22 of the Act for endorsement in Form D-1 in this Chapter to the State Council on the roll of which his name appears. The said State Council shall as expeditiously as possible after the endorsement and the necessary entries in its roll transmit the certificate to the State Council to which the name of the Advocate is directed to be transferred ;

(b) on receipt of the certificate endorsed as aforesaid the Secretary of the latter State Council shall make a further endorsement thereon in Form D-2 in this Chapter;

(c) on such endorsement being made and the other formalities, if any, required by law being complied with the transfer shall be deemed to take effect from the date of the direction of the Bar Council of India under Section 18 of the Act.

(d) After the application has been allowed by the Bar Council of India, the Bar Council of India shall transmit the original records received from the "transferor" Bar Council to the "transferee" Bar Council and in the event of the application for transfer is rejected for any reason, shall be transmitted to the "transferor" Bar Council[2].

---

[1]. Came into force w.e.f. 6-1-2001.

[2]. Came into force w.e.f. 6-1-2001.

BAR  COUNCIL  OF  INDIA  RULES

(4) A Copy of the Order on the applications for transfer made by the Council shall be put up on the Notice Board of the State Councils concerned.

## FORM - C
*(Under Rule I Chapter III Part V)*
### BAR COUNCIL OF INDIA

Application for Transfer to another Roll under Sections 18 and 49 (1) (b) of the Advocates Act, 1961.

From

............................................................

............................................................

............................................................

To

The Secretary
Bar Council of India
New Delhi.

Sir

1. I request the transfer of name from the roll of the Bar Council of .................................... to the roll of the Bar Council of .................... under Section 18 of the Act for the reasons set out by me in this application.

2. I was enrolled in the Bar Council of ..........................on ........................

3. My name is entered on the roll of the said Bar Council .................... and my roll number is ......................................................................

4. I state that prior to my enrolment as aforesaid, in the Bar Council of ..................................... I did not make any application for enrolment to any other State Bar Council and that no such application was either withdrawn, refused or dismissed.

(*If any prior application had been made, details should be given here*).

5. I state that there are/are no disciplinary proceedings pending against me in any State Bar Council.

6. The reasons for my application for transfer are as follow :-

(If the application for transfer is made within 2 years of the date of enrolment, applicant should state the reason why even at the first instance he did not apply for enrolment to the Bar Council to which transfer is sought).

7. After the transfer of my name to the roll of the Bar Council ................................. I intend to practise ordinarily at ............................ My permanent address after transfer will be :-

..................................................................

BAR COUNCIL OF INDIA RULES

............................................................

............................................................

8. I undertake to communicate to the State Bar Council to which my name is to be transferred, any change in the said address.

9. Till the transfer is effected all communications may please be sent to the following address :-

............................................................

............................................................

............................................................

I undertake to furnish any further information that may be necessary in reply to any communication that may be sent to the said address till the transfer is ordered.

10. I enclose herewith :

(i) A certified copy of entry in the State Roll.

(ii) A certificate from the State Bar Council as prescribed in Rule 1 (2) in Part V Chapter III.

I hereby declare that the facts stated herein are true.


Place :                                                          Signature of the Advocate

Date :                                                                      (Applicant)

**FORM - D**

**BAR COUNCIL OF INDIA**

Order on Transfer Applications

RESOLVED that the names of the following persons be removed from and entered in the rolls of the State Bar Councils as shown against their names :

| Transfer Application No. | Name as in the State Roll | Date of entry as Vakil, Pleader or Attorney if any | Date of enrolment under the BC/Advocates Act |
|---|---|---|---|
| 1 | 2 | 3 | 4 |
| Date of birth | On the roll of | Transfer to the roll of | Permanent address after transfer | If enrolled in Supreme Court date of such enrolment |

44

BAR COUNCIL OF INDIA RULES

| 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|

### FORM D - 1

Name transferred to the roll of the Bar Council of ...................... by order of the Bar Council of India made under resolution No ......................... dated ...................................................................................................................... Date ................................ Secretary, Bar Council of ................................

### FORM D - 2

On transfer from the roll of the Bar Council of ............................ with Roll No ................... (vide BCI Order dated .................... and communication of State Bar Council of ........................... Dated .................) the name is entered in the State Roll of Bar Council of .............................. vide Roll No. .................................... Dated ............................

Date :                    Secretary, Bar Council of .................................

# CHAPTER - IV

## Seniority in the State Rolls

[*Rules under Sections 17 (3), 20 and 49 (1) (i) (ac) of the Act*]

1. **Seniority of Vakils, Pleaders and Attorneys not entitled to practise in the High Court :-**The seniority of a Vakil, Pleader or Attorney, who was not entitled to practise in the High Court, and who was enrolled as an advocate immediately before the appointed day or who was enrolled after that day shall be determined according to the date of enrolment as advocate.

**2. Seniority of other Advocates :** (1) The seniority of other advocates referred to in Section 17 (1) (a) shall :-

(a) in the case of persons whose names were entered in the rolls under Section 8 (3) (a) of the Indian Bar Councils Act, 1926, be the date from which their seniority was reckoned in the said rolls;

(b) in the case of persons admitted as advocates under Section 58 A of the Act, be the dates of their first admission when they were entitled to practise in the High Court of Allahabad or the Chief Court of Oudh or the other High Courts or the Judicial Commissioners' Court mentioned in sub-sections (2), (3) and (4) of the said Section 58 A;

(c) in the case of persons admitted as advocates under Section 58AA of the Act, be the date when they were first entitled to practise the profession of law under the law enforced in the Union Territory of Pondicherry;

(d) in the case of the other persons be determined in accordance with the date of enrolment under the Indian Bar Councils Act, 1926.

**Proviso to (a), (b), (c) and (d), :-** Provided that in the case of a person whose name had been entered on the rolls of more than one High Court, the date as shown in the High Court in which he was first enrolled shall be taken as the date for entry for purpose of seniority in the rolls under Section 17 (1) (a) of the Advocates Act, 1961.

(2) In the case of the persons referred to in Section 58 AE of the Act, be the date when they were first entitled to practise the profession of law as provided for in Section 58AE.

(3) In the case of the persons referred to in Section 58AF of the Act, the date on which they are deemed to be advocates.

3. In cases not covered by any of the rules previous in this Chapter, or in case of doubt, the seniority shall on a reference by a State Council, be according to the dates as may be determined by the Council.

4. **Seniority of Senior Advocates of the Supreme Court :** The seniority of a senior advocate enrolled before the appointed day shall be determined in accordance with the date of his enrolment as senior advocate.

## CHAPTER V

### Special provision for enrolment of certain Supreme Court advocates

*(Rules Under Section 20 read with Section 49 (1) (i) of the Act)*

1. Any Advocate who was entitled as of right to practise in the Supreme Court immediately before the appointed day and whose name is not entered in any State Roll may within 31st December, 1974 express his intention in the form prescribed under this rule to

BAR COUNCIL OF INDIA RULES

the Bar Council of India for entry of his name in the roll of any State Bar Council.

2. The notification of the Bar Council of India prescribing the date shall be published in the Gazette of India, and copies thereof sent to all Bar Councils. The notification or a gist thereof shall also be published in at least one English Newspaper in Delhi and one English Newspaper in every State.

## BAR COUNCIL OF INDIA

Intimation under Section 20 of the Advocates Act, 1961

*(Unnecessary columns/entries to be struck out)*

To

      The Secretary

      Bar Council of India,

      21, Rouse Avenue, Institutional Area

      NEW DELHI - 110 002.

1. I, ......................................................... (*name in block letters*), residing at................................................................................................................
................................................................................................................
..................

was entitled as of right to practise in the Supreme Court of India immediately before the appointed day viz., 1-12-1961.

2A. I was enrolled on .......................................... as an Advocate of the Supreme Court of India and was entitled as of right to practise in the Supreme Court immediately before the appointed day viz 1-12-1961.

I have not expressed to any State Bar Council my intention to practise under Section 17 (1) (a) of the Advocates Act, 1961.

OR

2B. (i) I was first enrolled as an Advocate of the Supreme Court of India on ..................................... and was entitled as of right to practise in the Supreme Court immediately before the appointed day viz., 1-12-1961.

    (ii) I was enrolled later as Senior Advocate of the Supreme Court of India on ............................................

    My Roll Number as Senior Advocate is ............................................. I have not expressed to any Stare Bar Council my intention to practise under Section 17 (1) (a) of the Advocates Act, 1961.

3. (*To be entered if in service*) On the date of this intimation, I am in service (*Particulars to be given*) .........................................................

48

I undertake to intimate my intention to resume practise to the State Bar Council mentioned in column 4.

4. I hereby express my intention as mentioned under Section 20 of the Advocate Act, (*as amended* ) for the entry of my name in the roll          of          the          Bar          Council          of
...........................................................................

.............................................................................................
..........I declare that the facts set out in this form are correct.

(Signature)

Date ..................................................

Place ..................................................

Address ............................................

............................................................

............................................................

## PART - VI

## RULES GOVERNING ADVOCATES

### CHAPTER -I

### Restrictions on Senior Advocates

*(Rules Under Sections 16 (3) and 49 (1) (g) of the Act)*

Senior Advocates shall, in the matter of their practice of the profession of law mentioned in Section 30 of the Act, be subject to the following restrictions:

(a) A Senior Advocate shall not file a vakalatnama or act in any Court, or Tribunal, or before any person or other authority mentioned in Section 30 of the Act.

Explanation : "To act" means to file an appearance or any pleading or application in any court or Tribunal or before any person or other authority mentioned in Section 30 of the Act, or to do any act other than pleading required or authorised by law to be done by a party in such Court or Tribunal or before any person or other

authorities mentioned in the said Section either in person or by his recognised agent or by an advocate or an attorney on his behalf.

(b) (i)  A Senior Advocate shall not appear without an Advocate on Record in the Supreme Court or without an Advocate in Part II of the State Roll in any court or Tribunal or before any person or other authorities mentioned in Section 30 of the Act.

(ii)  Where a Senior Advocate has been engaged prior to the coming into force of the rules in this Chapter, he shall not continue thereafter unless an advocate in Part II of the State Roll is engaged along with him. Provided that a Senior Advocate may continue to appear without an advocate in Part II of the Sate Roll in cases in which he had been briefed to appear for the prosecution or the defence in a criminal case, if he was so briefed before he is designated as a senior advocate or before coming into operation of the rules in this Chapter as the case may be.

(c)  He shall not accept instructions to draft pleading or affidavits, advice on evidence or to do any drafting work of an analogous kind in any Court or Tribunal or before any person or other authorities mentioned in Section 30 of the Act or undertake conveyancing work of any kind whatsoever. This restriction however shall not extend to settling any such matter as aforesaid in consultation with an advocate in Part II of the State Roll.

(cc)  A Senior Advocate shall, however, be free to make concessions or give undertaking in the course of arguments on behalf of his clients on instructions from the junior advocate.

(d)  He shall not accept directly from a client any brief or instructions to appear in any Court or Tribunal or before any person or other authorities in India.

(e)  A Senior Advocate who had acted as an Advocate (Junior) in a case, shall not after he has been designated as a Senior Advocate advise on grounds of appeal in a Court of Appeal or in the Supreme Court, except with an Advocate as aforesaid.

(f)  A Senior Advocate may in recognition of the services rendered by an Advocate in Part-II of the State Roll appearing in any matter pay him a fee which he considers reasonable.

## CHAPTER - II
### Standards of Professional Conduct and Etiquette
*(Rules under Section 49 (1) (c) of the Act read with the Proviso thereto)*
### Preamble

An advocate shall, at all times, comport himself in a manner befitting his status as an officer of the Court, a privileged member of the community, and a gentleman, bearing in mind that what may be lawful and moral for a person who is not a member of the Bar, or for a member of the Bar in his non-professional capacity may still be improper for an advocate. Without prejudice to the generality of the foregoing obligation, an advocate shall fearlessly uphold the interests of his client and in his conduct conform to the rules hereinafter mentioned both in letter and in spirit. The rules hereinafter mentioned contain canons of conduct and etiquette adopted as general guides; yet the specific mention thereof shall not be construed as a denial of the existence of others equally imperative though not specifically mentioned.

### Section I - Duty to the Court

1. An advocate shall, during the presentation of his case and while otherwise acting before a court, conduct himself with dignity and self-respect. He shall not be servile and whenever there is proper ground for serious complaint against a judicial officer, it shall be his right and duty to submit his grievance to proper authorities.

2. An advocate shall maintain towards the courts a respectful attitude, bearing in mind that the dignity of the judicial office is essential for the survival of a free community.

3. An advocate shall not influence the decision of a court by any illegal or improper means. Private communications with a judge relating to a pending case are forbidden.

4. An advocate shall use his best efforts to restrain and prevent his client from resorting to sharp or unfair practices or from doing

BAR COUNCIL OF INDIA RULES

anything in relation to the court, opposing counsel or parties which the advocates himself ought not to do. An advocate shall refuse to represent the client who persists in such improper conduct. He shall not consider himself a mere mouth-piece of the client, and shall exercise his own judgement in the use of restrained language in correspondence, avoiding scurrilous attacks in pleadings, and using intemperate language during arguments in court.

BAR COUNCIL OF INDIA RULES

5. An advocate shall appear in court at all times only in the prescribed dress, and his appearance shall always be presentable.

6. An advocate shall not enter appearance, act, plead or practise in any way before a court, Tribunal or Authority mentioned in Section 30 of the Act, if the sole or any member thereof is related to the advocate as father, grandfather, son, grand-son, uncle, brother, nephew, first cousin, husband, wife, mother, daughter, sister, aunt, niece, father-in-law, mother-in-law, son-in-law, brother-in-law daughter-in-law or sister-in-law.

*For the purposes of this rule, Court shall mean a Court, Bench or Tribunal in which above mentioned relation of the Advocate is a Judge, Member or the Presiding Officer.

7. An advocate shall not wear bands or gown in public places other than in courts except on such ceremonial occasions and at such places as the Bar Council of India or the court may prescribe.

8. An advocate shall not appear in or before any court or tribunal or any other authority for or against an organisation or an institution, society or corporation, if he is a member of the Executive Committee of such organisation or institution or society or corporation. "Executive

Committee ", by whatever name it may be called, shall include any Committee or body of persons which, for the time being, is vested with the general management of the affairs of the organisation or institution, society or corporation.

Provided that this rule shall not apply to such a member appearing as "amicus curiae" or without a fee on behalf of a Bar Council, Incorporated Law Society or a Bar Association.

9. An Advocate should not act or plead in any matter in which he is himself pecuniarily interested.

**Illustration :**

   I. He should not act in a bankruptcy petition when he himself is also a creditor of the bankrupt.

   II. He should not accept a brief from a company of which he is a Director.

---

\* Dt. of this Rules 16-2-91 Proviso added by resolution no 11/91

BAR COUNCIL OF INDIA RULES

10. An Advocate shall not stand as a surety, or certify the soundness of a surety for his client required for the purpose of any legal proceedings.

**Section II Duty to the Client**

11. An advocate is bound to accept any brief in the Courts or Tribunals or before any other authorities in or before which he proposes to practise at a fee consistent with his standing at the Bar and the nature of the case. Special circumstances may justify his refusal to accept a particular brief.

12. An advocate shall not ordinarily withdraw from engagements, once accepted, without sufficient cause and unless reasonable and sufficient notices is given to the client. Upon his withdrawal from a case, he shall refund such part of the fee as has not been earned.

13. An advocate should not accept a brief or appear in a case in which he has reason to believe that he will be a witness, and if being engaged in a case, i becomes apparent that he is a witness on a material question of fact, he should not continue to appear as an Advocate if he can retire without jeopardising his client's interests.

14. An advocate shall at the commencement of his engagement and during the continuance thereof, make all such full and frank disclosure to his client relating to his connection with the parties and any interest in or about the controversy as are likely to affect his client's judgement in either engaging him or continuing the engagement.

15. It shall be the duty of an advocate fearlessly to uphold the interests of his client by all fair and honourable means without regard to any unpleasant consequences to himself or any other. He shall defend a person accused of a crime regardless of his personal opinion as to the guilt of the accused, bearing in mind that his loyalty is to the law which requires that no man should be convicted without adequate evidence.

16. An advocate appearing for the prosecution of a criminal trial shall so conduct the prosecution that it does not lead to conviction of the innocent. The suppression of material capable of establishment the innocence of the accused shall be scrupulously avoided.

17. An advocate shall not, directly or indirectly, commit a breach of the obligations imposed by Section 126 of the Indian Evidence Act.

2

BAR COUNCIL OF INDIA RULES

18. An advocate shall not, at any time, be a party to fomenting of litigation.

19. An advocate shall not act on the instructions of any person other than his client or his authorised agent.

20. An advocate shall not stipulate for a fee contingent on the results of litigation or agree to share the proceeds thereof.

21. An advocate shall not buy or traffic in or stipulate for or agree to receive any share or interest in any actionable claim. Nothing in this rule shall apply to stock, shares and debentures of government securities, or to any instruments which are, for the time being, by law or custom, negotiable or to any mercantile document of title to goods.

22. An advocate shall not, directly or indirectly, bid for or purchase, either in his own name or in any other name, for his own benefit or for the benefit of any other person, any property sold in the execution of a decree or order in any suit, appeal or other proceeding in which he was in any way professionally engaged. This prohibition, however, does not prevent an advocate from bidding for or purchasing for his client any property which his client may himself legally bid for or purchase, provided the Advocate is expressly authorised in writing in this behalf.

22A. An advocate shall not directly or indirectly bid in court auction or acquire by way of sale, gift, exchange or any other mode of transfer either in his own name or in any other name for his own benefit or for the benefit of any other person any property which is subject matter of any suit appeal or other proceedings in which he is in any way professionally engaged[*] .

23. An advocate shall not adjust fee payable to him by his client against his own personal liability to the client, which liability does not arise in the course of his employment as an advocate.

24. An advocate shall not do anything whereby he abuses or takes advantage of the confidence reposed in him by his client.

25. An advocate should keep accounts of the client's money entrusted to him, and the accounts should show the amounts received from the client or on his behalf, the expenses incurred for

---

[*] Rule 22A came into force w.e.f. 24-9-1998.

him and the debits made on account of fees with respective dates and all other necessary particulars.

26. Where moneys are received from or on account of a client, the entries in the accounts should contain a reference as to whether the amounts have been received for fees or expenses and during the course of the proceeding, no advocates shall, except with the consent in writing of the client concerned, be at liberty to divert any portion of the expenses towards fees.

27. Where any amount is received or given to him on behalf of his client, the fact of such receipt must be intimated to the client, as early as possible.

28. After the termination of the proceeding, the advocate shall be at liberty to appropriate towards the settled fee due to him, any sum remaining unexpended out of the amount paid or sent to him for expenses or any amount that has come into his hands in that proceeding.

29. Where the fee has been left unsettled, the advocate shall be entitled to deduct, out of any moneys of the client remaining in his hands, at the termination of the proceeding for which he had been engaged, the fee payable under the rules of the Court, in force for the time being, or by then settled and the balance, if any, shall be refunded to the client.

30. A copy of the client's account shall be furnished to him on demand provided the necessary copying charge is paid.

31. An advocate shall not enter into arrangements whereby funds in his hands are converted into loans.

32. An advocate shall not lend money to his client for the purpose of any action or legal proceedings in which he is engaged by such client.

   **Explanation.** An advocate shall not be held guilty for a breach of this rule, if in the course of a pending suit or proceeding, and without any arrangement with the client in respect of the same, the advocate feels compelled by reason of the rule of the Court to make a payment to the Court on account of the client for the progress of the suit or proceeding.

33. An advocate who has, at any time, advised in connection with the institution of a suit, appeal or other matter or has drawn

4

BAR COUNCIL OF INDIA RULES

pleadings, or acted for a party, shall not act, appear or plead for the opposite party.

**Section III - Duty to Opponent**

34. An advocate shall not in any way communicate or negotiate upon the subject matter of controversy with any party represented by an advocate except through that advocate.

35. An advocate shall do his best to carry out all legitimate promises made to the opposite party even though not reduced to writing or enforceable under the rules of the Court.

**Section IV - Duty to Colleagues**

36. An advocate shall not solicit work or advertise, either directly or indirectly, whether by circulars, advertisements, touts, personal communications, interviews not warranted by personal relations, furnishing or inspiring newspaper comments or producing his photographs to be published in connection with cases in which he has been engaged or concerned. His sign-board or name-plate should be of a reasonable size. The sign-board or name-plate or stationery should not indicate that he is or has been President or Member of a Bar Council or of any Association or that he has been associated with any person or organisation or with any particular cause or matter or that he specialises in any particular type of worker or that he has been a Judge or an Advocate General.

That this Rule will not stand in the way of advocates furnishing website information as prescribed in the Schedule under intimation to and as approved by the Bar Council of India. Any additional other input in the particulars than approved by the Bar Council of India will be deemed to be violation of Rule 36 and such advocates are liable to be proceeded with misconduct under Section 35 of the Advocates Act, 1961.**

**SCHEDULE**

| 1. | Name | |
|----|------|--|
| 2. | Address | |
| | Telephone Numbers | |
| | E-mail id | |

** Added vide Res. No. 50/2008 dt. 24-3-2008.

BAR COUNCIL OF INDIA RULES

| 3 | (a) | Enrolment Number | |
|---|-----|---|---|
| | (b) | Date of Enrolment | |
| | (c) | Name of State Bar Council where originally enrolled | |
| | (d) | Name of State Bar Council on whose roll name stands currently | |
| | (e) | Name of the Bar Association of which the Advocate is Member | |
| 4. | | Professional and Academic Qualifications | |
| 5. | | Areas of Practice (Eg.: Civil Criminal Taxation, Labour etc.) | |

(NAME & SIGNATURE)

Declaration :

    I hereby declare that the information given is true.

(NAME & SIGNATURE)

37. An advocate shall not permit his professional services or his name to be used in aid of, or to make possible, the unauthorised practice of law by any law agency.

38. An advocate shall not accept a fee less than the fee taxable under rules when the client is able to pay the same.

39. An advocate shall not enter appearance in any case in which there is already a vakalat or memo of appearance filed by an advocate engaged for a party except with his consent; in case such consent is not produced he shall apply to the Court stating reasons why the said consent could not be produced and he shall appear only after obtaining the permission of the Court[1].

**Section IV-A**[2]

---

1. Rule modified by addition of words "in case.............court" w.e.f. 5-6-1976.

[2]. Section 4A : Revised rules came into effect from 1-4-1984 (Rules 47 to 54 renumbered as 45 to 52)

6

BAR COUNCIL OF INDIA RULES

40. Every Advocate borne on the rolls of the State Bar Council shall pay to the State Bar Council a sum of Rs. 300/- every third year commencing from 1st August, 2001 along with a statement of particulars as given in the form set out at the end of these Rules, the first payment to be made on or before 1st August, 2001 or such extended time as notified by the Bar Council of India or the concerned State Bar Council.

Provided further however that an advocate shall be at liberty to pay in lieu of the payment of Rs. 600/-[3] every three years a consolidated amount of Rs. 1,000/- . This will be a life time payment to be kept in the fixed deposit by the concerned State Bar Council. Out of life time payment, 80% of the amount will be retained by the State Bar Council in a fixed deposit and remaining 20% has to be transferred to the Bar Council of India. The Bar Council of India and State Bar Council have to keep the same in a fixed deposit and the interest on the said deposits shall alone be utilized for the Welfare of the Advocates"[**].

**Explanation 1 :** Statement of particulars as required by rule 40 in the form set out shall require to be submitted only once in three years.

**Explanation 2.** The Advocates who are in actual practise and are not drawing salary or not in full time service and not drawing salary from their respective employers are only required to pay the amount referred to in this rule.

**Explanation 3.** This rule will be effective from 1-10-2006 and for period prior to this, advocates will continue to be covered by old rule.

41. (1) All the sums so collected by the State Bar Council in accordance with Rule 40 shall be credited in a separate fund known as "Bar Council of India Advocates Welfare Fund" and shall be deposited in the bank as provided hereunder.

---

[3]. Contribution enhancement vide Resolution No. 130/2006 dt. 16-9-2006

[**] Proviso to Rule 40 amended vide Res. No. 66/2001 dt. 22-6-2001 w.e.f. 1-8-2001.

(2) The Bar Council of India Advocates Welfare Fund Committee for the State shall remit 20% of the total amount collected and credited to its account, to the Bar Council of India by the end of every month which shall be credited by the Bar Council of India and Bar Council of India shall deposit the said amount in separate fund to be known as "BAR COUNCIL OF INDIA ADVOCATES WELFARE FUND." This fund shall be managed by the Welfare Committee of the Bar Council of India in the manner prescribed from time to time by the Bar Council of India for the Welfare of Advocates.

(3) The rest 80% of the total sum so collected by the Bar Council of India Advocates Welfare Fund Committee for the State under Rule 41 (1) shall be utilised for the welfare of advocates in respect of Welfare Schemes sponsored by the respective State Bar Councils and this fund shall be administered by the Advocates Welfare Committee for the State which shall submit its report annually to the Bar Council of India.

(4) In case of transfer of an advocate from one State Bar Council to other State Bar Council, 80% of the total sum collected so far in respect of that advocate by the Bar Council of India Advocates Welfare Committee for the State under Rule 41 (1) where the said Advocate was originally enrolled, would get transferred to the Advocates Welfare Fund Committeed of the Bar Council of India for the State to which the said Advocate has got himself transferred[*] .

42. If any advocate fails to pay the aforesaid sum within the prescribed time as provided under rule 40, the Secretary of the State Bar Council shall issue to him a notice to show cause within a month why his right to practice be not suspended. In case the advocate pays the amount together with late fee of Rs. 5/- per month, or a part of a month subject to a maximum of Rs. 30/- within the period specified in notice, the proceedings shall be dropped. If the advocate does not pay the amount or fails to show sufficient cause, a Committee of three members constituted by the State Bar Council in this behalf may pass an order suspending the right of the advocate to practise.

Provided that the order of suspension shall cease to be in force when the advocate concerned pays the amount along with a late fee of Rs. 50/- and obtain a certificate in this behalf from the State Bar Council.

[*] Sub-rule(4) of Rule 41 came into force w.e.f. 3-11-1995.

8

BAR COUNCIL OF INDIA RULES

43. An Advocate who has been convicted of an offence mentioned under Section 24A of the Advocates Act or has been declared insolvent or has taken full time service or part time service or engages in business or any avocation inconsistent with his practising as an advocate or has incurred any disqualification mentioned in the Advocates Act or the rules made thereunder, shall send a declaration to that effect to the respective State Bar Council in which the advocate is enrolled, within ninety days from the date of such disqualification. If the advocate does not file the said declaration or fails to show sufficient cause for not filing such declaration provided therefor, the Committee constituted by the State Bar Council under rule 42 may pass orders suspending the right of the advocate to practise.

Provided that it shall be open to the Committee to condone the delay on an application being made in this behalf.

Provided further that an advocate who had after the date of his enrolment and before the coming into force of this rule, become subject to any of the disqualifications mentioned in this rule, shall within a period of ninety days of the coming into force of this rule send declaration referred to in this rule to the respective State Bar Council in which the Advocate is enrolled and on failure to do so by such advocate all the provisions of this rule would apply.

44. An appeal shall lie to the Bar Council of India at the instance of an aggrieved advocate within a period of thirty days from the date of the order passed under Rules 42 and 43.

44A. (1) There shall be a Bar Council of India Advocates Welfare Committee, consisting of five members elected from amongst the members of the Council. The term of the members of the committee shall be co-extensive with their term in Bar Council of India.*

    (2)  (i)  Every State Council shall have an Advocates Welfare Committee known as Bar Council of India Advocates Welfare Committee for the State.

          (ii)  The Committee shall consist of member Bar Council of India from the State concerned who shall be the Ex-Officio Chairman of the Committee and two members elected from amongst the members.

---

\* Amended vide Resolution No. 78 of 1985 dated 27th and 28th July, 1985.

9

BAR COUNCIL OF INDIA RULES

   (iii)  The Secretary of the State Bar Council concerned will act as Ex-Officio Secretary of the Committee.

   (iv)  The term of the member, Bar Council of India in the Committee shall be co-extensive with his term in the Bar Council of India.

   (v)  The term of the members elected from the State Bar Council shall be two years.

   (vi)  Two members of the Committee will form a quorum of any meeting of the Committee.

(3) Every State Bar Council shall open an account in the name of the Bar Council of India Welfare Committee for the State, in any nationalised Bank,

(4) No amount shall be withdrawn from the Bank unless that cheque is signed by the Chairman of the Welfare Committee and its Secretary.

(5) The State Bar Council shall implement Welfare Schemes approved by the Bar Council of India through Advocates Welfare Committee as constituted under sub-clause (2) (i). The State Bar Councils may suggest suitable modifications in the Welfare Schemes or suggest more schemes, but such modifications or such suggested schemes shall have effect only after approval by the Bar Council of India.

(6) The State Bar Council shall maintain separate account in respect of the Advocate Welfare Fund which shall be audited annually along with other accounts of the State Bar Council and send the same along with Auditors Report to the Bar Council of India.

Provided that the Bar Council of India Advocates Welfare Fund Committee for the State shall be competent to appoint its own staff in addition to the staff of the Bar Council of the State entrusted with duty to maintain the account of the Fund if their funds are adequate to make such appointment. The salary and other conditions of the said staff be determined by the Bar Council of India Advocates Welfare Fund Committee for the State.[*]

Provided further that Chairman of the Bar Council of India Advocates Welfare Fund Committee for the State shall be competent

---

[*] Came into force w.e.f. 10th Feb. 1996 (Resolution No. 25/96)

10

to make temporary appointment for a period not exceeding six months in one transaction if the situation so requires subject to availability of fund in the said Committee for making such appointment.*

44B. The Bar Council of India shall utilise the funds received under Rule 41(2) in accordance with the schemes which may be framed from time to time.**

---

**Rules framed for Scheme No. IV are given separetely.

BAR COUNCIL OF INDIA RULES

**FORM UNDER RULE 40**

Bar Council of ............................................

.....................................................................

Dear Sirs,

(1) I am enclosing herewith a Postal Order/Bank Draft/Cash for .......................... being the payment under Rule 40. Chapter II, Part VI of the Rules of the Bar Council of India.

(2) I am enrolled as an Advocate on the Rolls of your State Bar Council.

(3) I am ordinarily practising at ................................................... in the territory/ State of .......................................

(4) I am a member of the ........................................ Bar Association/not a member of any Bar Association.

(5) My            present            address            is ...................................................................

DATED                                                SIGNATURE

PLACE                                    NAME IN BLOCK LETTERS

                                            ENROLMENT NO ...........

Received a sum of Rs. .................. from ........................................ towards payment under Rule 40, Chapter II, Part VI of the Rules of the Bar Council of India by way of Postal Order/Bank Draft/Cash on ...............................

DATED:                                                SECRETARY

PLACE :                                    BAR COUNCIL OF ........

12

## SCHEME FOR FINANCIAL ASSISTANCE TO STATE BAR COUNCILS AND INDIVIDUALS UNDER RULE 44B OF THE BAR COUNCIL OF INDIA RULES[*]

1. These rules shall be known as the Scheme for Financial Assistance to the State Bar Councils under Rule 44B of the Bar Council of India Rules.

2. The Scheme shall come into force immediately.

3. These schemes shall be applicable to only such State Bar Councils which have remitted the sum in accordance with the Rule 41 (2) of the Bar Council of India.

4. That on receiving information from the Chairman of the State Bar Council or Member, Bar Council of India from that State, the Chairman, Bar Council of India on being satisfied by such report may immediately sanction a reasonable amount not exceeding Rs. 20,000/-[**] in an individual case and Rs. 50,000/-[**] in case of some calamity involving more than one advocate and shall report to the Advocates Welfare Committee of the Bar Council of India. The financial assistance to the State Bar Councils will be available in any of the following cases : —

   (*a*)  The advocate or advocates have suffered seriously on account of some natural calamity or ;

   (*b*)  the advocate or advocates have died an unnatural death, due to an accident or natural calamity or any other cause of like nature, or;

   (*c*)  the advocate or advocates have suffered or is suffering from such serious disease or illness which is likely to cause death if no proper treatment is given and the advocate requires financial assistance without which he would not be able to get proper treatment and has no personal assets except a residential house to meet such expenditures, or;

   (*d*)  the advocate or advocates become physically disabled or incapacitated to continue his profession on account of natural calamity or accident or any other cause of like nature.

5. That the amount sanctioned under Rule 4 shall be placed at the disposal of the Advocates Welfare Committee of the Bar Council of India for the State and the said State Committee shall maintain

---

[*] Came into force w.e.f. July 1998 vide Resolution No. 64/1998.

[**] w.e.f. 22-11-2008 vide Resolution No. 146/2008

BAR COUNCIL OF INDIA RULES

separate account and send the same to the Bar Council of India within three months from the date of the receipt thereof.

6. That the Advocates Welfare Committee of the Bar Council of India on receiving such applications duly recommended by the State Bar Councils, may sanction a sum provided in the different schemes prepared by the Bar Council of India.

**Section V-Duty in imparting training**

45. It is improper for an advocate to demand or accept fees or any premium from any person as a consideration for imparting training in law under the rules prescribed by State Bar Council to enable such person to qualify for enrolment under the Advocates Act, 1961.

**Section VI-Duty to Render Legal Aid**

46. Every advocate shall in the practice of the profession of law bear in mind that any one genuinely in need of a lawyer is entitled to legal assistance even though he cannot pay for it fully or adequately and that within the limits of an Advocate's economic condition, free legal assistance to the indigent and oppressed is one of the highest obligations an advocate owes to society.

**Section VII-Restriction on other Employments**

47. An advocate shall not personally engage in any business; but he may be a sleeping partner in a firm doing business provided that in the opinion of the appropriate State Bar Council, the nature of the business is not inconsistent with the dignity of the profession.

48. An advocate may be Director or Chairman of the Board of Directors of a Company with or without any ordinarily sitting fee, provided none of his duties are of an executive character. An advocate shall not be a Managing Director or a Secretary of any Company.

49. An advocate shall not be a full-time salaried employee of any person, government, firm, corporation or concern, so long as he continues to practise, and shall, on taking up any such employment, intimate the fact to the Bar Council on whose roll his name appears and shall thereupon cease to practise as an advocate so long as he continues in such employment.

*"That as Supreme Court has struck down the appearance by Law Officers in Court even on behalf of their employers the Judgement will operate in the case of all Law Officers. Even if they were allowed to appear on behalf of their employers all such Law

---

* Vide Resolution No. 156/2001

14

BAR COUNCIL OF INDIA RULES

Officers who are till now appearing on behalf of their employers shall not be allowed to appear as advocates. The State Bar Council should also ensure that those Law Officers who have been allowed to practice on behalf of their employers will cease to practice. It is made clear that those Law Officers who after joining services obtained enrolment by reason of the enabling provision cannot practice even on behalf their employers."

* "That the Bar Council of India is of the view that if the said officer is a whole time employee drawing regular salary, he will not be entitled to be enrolled as an advocate. If the terms of employment show that he is not in full time employment he can be enrolled."

50. An advocate who has inherited, or succeeded by survivorship to a family business may continue it, but may not personally participate in the management thereof. He may continue to hold a share with others in any business which has decended to him by survivorship or inheritance or by will, provided he does not personally participate in the management thereof.

51. An advocate may review Parliamentary Bills for a remuneration, edit legal text books at a salary, do press-vetting for newspapers, coach pupils for legal examination, set and examine question papers; and subject to the rules against advertising and full-time employment, engage in broadcasting, journalism, lecturing and teaching subjects, both legal and non-legal.

52. Nothing in these rules shall prevent an advocate from accepting after obtaining the consent of the State Bar Council, part-time employment provided that in the opinion of the State Bar Council, the nature of the employment does not conflict with his professional work and is not inconsistent with the dignity of the profession. This rule shall be subject to such directives if any as may be issued by the Bar Council India from time to time.

## CHAPTER - III

### (Conditions for right to practice)

*(Rules under Section 49 (1) (ah) of the Act)*

1. Every advocate shall be under an obligation to see that his name appears on the roll of the State Council within whose jurisdiction he ordinarily practices.

**PROVIDED** that if an advocate does not apply for transfer of his name to the roll of the State Bar Council within whose jurisdiction he

---

* Vide Resolution No. 113/2002

is ordinarily practising within six months of the start of such practice, it shall be deemed that he is guilty of professional misconduct within the meaning of Section 35 of the Advocates Act.

2. An advocate shall not enter into a partnership or any other arrangement for sharing remuneration with any person or legal practitioner who is not an advocate.

3. Every advocate shall keep informed the Bar Council on the roll of which his name stands, of every change of his address.

4. The Council or a State Council can call upon an advocate to furnish the name of the State Council on the roll of which his name is entered, and call for other particulars.

5. (1) An advocate who voluntarily suspends his practice for any reason whatsoever, shall intimate by registered post to the State Bar Council on the rolls of which his name is entered, of such suspensions together with his certificate of enrolment in original.

(2) Whenever any such advocate who has suspended his practice desires to resume his practice, he shall apply to the Secretary of the State Bar Council for resumption of practice, along with an affidavit stating whether he has incurred any of the disqualifications under Section 24A, Chapter III of the Act during the period of suspension.

(3) The Enrolment Committee of the State Bar Council may order the resumption of his practice and return the certificate to him with necessary endorsement. If the Enrolment Committee is of the view that the advocate has incurred any of the disqualifications, the Committee shall refer the matter under proviso to Section 26(1) of the Act.

(4) On suspension and resumption of practice the Secretary shall act in terms of Rule 24 of Part IX.

6. (1) An advocate whose name has been removed by order of the Supreme Court or a High Court or the Bar Council as the case may be, shall not be entitled to practice the profession of law either before the Court and authorities mentioned under Section 30 of the Act, or in chambers or otherwise.

(2) An advocate who is under suspension, shall be under same disability during the period of such suspension as an advocate whose name has been removed from the roll.

**Modified Rule**[*]

Rule 7. "An officer after his retirement or otherwise ceasing to be in service for any reasons, if enrolled as an Advocate shall not practice in any of the Judicial, administrative Courts/ Tribunals/ authorities

---

[*] Amended vide decision dt. 14-10-2007.

16

BAR COUNCIL OF INDIA RULES
_____

which are presided over by an officer equivalent or lower to the post which such officer last held."

Explanation: "An officer shall include Judicial Officer, Officer from State or central services and Presiding Officers or Members of the Tribunals or Authorities or such officers as referred under section 30 (ii) of the Advocates Act, 1961."[1]

"7A. Any person applying for enrolment as an Advocate shall not be enrolled, if he is dismissed, retrenched, compulsorily retired, removed or otherwise relived from Government service or from the service under the control of the Hon'ble High Courts or the Hon'ble Supreme Court on the charges or corruption or dishonesty unbecoming of an employee and a person having such disqualification is permanently debarred from enrolling himself as an advocate".[2]

8. No advocate shall be entitled to practice if in the opinion of the Council he is suffering from such contagious disease as makes the practice of law a hazard to the health of others. This disqualification shall last for such period as the Council directs from time to time.

## BAR COUNCIL EXAMINATION

[To be inserted as Rules 9 to 11 in Part VI, Chapter III of the Bar Council of India Rules – Conditions for Right To Practice – under Section 49(1)(ah) of the Advocates Act, 1961]

RESOLVED that as the Bar Council of India is vested with the power of laying down conditions subject to which an advocate shall have the right to practice, these Rules, therefore, lay down such condition of an All India Bar Examination, the passing of which would entitle the advocate to a Certificate of Practice which would permit him/her to practice under Chapter IV of the Advocates Act, 1961.

9.      No advocate enrolled under section 24 of the Advocates Act, 1961 shall be entitled to practice under Chapter IV of the Advocates Act, 1961, unless such advocate successfully passes the All India Bar Examination conducted by the Bar Council of India. It is clarified that the Bar Examination shall be mandatory for all law students graduating from academic year 2009-2010 onwards and enrolled as advocates under Section 24 of the Advocates Act, 1961.

The All India Bar Examination

10.      (1) The All India Bar Examination shall be conducted by the Bar Council of India.

(a) The Bar Examination shall be held at least twice each year in such month and such places that the Bar Council of India may determine from time to time.

(b) The Bar Examination shall test advocates in such substantive and procedural law

_____

[1] Rule 7A came into force Gazette 26-2-2000

[2] Held invalid by Andhra Pradesh High Court by its order dt. 21-9-2001. In writ petition No. 3162/2001.

areas as the Bar Council of India may determine from time to time.

(c) Such substantive/procedural law areas and syllabi shall be published by the Bar Council of India at least three months prior to the scheduled date of examination.

(d) The percentage of marks required to pass the Bar Examination shall be determined by the Bar Council of India.

(e) An unsuccessful advocate may appear again for the Bar Examination, without any limit on the number of appearances.

(f) The Bar Council of India, through a committee of experts, shall determine the syllabi, recommended readings, appointment of paper setters, moderators, evaluators, model answers, examination hall rules and other related matters.

(g) The Bar Council of India shall determine the manner and format of application for the examination.

(h) Upon successfully passing the Bar Examination, the advocate shall be entitled to a Certificate of Practice.


Application for Certificate of Practice

11.    (1)    The Certificate of Practice shall be issued by the Bar Council of India to the address of the successful advocate within 30 days of the date of declaration of results.

       (2)    The Certificate of Practice shall be issued by the Bar Council of India under the signature of the Chairman, Bar Council of India.


## CHAPTER-IIIA[3]
## To address the Court


Consistent with the obligation of the Bar to show a respectful attitude towards the Court and bearing in mind the dignity of Judicial Office, the form of address to be adopted whether in the Supreme Court, High Courts or Subordinate Courts should be as follows: "Your Honour" or "Hon'ble Court" in Supreme Court & High Courts and in the Subordinate Courts and Tribunals it is open to the Lawyers to address the Court as "Sir" or the equivalent word in respective regional languages.


**EXPLANATION:** As the words "My Lord" and "Your Lordship" are relics of Colonial post, it is proposed to incorporate the above rule showing respectful attitude to the Court.4

## CHAPTER-IV[4]

---

[3] Added vide Res. No. 58/2006

[4] Gazetted on 6-5-2006 Pt. III Sec. IV of Gazette of India.

BAR COUNCIL OF INDIA RULES

## FORM OF DRESSES OR ROBES TO BE WORN BY ADVOCATES[*]

### (*Rules under Section 49 (I) (gg) of the Act*)

Advocates appearing in the Supreme Court, High Courts, Subordinate Courts, Tribunals or Authorities shall wear the following as part of their dress, which shall be sober and dignified.[*]

1. ADVOCATES

    (a) A black buttoned up coat, chapkan, achkan, black sherwani and white bands with Advocates' Gowns.

    (b) A black open breast coat. white shirt, white collar, stiff or soft, and white bands with Advocates' Gowns.

In either case wear long trousers (white, black striped or grey) Dhoti excluding jeans.

    Provided further that in courts other than the Supreme Court, High Courts, District Courts, Sessions Courts or City Civil Courts, a black tie may be worn instead of bands.

II. LADY ADVOCATES

    (a) Black full sleeve jacket or blouse, white collar stiff or soft, with white bands and Advocates' Gowns.

    White blouse, with or without collar, with white bands and with a black open breast coat.

Or

    (b) Sarees or long skirts (white or black or any mellow or subdued colour without any print or design) or flare (white, black or black stripped or grey) or Punjabi dress Churidar Kurta or Salwar-Kurta with or without dupatta (white or black) or traditional dress with black coat and bands.

III. Wearing of Advocates' gown shall be optional except when appearing in the Supreme Court or in High Courts.

IV. Except in Supreme Court and High Courts during summer wearing of black coat is not mandatory.

---

[*] Amendment recommended by the Rules Committee at its meeting dt. 24.08.2001 was approved by the Bar Council of India at its meeting held on 25th and 26th August, 2001 (Resolution No. 121/2001). The Chief Justice of India approved the Rules vide letter dt. 12.11.2001 subject to modification of Rule IV. The amendment suggested by the Hon'ble Chief Justice of India was incorporated in Rule IV vide Resolution No. 155/2001 dt. 22nd and 25th December, 2001.

18

BAR COUNCIL OF INDIA RULES

In the change brought about in the Dress Rules, there appears to be some confusion in so far as the Sub Courts are concerned. For removal of any doubt it is clarified that so far as the courts other than Supreme Court and High Court are concerned during summer while wearing black coat is not mandatory, the advocates may appear in white shirt with black, white striped or gray pant with black tie or band and collar.[*]

[*] Meeting dt. 23/24-2-2002

19

# PART VII

## DISCIPLINARY PROCEEDINGS AND REVIEW

### CHAPTER-I

**Complaints against Advocates and Procedure to be followed by Disciplinary Committees of the State Bar Council and the Bar Council of India**

*(Rules under Section 49 (1) (f) of the Act)*

**A. Complaint and Enquiry under Section 35, 36 and 36B of the Act**

1. (1) A complaint against an advocate shall be in the form of a petition duly signed and verified as required under the Code of Civil Procedure. The complaint could be filed in English or in Hindi or in regional language where the language has been declared to be a State language and in case the complaint is in Hindi or in any other regional language, the State Bar Council shall translate the complaint in English whenever a disciplinary matter is sent to the Bar Council of India under the Advocates Act.

Every complaint shall be accompanied by the fees as prescribed in the rules framed under Section 49 (h) of the Act.

(2) The Secretary of the Bar Council may require the complainant to pay the prescribed fees if not paid, to remove any defects and call for such particulars or copies of the complaint or other documents as may be considered necessary.

(3) On a complaint being found to be in order, it shall be registered and placed before the Bar Council for such order as it may deem fit to pass.

(4) No matter taken up by the State Bar Council *suo motu* or arising on a complaint made under Section 35 of the Act shall be dropped solely by reason of its having been withdrawn, settled or otherwise compromised, or that the complainant does not want to proceed with the enquiry.

2. Before referring a complaint under Section 35 (1) of the Act to one of its Disciplinary Committees to be specified by it, the Bar Council may require a complainant to furnish within a time to be fixed by it, further and better particulars and may also call for the comments from the advocate complained against.

20

BAR COUNCIL OF INDIA RULES

3. (1) After a complaint has been referred to a Disciplinary Committee by the Bar Council, the Registrar shall expeditiously send a notice to the advocate concerned requiring him to show cause within a specified date on the complaint made against him and to submit the statement of defence, documents and affidavits in support of such defence and further informing him that in case of his non-appearance on the date of hearing fixed, the matter shall be heard and determined in his absence.

**Explanation :** Appearance includes, unless otherwise directed, appearance by an advocate or through duly authorised representative.

(2) If the Disciplinary Committee requires or permits, a complainant may file a replication within such time as may be fixed by the Committee.

4. The Chairman of the Disciplinary Committee shall fix the date, hour and place of the enquiry which shall not ordinarily be later than thirty days from the receipt of the reference. The Registrar shall give notice of such date, hour and place to the complainant or other person aggrieved, the advocate concerned and the Attorney General or the Additional Solicitor General of India or the Advocate General as the case may be, and shall also serve on them copies of the complaint and such other documents mentioned in Rule 24 of this Chapter as the Chairman of the Committee may direct at least ten days before the date fixed for the enquiry.

5. (1) The notices referred to in this Chapter shall subject to necessary modification, be in Form Nos. E-1 and E-2 be sent to the advocates appearing for the parties. Notice to a party not appearing by the advocate shall be sent to the address as furnished in the complaint or in the grounds of appeal. The cost of the notices shall be borne by the complainant unless the Disciplinary Committee otherwise directs.*

(2) The notices may be sent ordinarily through messenger or by registered post acknowledgement due and served on the advocate or the party concerned or his agent or other person as provided for in Order V of the Civil Procedure Code.

(3) Notice may also, if so directed by the Committee be sent for service through any Civil Court as provided for under Section 42 (3) of the Advocates Act.

---

* The last sentence added w.e.f. 7-4-79

BAR COUNCIL OF INDIA RULES

(4) Where the notice sent to any party cannot be served as aforesaid it may be served by affixing a copy thereof in some conspicuous place in the office of the Bar Council, and also upon some conspicuous part of the house (if any) in which the party concerned is known to have last resided or had his office, or in such other manner as the Committee thinks fit. Such service shall be deemed to be sufficient service.

(5) Payment of bills and/or charges for summons to witness etc. shall be in accordance with the rules under Section 49 (h) of the Act.

6. (1) The parties can appear in person or by an advocate who should file a vakalatnama giving the name of the Bar Council in which he is enrolled, his residential address, telephone number if any, and his address for service of notices. A Senior Advocate is entitled to appear with another advocate who has filed a vakalatnama.

(2) The Bar Council or its Disciplinary Committee may at any stage of a proceeding appoint an advocate to appear as *Amicus Curiae*. Such advocate may be paid such fee as the Council or the Committee may decide.

(3) Excepting when the Committee has otherwise directed, service on the advocate shall be deemed to be sufficient service on the parties concerned, even if copies of the notices are in addition sent to the parties, whether the parties have or have not been served.

(4) Unless otherwise indicated, where more than one Advocate appears for the same party, it is sufficient to serve the notice on any of them.

7. (1) If in an enquiry on a complaint received, either the complainant or the respondent does not appear before the Disciplinary Committee in spite of service of notice, the Committee may proceed *ex-parte* or direct fresh notice to be served.

(2) Any such order for proceeding *ex-parte* may be set aside on sufficient cause being shown, when an application is made supported by an affidavit, within 60 days of the passing of the *ex-parte* order.

**Explanation :** The provisions of Section 5 of the Limitation Act, 1963 shall apply to this sub-rule.

8. (1) The Disciplinary Committee shall hear the Attorney General or the Additional Solicitor General of India or the Advocate General, as the case may be or their advocate and parties or their advocates, if

22

BAR COUNCIL OF INDIA RULES

they desire to be heard and determine the matter on documents and affidavits unless it is of the opinion that it should be in the interest of justice to permit cross examination of the deponents or to take oral evidence, in which case the procedure for the trial of civil suits shall as far as possible be followed.

(2) On every document admitted in evidence, the following endorsement shall be made which shall be signed by the Chairman or any member of the Committee :-

The Disciplinary Committee of Bar Council of .....................
Exhibit No .............................. Date of Document.............................
Produced by .................................. Date ......................................
Signature of .................

(3) The exhibits shall be marked as follows :-

(a) Those of the complainant as C1,C2, etc.

(b) Those of Respondent as R1, R2,etc.

(c) Those of Disciplinary Committee as D1, D2, etc.

(4) The Disciplinary Committee may at any stage direct the parties or their advocates to furnish such further and better particulars as it considers necessary.

9. (1) Evidence given before the Disciplinary Committee shall be recorded preferably in English by any member of the Committee or any other person authorised by the Committee. The evidence so recorded shall be signed by the Chairman or if the Chairman is not there when the evidence is recorded by any member of the Committee.

(2) Whenever the record of a case decided by the State Bar Council or its Disciplinary Committee in which evidence has been recorded in a language other than English is required to be sent to the Bar Council of India or its Disciplinary Committee, a translation thereof in English made by a person nominated by Committee or Registrar certifying the same to be true copy shall also be sent.

10. (1) Every Disciplinary Committee shall make a record of its day to day proceedings.

(2) The Registrar of the Disciplinary Committee shall maintain a case diary setting out shortly in order of date, all relevant information concerning the date of filing, the date for hearing and despatch and service of the notices on the parties or the Advocates or the Attorney

23

BAR COUNCIL OF INDIA RULES

General or the Additional Solicitor General or the Advocate General as the case may be, of statements or petitions filed and/or of the order thereon and of other proceedings in the matter before the Committee.

11 (1) If in any enquiry pending before the Disciplinary Committee, the complainant dies and there is no representative who is willing to conduct the case on his behalf, the Disciplinary Committee may, having regard to the allegations made in the complaint and the evidence available, make a suitable order either to proceed with the enquiry or to drop it.

   (2) (a)  In the case of an enquiry against only one advocate, on his death the Disciplinary Committee shall record the fact of such death and drop the proceedings.

      (b)  Where the enquiry is against more than one advocate, on the death of one of them, the Disciplinary Committee may continue the enquiry against the other advocate unless it decides otherwise.

   (3) No Disciplinary enquiry shall be dropped solely by reason of its having been withdrawn, settled or otherwise compromised, or that the complainant does not want to proceed with the enquiry.

12. Unless otherwise permitted, counsel appearing before any of the Disciplinary Committees of the State Bar Council or Bar Council of India shall appear in court dress.

13. The Council may from time to time issue instructions on any of the matter provided for in these rules.

14. (1) The finding of the majority of the members of the Disciplinary Committee shall be the finding of the Committee. The reason given in support of the finding may be given in the form of a judgement, and in the case a difference of opinion, any member dissenting shall be entitled to record his dissent giving his own reason. It shall be competent for the Disciplinary Committee to award such costs as it thinks fit.

   (2) The Registrar of the Disciplinary Committee shall send free of charge to each of the parties in the proceedings, a certified copy of the final order or judgement as set out in Rule 36 in this Chapter.

24

BAR COUNCIL OF INDIA RULES

(3) The date of an Order made by the Disciplinary Committee shall be the date on which the said Order is first received in the office of the Bar Council after it has been signed by all the members thereof. For the purpose of limitation the date of the Order shall be the date on which the contents of the Order duly signed as aforesaid are communicated to the parties affected thereby.

15. Save as otherwise directed by the Disciplinary Committee or the Chairman thereof, certified copies of the records of a case pending before the Disciplinary Committee may be granted to the parties or to their counsel on an application made in that behalf and on payment of the prescribed fee.

16. (1) The Secretary of a State Bar Council shall send to the Secretary of the Bar Council of India quarterly statements of the complaints received and the stage of the proceedings before the State Bar Council and Disciplinary Committees in such manner as may be specified from time to time.

(2) The Secretary of the Bar Council of India may however call for such further statements and particulars as he considers necessary.

17. (1) The Secretary of every State Bar Council shall furnish such particulars and send such statements as may be considered necessary by the Secretary of the Bar Council of India for purposes of Section 36B of the Act and send all the records of proceedings that stand transferred under the said Section.

(2) The date of receipt of the complaint or the date of the initiation of the proceedings at the instance of the State Bar Council shall be the date on which the State Bar Council refers the case for disposal to its Disciplinary Committee under Section 35 (1)[*] .

(3) Whenever the records of proceedings are transferred under Section 36B of the Act to the Council, the requirements in Rule 9 (2) of this Chapter shall be followed by the Disciplinary Committee of the State Bar Council.

**B. Withdrawal of Proceedings under Section 36 of the Act**

18. (1) Where a State Bar Council makes a report referred to in Section 36 (2) of the Act, the Secretary of the State Bar Council shall

---

[*] Amended with effect from 10-4-1976

send to the Secretary of the Bar Council of India all the records of the proceedings along with the report.

(2) An application by a person interested in the withdrawal of a proceeding referred to in Section 36 (2) of the Act shall be signed by him and it shall set out the necessary facts supported by an affidavit and accompanied by the fee prescribed.

(3) For making an order on an application of a party or otherwise under Section 36 (2) of the Act, the Disciplinary Committee of the Bar Council of India may :

(a) call for a report of the Disciplinary Committee seized of the proceedings;

(b) issue notice to the respondent;

(c) require the parties to file such statements as it considers necessary;

(d) call for the records of the proceedings; and

(e) examine any witnesses.

(4) In the proceedings before the Disciplinary Committee of Bar Council of the India under Section 36, unless otherwise directed, the parties may appear in person or by advocate who shall file a vakalatnama as provided for under Rule 6 (1) in this Chapter.

(5) On a consideration of the report of a State Bar Council or otherwise the Disciplinary Committee of the Bar Council of India shall pass such orders as it considers proper.

**C. Appeal to the Bar Council of India under Section 37 of the Act**

19. (1) An appeal to the Council provided for under Section 37 of the Act, shall be in the form of a memorandum in writing as set out in Rule 21 in this Chapter. If the appeal is in a language other than English, it shall be accompanied by a translation thereof in English.

(2) In every appeal filed under Section 37 (1) of the Act, all persons who were parties to the original proceedings shall alone be impleaded as parties.

(3) Save as otherwise directed by the Disciplinary Committee of the Council, in an appeal by the advocate against an order under Section 35, in case of death of the complainant the legal representatives of the complainant shall be made parties.

26

BAR COUNCIL OF INDIA RULES

20. (1) An appeal may be presented by the appellant or his advocate or by his recognised agent in the office of the Bar Council of India or sent by registered post with acknowledgement due so as to reach the Secretary, Bar Council of India on or before the last day of limitation.

(2) Any appeal may be admitted after the period of limitation if the appellant satisfies the Disciplinary Committee that he has sufficient cause for not preferring the appeal within such period. Any such application for condonation of delay shall be supported by an affidavit.

21. (1) The memorandum of appeal referred to in Rule 19 (1) of this Chapter shall contain necessary particulars as in Form G. The memorandum of appeal shall state when the order was communicated to the appellant and how it is in time.

(2) Along with the memorandum of appeal, the appellant shall file :

(a)   either the authenticated or the certified copy of the order appealed against, signed by the Registrar of the Disciplinary Committee, and

(b)   five additional copies of the memorandum of appeal and of the order appealed against, if there is only one Respondent; if there is more than one Respondent, such number of additional copies as may be necessary. All copies shall be certified as true copies by the appellant or by his counsel.

(3) Every memorandum of appeal shall be accompanied by the prescribed fees in cash. In case the memo is sent by post, it shall be accompanied by the M.O. Receipt issued by the Post Office.

(4) If the papers filed in an appeal are not in order, the Registrar shall require the appellant to remove such defects within a specified time.

22. (1) Subject to the provisions contained in Rule 29 (2) in this chapter, the Chairman of the Executive Committee or in his absence the Vice-Chairman of the Executive Committee or such other member authorised in this behalf by the Council shall have the power to allocate matters relating to the Disciplinary Committee,

BAR COUNCIL OF INDIA RULES

save when any such case has been allotted by the Council to any particular Disciplinary Committee.*

(2) Any matter allotted to a particular Disciplinary Committee which has not been heard may be reallocated to a different Disciplinary Committee.

(3) Notwithstanding the provisions of Rule 30 in this Part, the Chairman of any Disciplinary Committee shall have powers to issue interim orders on urgent matters which may be placed before him by the Registrar.

23. Subject to any resolution of the Bar Council of India in this behalf relating to the places of hearing, the Chairman of the Disciplinary Committee concerned shall fix the date, hour and place for the hearing of the appeal.

24. (1) The appellant shall be required to file six typed sets of the following papers properly paged and indexed if there is only one Respondent and as many more sets as there may be additional respondents for the use of the Disciplinary Committee and by the other parties and for the record :-

(a) the complaint, statement in the defence of the advocate,

(b) the evidence oral and documentary and such other papers on which parties intend to rely.

(c) any other part of the record as may be directed by the Committee.

Where any of the above papers is in a language other than English, English translations thereof shall be filed.

(2) The Respondent shall, if he so desires, or if so called upon, file six sets of typed papers of any part of the record on which he intends to rely. He shall also file English translations of such papers as are not in English.

25. The Registrar shall give notices to the parties or their advocates or their recognised agents informing them of the date, time and place of the hearing of the appeal.

A copy of the memorandum of appeal shall be sent to the respondent along with the notice of the appeal.

_____
* Amended with effect from 18-6-1977

28

BAR COUNCIL OF INDIA RULES

26. (1) No appeal filed under Section 37 of the Act against an order of punishment of an advocate shall be permitted to be withdrawn on account of settlement or compromise or adjustment of the claim against the advocate.

(2) Every appeal filed under Section 37 of the Act by or against an advocate shall abate on the death of the advocate so far as he is concerned.

27. In regard to appearance of a party in the appeal, Rule 6 of this chapter will apply.

28. (1) The Registrar shall issue notice to the State Council concerned for the complete records to be sent to the Council.

(2) The Registrar of the State Council concerned shall send along with the records a list containing particulars under the following columns and comply with such other directions as may be issued.

| Serial No. of Document | Date of Document | Description of Document | Page No. |
|---|---|---|---|

**D. Application for Stay, and other matters**

29. (1) An application for stay made under Section 40, sub-section (1) or (2) of the Act shall be accompanied by an affidavit and the fees, if any prescribed by the rules of the Council made under Section 49(1)(h) of the Act. Where the affidavit is not in English, a translation thereof in English shall be filed. The applicant shall file with his application at least five copies of the application, and the affidavit and as many additional copies thereof as there are respondents. Where the application is not in English five copies with translation thereof in English shall also be filed.

In every application for stay made to the Council, the applicant shall state if any application has been made to the State Council and the orders thereon.

(2) Before a matter is allotted to a Disciplinary Committee under Rule 22 above, the Registrar may obtain orders on applications for interim stay or other urgent applications from the Chairman of any of the Disciplinary Committees.

The orders passed under this sub-rule shall be communicated to the parties and to the Secretary of the Bar Council concerned.

BAR COUNCIL OF INDIA RULES

30. After allotment of a case under Rule 22 in this Chapter to a Disciplinary Committee, the Registrar may obtain its orders on any matter of an emergent nature arising therein, by circulation.

30A. The Disciplinary Committee of the Bar Council of India shall exercise all the powers exercised by the Civil Court or Court of Appeal under C.P.C.[*]

31. The order of the Disciplinary Committee disposing of an appeal shall be communicated to the parties. The date of an order made by the Disciplinary Committee shall be the date on which the said order is first received in the office of the Council after it has been signed by all the members thereof.

**E. Rules applicable to all proceedings before the Disciplinary Committee of the State Bar Councils and the Bar Council of India.**

32. The Rules in this Chapter so far as may be, shall apply to all proceedings of the Disciplinary Committee of State Bar Councils or of the Bar Council of India.

**Proceedings to be in camera**

33. All the proceedings before the Disciplinary Committee shall be held in camera.

**Inspection of records and copies**

34. (1) Save as otherwise directed by the Disciplinary Committee or the Chairman thereof, inspection of any of the records in any proceeding before the Disciplinary Committee may be permitted to the parties or their advocates on presentation of an application duly signed by the applicant or his advocate and on payment of the prescribed fee on any working day except during the  summer or other vacations of the Supreme Court.

(2) An application for inspection shall be made to the Registrar of the Disciplinary Committee. The Registrar of the Disciplinary Committee may permit the inspection in his presence or in the presence of any member of the staff authorised by him.

The person inspecting shall not be entitled to make copies of the record of which inspection is granted. He shall, however, be permitted to make short notes in pencil.

---

[*] Rule added with effect from 31-12-1977.

BAR COUNCIL OF INDIA RULES

(3) Save as otherwise directed by the Disciplinary Committee or the Chairman thereof, certified copies of the records of a case pending before the Disciplinary Committee may be granted to the parties or to their counsel on an application made in that behalf and on payment of the prescribed fee.

(4) A copy of a final judgement in a decided case may be given to any person applying for the same on payment of the prescribed fee therefor, provided however that the name of the advocate against whom the proceedings were taken shall be omitted.

**Order awarding Costs : Decretal Order**

35. (1) All orders where costs are awarded in disciplinary proceedings shall specify the amount of costs awarded and also state the party against whom the order is made and the time within the amount is payable.

(2) As soon as possible after the order is made by the Disciplinary Committee, in respect of every order where costs are awarded to any of the parties, a decretal order shall be drawn up as in Form J- 1/J-2 at the end of this Chapter signed by the Secretary of the State Bar Council or the Council as the case may be, as Registrar of the Disciplinary Committee and bearing the seal of the State Bar Council or the Council as the case may be.

(3) The Decretal Order aforesaid shall be furnished to any party to the proceeding on application made therefor, and on payment of the charges prescribed under the rules.

**Copies of Final Orders**

36. The Secretary of the State Bar Council or the Bar Council of India as the case may be, shall send to each of the parties in the proceedings, a certified copy of the final order made under Sections 35, 36, 36B or 37, signed by him as Registrar of the Disciplinary Committee and bearing the seal of the State Bar Council/Bar Council of India as the case may be. No charges shall be payable on the copies so sent. Charges as prescribed under the rules shall however be payable for all additional copies of the said order applied for.

BAR COUNCIL OF INDIA RULES

## FROM — E - 1

*(Under Rule 5 in Chapter I, Part VII)*

**Notice of hearing of complaint under Section 35/36 of the Advocates Act, 1961 and Rule 5, Chapter I, Part VII of the Rules of the Bar Council of India.**

BEFORE THE DISCIPLINARY COMMITTEE OF THE BAR

COUNCIL OF ▬▬▬▬▬▬▬▬▬▬

D.C. ENQUIRY NO ▬▬▬▬....▬▬▬

▬▬▬▬▬                                           Complainant/s

(With Address)

vs.

▬▬▬▬▬                                           Respondent/s

(With Address)

**WHEREAS** a complaint dated ▬▬▬against respondent/s, a copy of which is sent herewith has been referred for disposal to the above Committee of the Bar Council ▬▬▬▬under Section 35/36 of the Advocates Act, 1961 and the Disciplinary Committee has fixed ▬▬▬▬ (time) on ▬▬▬▬ (date) for the hearings of the case at ▬▬▬▬ (place) in accordance with the procedure prescribed under the relevant rules of the Council.

The Respondent may submit his statement of defence together with any documents or affidavits in support of his defence within ▬▬▬ days from the date of this notice. The respondent shall send one copy of his statement of defence to the complainant and one copy to the Advocate-General direct under registered A.D.cover. The complainant may be entitled to file a reply to the statement of defence together with such documents on which he proposes to rely in support thereof within ▬▬▬ days.

The parties above-named are required to appear in person or through advocate before the said Committee on the said date, time and place or any other date or dates and place to which the matter

1

may be adjourned. It shall be open to the parties to examine the witnesses that may be permitted before the Disciplinary Committee.

If, on any date of hearing any party is absent, the hearing will proceed ex-parte against him.

═════ is required to file ══════════════ copies of ══════ to the Registrar, Disciplinary Committee, Bar Council of ══════ on or before ══════.

Dated this the ══════ day of the month ══════.... ══ By Order

Registrar

Disciplinary Committee

Bar Council of ═════

## FORM — E - 2

### The Disciplinary Committee of the Bar Council of India

*(Notice of hearing under Rule 5 in Chapter I, Part VII of the Rules of the Bar Council of India)*

(Subject to necessary modifications)

DCL/D/          /                                          Date══════

In                              the                              Matter of....................................................................

No. on the file of the Disciplinary Committee of the Bar Council of

(B.C.I. Tr. Case No.)

══════════════════Complainant (s)

*Vs.*

══════════════════Respondent (s)

**Notice under Section 36B read with Section 35 and 36 (2) of the Advocates Act and the Rules made thereunder**

WHEREAS the proceedings between the parties above referred to before the Disciplinary Committee of the Bar Council of ═════stand transferred to the Bar Council of India under Section

2

BAR COUNCIL OF INDIA RULES

36B of the Advocates Act, 1961 and the records in the same have been received by the Bar Council of India for disposal by the Disciplinary Committee of the Bar Council of India as provided for in the said Section 36B read with Section 36A and the other provisions of the Act and the Rules of the Bar Council of India in this behalf.

The parties in the above proceedings will take notice that the hearing in the same has been fixed :-

At (place)

For (dates and time)

The Disciplinary Committee will continue the proceedings from the stage at which it was so left by the Disciplinary Committee of the Bar Council of ▬▬▬▬▬ and will hear arguments on the evidence, oral and documentary already on record.

The parties are required to be ready with all their evidence oral and documentary and for arguments.

The parties above named are required to appear in person or through Advocate or through duly authorised agents before the said Committee on the said date, time and place or any other date or dates and place to which the matter may be adjourned.

In view of the pendency of these proceedings for a long time and its automatic transfer to the Bar Council of India under Section 36B of the Advocates Act, *the hearing will be peremptory* and no adjournment may be granted.

If the parties fail to appear in person or by advocate or to comply with the other requirements of this notice, the Committee will proceed *ex-parte* or make such other orders as it may deem fit.

The parties engaging any counsel may send their Vakalatnama duly signed by the counsel giving the address of the Advocate for the purpose of future communication.

Please note that notice of the hearing sent to the Advocate will be sufficient notice to the party even if a copy of the notice is sent to any of the parties.

Registrar,
Disciplinary Committee of
the Bar Council of India

*Copy to* :
The Attorney General of India,
New Delhi.

3

BAR COUNCIL OF INDIA RULES

## FORM - F

(*Under Rule 4 in Chapter I, Part VII*)

(Subject to necessary modifications)

From :

      The Secretary

      Bar Council of ▬▬▬▬▬

To

      The Attorney General/

      Additional Solicitor General of India/Advocate General

      ▬▬▬▬▬▬▬▬▬▬▬

      ▬▬▬▬▬▬▬▬▬▬▬

**Notice under Section 35 (2)/ 36(3) of the Advocates Act, 1961**

Sir,

      Please find enclosed copy of a notice dated ▬▬▬▬issued under Section 35 (2)/36 (3) of the Advocates Act, 1961 for the hearing of a case before the Disciplinary Committee of the Bar Council of ▬▬▬▬▬

                                   Registrar,

                           Disciplinary Committee

                           Bar Council of ▬▬▬▬

Date :

Place :

## FORM - G

### Memorandum of Appeal

(*Under Rule 21 in Chapter I, Part VII of the Rules of the Bar Council of India*)

(Subject to necessary modifications)

BEFORE THE DISCIPLINARY COMMITTEE OF THE BAR COUNCIL OF INDIA

Under Section 37 of the Advocates Act, 1961

4

BAR COUNCIL OF INDIA RULES

D.C. APPEAL No. /====

=============================Appellant

*Versus*

=========================Respondent

1.  (*a*)  Appellant ======= son of =============

(residing at)

Age ========== (to be filled in) ===========

(To be filled up if the vakalatnama is filed by the advocate)

The appellant appears by Advocate Shri====== ====Roll No ====== enrolled in the Bar Council of =======The Address for the service of Appellant is ====== === that of his advocate ======== =========== ===

(*b*) Respondent (s) (I)====== ============ =

S/o ====== =========== ===

residing at ======= ===========

2. The appellant files this appeal against the Order dated ========== in case No. ========== of the Disciplinary Committee of the Bar Council of ======= ===.

3. The complaint against the advocate, who is the Appellant/Respondent in this appeal was filed on ======= in the Bar Council of ========

The Bar Council referred the complaint for enquiry to its Disciplinary Committee on ======= ===. The Disciplinary Committee of the Bar Council to which the matter was referred has dismissed the complaint/made an Order for punishment against the advocate, reprimanding him/suspending him/removing his name.

4. The Committee has passed no order for costs/also passed an order for costs of Rs. ======== == payable by ========== to ==========

5. The order of the Disciplinary Committee will come into operation w.e.f. ==========

5

BAR COUNCIL OF INDIA RULES

6. The appellant has made no application to the Disciplinary Committee of the State Bar Council of ▬▬▬ The appellant has made an application before the Disciplinary Committee of the State Bar Council of ▬▬▬ on ▬▬▬▬ which has made an order for stay upto ▬▬▬▬/ which has dismissed the application for stay.

7. Six copies of the order of the Disciplinary Committee of the State Bar Council and the Stay Application are filed with this appeal.

The order of the Disciplinary Committee of the Bar Council of ▬▬▬▬ was received/communicated to the applicant on ▬▬▬▬

The appeal is in time/not in time.

The appeal is filed after the period of limitation and application for condonation of delay supported by an affidavit is filed herewith.

The appellant has paid Rs. .............. fee for the appeal on ▬▬▬ in cash/is paying Rs. ▬▬▬▬

The appellant files this appeal for the following amongst other grounds : -

1 ▬▬▬          2 ▬▬▬          3▬▬▬          etc.

Appellant/Advocate for

Appellant.

Place :

Date :

Enclosures : 1. Certified copy of the order complained against with 5 extra copies.

2. Memo of grounds of appeal with 5 extra copies.

3. Application, if any, for stay with 5 extra copies.

4. Affidavit in support of application for stay with 5 extra copies.

**FORM - H**

6

BAR  COUNCIL  OF  INDIA  RULES

(*Under Rule 25 in Chapter I, Part VII*)

(Subject to necessary modifications)

BEFORE THE DISCIPLINARY COMMITTEE (══) OF THE BAR COUNCIL OF INDIA

D.C. Appeal ══════ No.                    /

against

Order of the Disciplinary Committee of Bar Council of ═══════ Dated ═════════in Case/Complaint No. ════════. In the matter of Shri ════════ Advocate ═══.═══════                    Appellant(s)

*Versus*

══════════                    Respondent(s)

**Notice of Appeal under Section 37 of the Advocates Act, 1961 and intimation of the date of hearing**

WHEREAS an appeal has been filed by the appellant above named against the order of the Disciplinary Committee of the State Bar Council of ══════ in Case/Complaint No. ═════ dated ═════

The parties to the appeal will please take notice that the hearing of the above appeal before the said Committee has been fixed for ═════ the ══════ at ══════ (Place) ════════ at ═══════

If any of the parties to the appeal fail to appear in person or through advocate on the date of the hearing or any date on which it may be adjourned, the matter will be proceeded with *ex-parte*.

Please also take notice that stay of the operation of the order filed against has been granted by order of the Disciplinary Committee dated ════════.

New Delhi

═════

Dated :                                        Registrar,

Disciplinary Committee,

Bar Council of India.

*Note*:- One copy of the grounds of appeal is sent to each of the respondents.

**FORM - I**

(*Under Rule 29, Chapter I, Part VII*)

7

BAR COUNCIL OF INDIA RULES

(Subject to necessary modifications)

DISCIPLINARY COMMITTEE (====) OF THE COUNCIL OF
INDIA

====== (Chairman)

=========

=========

Miscellaneous Petition No. ======= (Stay)

IN

D.C. Appeal No. ===================Appellant(s)

*Vs*.

==================== Respondent(s)

Dated the ==================== .........................

Petition for stay and suspension of the operation of order of the
Disciplinary Committee of the Bar Council of ====== in
Case/Complaint No ======= dated ====== suspending the
petitioner from practice under Section 35 (3) of the Advocates Act,
1961 for a period of ========== pending the disposal of the appeal
filed against the said Order.

**ORDER**

The operation of the order of the Disciplinary Committee of the
Bar Council of ======= dated ======= in Case/Complaint No.
====== is stayed.

By Order

Registrar,

Disciplinary Committee of

the Bar Council of India.

8

## FORM - J - I

*(Under Rule 35 (2) Chapter I, Part VII)*

BEFORE THE DISCIPLINARY COMMITTEE OF THE BAR COUNCIL OF ===================ORIGINAL JURISDICTION (To be added in matter before the Bar Council of India) Complaint/Case No =========..... ==========

(On a complaint made by Shri ======= (address) ========== Complainant(s)

(Name & address)

<em>Vs</em>.

==========                                           Respondent(s)

(Name & Address)


                                                            (Date)

*Present* :—

　　　Shri. ========== (Chairman)

　　　Shri. ========== (Member)

　　　Shri. ========== (Member)

For the Complainant : Shri ======= , Advocate in/person

For the Respondent : Shri =======, Advocate in/person

The Case above mentioned being called on for hearing before the Disciplinary Committee of the Bar Council of ======== on the ======== day of ======== ===, UPON hearing Advocate for the Complainant/the Complainant in person AND Advocate for the Respondent (Respondent in person)/Respondent not appearing either in person or through Counsel though served; the Disciplinary Committee of the Bar Council of =====determining (state the gist of the punishment) DOTH ORDER :

That the Complaint/Case be and the same is hereby dismissed/allowed.

That there shall be no order as to costs;

9

That the Complainant/Respondent do pay to the Respondent/ Complainant herein the sum of Rs====./- (Rupees ====(in words) being the costs incurred in the Bar Council of  ======== within ======== month from the date of this order;

That this Order be punctually observed and carried into execution by all concerned;

WITNESS  Shri  ======== Chairman of the Disciplinary Committee of the Bar Council of ====== at ======== this the ======= day of ======.... ========= .

Registrar,

Disciplinary Committee of

the Bar Council of ====

---

## FORM — J.2

(*Under Rule 35  (2) in Chapter I, Part VII*)

THE DISCIPLINARY COMMITTEE OF THE BAR COUNCIL OF INDIA

D.C. Appeal No. ======== of  ===

(On appeal from the Order dated the  ======== day of

===== of the Bar Council of  ====== in Case

No  ======= of  ====)

============                              Appellant(s)

(Name & address)

*Vs*.

============                              Respondent(s)

(Name & address)                                              ====

(date)

*Present* : —

    Shri. ======= (Chairman)

    Shri. ======= (Member)

    Shri. ======= (Member)

10

BAR COUNCIL OF INDIA RULES

For the Appellant : Shri ======, advocate/in person

For the Respondent : Shri ======, advocate/in person

The appeal above mentioned being called on for hearing before the Disciplinary Committee of the Bar Council of India on ====== day of ====== ===, UPON hearing Advocate for the appellant (the appellant in person) AND Counsel for the Respondent (the Respondent in person)/respondent not appearing either in person or through Advocate though served. The Disciplinary Committee of the Bar Council of India DOTH ORDER.

That the original order dated ====== is hereby confirmed/set aside/set modified as under : —

That the Appeal be and the same is hereby dismissed/allowed;

That there shall be no order as to costs;

That the Appellant/Respondent DO pay to the Respondent/Appellant herein the sum of Rs ======/- [Rupees ====== (in words)] being the costs incurred in the Bar Council of India as well as the sum of Rs. ========/- ====== (in words) being the cost incurred in the Bar Council of...................................within months from the date of this Order.

That this Order be punctually observed and carried into execution by all concerned.

WITNESS Shri. ======== Chairman of the Disciplinary Committee of the Bar Council of India at (Place) this the ======== day of ==============.

Registrar,
Disciplinary Committee of
Bar Council of India

## CHAPTER - II

### Review under Section 44 of the Act

1. An application for Review under Section 44 of the Act shall be in the form of a petition duly signed and supported by an affidavit

11

BAR COUNCIL OF INDIA RULES

accompanied by the prescribed fee and filed within 60 days from the date of the Order sought to be reviewed.

2.  Every such application shall be accompanied by :

(*a*) a certified copy of the Order complained of,

(*b*) five additional copies of the application, affidavit and the order, and

(*c*) if there are more respondents than one, as many additional true copies as may be necessary.

3.  Every such application shall set out the grounds on which the Review is sought and shall further state whether any  proceeding in respect thereof was filed and is still pending or the result thereof as the case may be.

4.  If a Disciplinary Committee of a Bar Council does not summarily reject the application under Section 44 of the Act, or wishes to exercise its powers under Section 44 *suo motu,* the Secretary of a Bar Council shall issue as nearly as may be in the Form K at the end of this Chapter, notice to the parties and to the Advocate-General concerned or the Additional Solicitor-General of India in the case of the Bar Council of Delhi.

5.  (1) If after the hearing referred to in Rule 4, the Disciplinary Committee of a State Bar Council does not dismiss the application, and decides that the application for review should be allowed, the copy of the order along with the relevant record shall be sent to the Bar Council of India for approval.

(2) If the Bar Council of India approves the order of the State Bar Council, the Disciplinary Committee of the State Bar Council shall communicate the order to the parties, if the Bar Council of India does not approve it, the Disciplinary Committee of the State Bar Council shall make its order dismissing the application and inform the parties.

6.  The decision of the Disciplinary Committee of the Bar Council of India on an application for Review of its order shall be communicated to the parties.

7.  In the proceedings under this Chapter, unless the Disciplinary Committee of the State Bar Council or the Bar Council of India, as the case may be, otherwise decides, the parties may appear by the advocate who shall file a vakalatnama signed by the party.

12

BAR COUNCIL OF INDIA RULES

## FORM - K

*Notice Under Section 44 of the Advocates Act, read with Rule 4 in Chapter II, Part VII of the Rules of the Bar Council of India*

(Subject to necessary modifications)

BAR COUNCIL OF ▬▬▬▬▬▬

REVIEW APPLICATION ▬▬▬▬▬▬ ▬▬

▬▬▬▬▬▬                                                    Petitioner/s

vs.

▬▬▬▬▬▬                                                    Respondent/s

WHEREAS on the application of ▬▬▬▬▬▬ /*suo motu* the Disciplinary Committee of the Bar Council of ▬▬▬ having considered that there are *prima facie* grounds for Review of the Order made in Case No. ▬▬▬▬ ▬▬▬▬ on ▬▬▬▬.

The Respondent is informed that the said application will be heard by the Disciplinary Committee of the Council of ▬▬▬▬▬▬ on ▬▬▬▬▬▬ at (time) ▬▬▬ at place ▬▬▬▬ and that if the Respondent does not appear in person or through his advocate on the said date or on such other date to which the hearing may be adjourned, the matter will be heard and disposed of in his absence.

Date this ▬▬▬▬ day of ▬▬▬ ▬▬

Office of the Bar Council of ▬▬▬▬

Registrar,

Disciplinary Committee of the

Bar Council of ………

## PART VIII
### Fee leviable under the Act
(Rules under Sec. 49(1)(h) of the Act)

1. A State Council may levy fees, not exceeding the limits prescribed hereunder in any of the following matters.

| | | |
|---|---|---|
| (*a*) | Petition challenging the election of one or all members of the State Council | ☰ Rs. 10,000.00* |
| (*b*) | Complaint of professional misconduct under Section 35 of the Act. | ☰ Rs. 250.00 |
| | Provided that no fee shall be payable on a complaint made by any court or tribunal or other statutory body or wherein a proper case the Bar Council grants exemption therefor. | |
| (*b*-1) | The complainant shall be liable to pay in addition to the fee in sub clause (*b*) the cost of service of process unless the Disciplinary Committee grants exemption therefor. | ☰ Rs. 200.00 |
| (*c*) | Certificate as to the date of enrolment and the continuance of the name of the advocate on the roll. | ☰ Rs. 50.00 |
| (*d*) | Certificate required to be produced with the transfer application under Section 18 of the Act | ☰ Rs. 100.00 |
| (*e*) | Inspection by complainant or the concerned advocates, of documents relating to the disciplinary matters. | ☰ Rs. 50.00 |
| (*f*) | Inspection of the roll of the advocates or the voters list. | ☰ Rs. 50.00 |
| (*g*) | Any application made in any proceedings before a State Council or its Committee other than the Disciplinary Committee. | ☰ Rs. 50.00 |

---

\* w.e.f. 2-3-2008

14

2.  A fee as specified hereunder shall be paid in the following matters.

(*a*)  Complaint of professional misconduct referred under section 36 of the Act. ... Rs. 250.00

Provided that no fee shall be payable on a complaint or appeal made by any court or tribunal or other statutory body or where in a proper case the Council grants exemption therefor.

(*a*-1)  The complainant shall be liable to pay in addition to the fee in sub-clause(*a*) the cost of service of process unless the Disciplinary Committee grants exemption thereof. ≡ Rs. 200.00

(*b*)  An appeal filed under Section 37 of the Act ≡ Rs. 500.00

(*c*)  An application for stay made to the Council under the Act. ≡ Rs. 100.00

(*d*)  (*i*) An application for inspection ≡ Rs. 50.00

(*ii*) Inspection in cases finally decided when permitted. ≡ Rs. 100.00

(*e*)  An application for withdrawal under Section 36 of the Act. ≡ Rs. 500.00

(*f*)  An application for Review under the Act. ≡ Rs. 500.00

(*g*)  An application for the exercise of its power under Section 48A of the Act (Revision). ≡ Rs. 250.00

(*h*)  Any application made in any proceedings before the Council or a Committee other than the Disciplinary Committee. ≡ Rs. 50.00

BAR COUNCIL OF INDIA RULES

3. (*a*)  Every application for an authenticated copy of any certificate, order of other proceedings, entry on any roll, or any document or deposition in any proceeding, before a State Council or the Council or a Committee thereof shall be accompanied by a fee of Rs. 50/- and the copying charges as follows :

Every exemplification of the order or other documents in addition to the folio and other charges.    ≡    Rs. 50/-

Copying charges for folio    ≡    10/-

A folio shall be deemed to consist of two hundred words, seven figures shall be counted as one word and more than half a folio shall be reckoned as a folio.

(*b*)  In any proceedings, summons to witness shall only be issued on payment of the requisite batta and/or charges according to the rates prescribed by the High Court, in the case of a State Council, and the Supreme Court in the case of the Council or a Committee thereof as the case may be.

(*c*)  Every interlocutory application, including a petition for excusing delay or for obtaining stay for proceedings of a Disciplinary Committee shall be accompanied by a fee of Rs. 100/- in the case of the Disciplinary Committee of a State Council and a fee of Rs. 100/- in the case of the Disciplinary Committee of the Council.

(*d*)  An application by a party to the proceedings for unattested copies of depositions of witnesses may be supplied at the rate of Rs. 5/- for each page of the deposition.

16

BAR COUNCIL OF INDIA RULES

4.  (*a*)  Application for transfer from one State Bar Council to another State Bar Council          … Rs. 750.00

  (*b*)  Preparation charges of File and other papers reg: transfer of name by transferror and transferee Bar Councils          … Rs. 750.00

5.  For resumption of practice as an Advocate, an applicant shall have to pay a sum of Rs. 1,000/- in favour of the State Bar Council and Rs. 200/- in favour of the Bar Council of India by way of separate Bank Drafts drawn in favour of the respective Bar Councils.[*]

---

[*]Fee Revised w.e.f. 16-9-2006

## PART-IX

### General Principles to be followed by State Bar Councils and Bar Council of India, rules for Supervision and Control by the Bar Council of India

*(Rules under Section 49(1) (a), (i) and (j) of the Act)*

#### ELECTION

1.  The election of members to State Councils shall only be by secret ballot. There shall be no voting by post except that a State Council may permit voting by post to advocates eligible to vote and who do not ordinarily practise at the seat of the High Court or the seat of any of the District Courts in the State.

   **Explanation** :- An advocate shall be deemed ordinarily to practise at the place which is given in his address in the Electoral Roll.

2.  Any candidate who by himself or through his agent seems or attempts to secure from any voter his ballot paper with intent to prevent him from transmitting it directly or with intent to ensure that the vote has been cast for a particular candidate shall be guilty of an election malpractice which shall invalidate his election whether or not the result of the election has been materially affected thereby.

3.  The notice of election of members of the State Councils and the results of the elections shall be published in the State Government Gazette or Gazettes as the case may be.

4.  A State Council may require a deposit from every candidate standing at an election, which may be forfeited in case the candidate is unable to secure at least 1/8 of the quota fixed for the election.

5.  All election disputes shall be decided by tribunals constituted by the State Councils.

#### FUNDS OF STATE COUNCILS

6.  The funds of State Councils must first be deposited in the State Bank of India or any Nationalised Bank before any money could be expended, and disbursement shall ordinarily be made by cheques, unless the amount involved is small.

7.  The State Bar Council may decide from time to time investment of its funds in the following securities.

18

BAR COUNCIL OF INDIA RULES

1. Fixed Deposits or Cumulative Deposits in the State Bank of India or in such other Nationalised Banks;

2. in any other securities specified in Section 20 of the Indian Trust Act, 1882;

3. in the Fixed Deposits or Cumulative Deposits with Government Companies as defined in the Companies Act, 1956[*].

8. Every State Council shall maintain a provident fund for its employees and also pay gratuity in accordance with rules which each Council may frame.

9. The State Councils may accept donations in cash or kind for any of the purposes of the Act.

10. The accounts of every Council shall be audited by a Chartered Accountant once a year.

BOOKS AND REGISTERS

11. The State Bar Councils and the Bar Council of India shall maintain the following books:-

(*a*) Minutes books;

(*b*) Attendance Register for the staff;

(*c*) Leave Register for the staff;

(*d*) Acquittance Register;

(*e*) Day Book and Ledger;

(*f*) Receipt Book;

(*g*) Financial Assistance Register;

(*h*) Provident Fund Account; and

(*i*) Property Register.

THE BAR COUNCIL OF ========

COPY APPLICATION REGISTER

12. Every State Bar Council shall maintain:-

(*a*) A Copy Application Register containing as far as possible the following entries :-

1. Serial No.

2. D.C. Enquiry No. /D.C. Appeal No.

3. Name of advocate/party (Making the Application).

---

[*] Sub Rule 7(3) came into force from 27-11-1988.

BAR COUNCIL OF INDIA RULES

4. No. of Folio.

5. Charges payable.

6. Date of receipt of copy application.

7. Date of notifying charges payable.

8. Date of payment.

9. Date when copy ready.

10. Date of delivery.

11. Signature for receipt

12. Remarks.

To every certified copy applied for and furnished shall ordinarily affixed a rubber stamp containing inter alia the following columns :-

## THE BAR COUNCIL OF ▬▬▬▬

C.A. No.▬

1. No. of D.C. Proceeding.

2. Date of communication of order.

3. Date of receipt of copy application.

4. Date when charges are called for.

5. Date when charges are paid.

6. Date when copy despatched or delivered.

7. Charges paid for the copy.

Date▬▬▬▬                          Signature of Secretary
                                  or other person authorised

(*b*) "Bar Council Complaint Register", containing the following columns.

| 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|
| Sl. No. | Date of receipt of complaint | Name of complainant or other person and address. | Name of advocate against whom the complaint is made, his Roll No. | Date on which Bar Council considered |
| 6 | 7 | 8 | 9 |

20

BAR COUNCIL OF INDIA RULES

| If rejected prima facie, or referred to its Disciplinary Committee and date of resolution. | Reference to page of Disciplinary Committee register, further particulars. | If *suo motu*, necessary particulars | Any other particulars/ Remarks |
|---|---|---|---|

(*c*) Disciplinary Committee register containing the following columns:-

| 1 | 2 | 3 | 4 |
|---|---|---|---|
| Sl. | Number of Case | Complainant's Address. | Name of the Advocate about whom complaint is made and his address and Roll No. |

| 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|
| Date of reference by Bar Council | Name of Member of Disciplinary Committee | If summarily rejected date. | If not summarily rejected, dates of enquiry | Gist of Final order under Section 35 (1) and date |

| 10 | 11 | 12 | 13 |
|---|---|---|---|
| Date on which Order was sent to the parties. | Date of receipt of order communicated to parties | If appeal filed number of the appeal and particulars | Date of receipt of notice for despatch of records. |

21

BAR COUNCIL OF INDIA RULES

| 14 | 15 | 16 | 17 | 18 |
|---|---|---|---|---|
| Date of despatch of records to Bar Council of India | Result of appeal etc. | Date of receipt of records received back from the Bar Council of India | Date of return of documents to parties. | Remarks and other particulars |

22

BAR COUNCIL OF INDIA RULES

13. The Bar Council of India shall maintain the following registers : -

1. Copy Application Register, containing entries as nearly as possible as in the case of the copy application register of Stare Bar Councils with necessary modifications.

2. The Bar Council of India Complaint Register, containing entries on matters required with reference to register of the State Bar Councils.

3. The Disciplinary Committee Register containing similar entries with necessary modifications as is necessary for State Bar Councils.

4. The Disciplinary Committee appeal registers containing the following columns.

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| S. No. | Date of Receipt of papers | Name of appellant | Name of Respondent | Name of Advocate against whom the enquiry is made and Roll Number | Appeal from Bar Council of▬▬ |

| 7 | 8 | 9 | 10 | 11 |
|---|---|---|---|---|
| Date on which papers were found in order | Names of Members of Disciplinary Committee | Dates of hearing | Date of receipt of records of the Disciplinary Committee appealed against | Date of final Order |

| 12 | 13 | 14 | 15 |
|---|---|---|---|
| Date of Despatch of Order to parties | Date of receipt of Order Communicated | Particulars as to Appeal to Supreme Court, if any | Results of Appeal to Supreme Court |

Contd▬

| 16 | 17 | 18 |
|---|---|---|

BAR  COUNCIL  OF  INDIA  RULES

Review application, if  Date of despatch of records     Other
particulars
any, with particulars    received from the Bar Council and remarks

## SCRUTINY OF RECORDS OF STATE COUNCILS

14. (*i*) The Chairman (*ii*) the Vice-Chairman, (*iii*) any member of the
Council or the Secretary of the Council duly authorised by a
resolution, shall be entitled at any time to look into any of the
records or other papers of any State Council.

## ENROLMENT

15. (1) In addition to the enrolment fee laid down in Section 24 of
the Advocates Act, person desirous of being enrolled as advocates
shall also be liable to pay to the State Councils, Stamp Duty payable
by them under the Indian Stamp Act and such Bar Councils shall be
entitled to recover the same before making the entry of their names
in the rolls.

(2) Every candidate seeking enrolment as an Advocate shall be
required to affirm and subscribe to the following declarations:

(*a*) 'I shall uphold the Constitution and the Laws';

(*b*) 'I shall faithfully discharge every obligation cast on me by
the Act and the Rules framed thereunder'.

## ELECTORAL ROLL AND ELECTION

16. (1) Every State Council shall hold its elections well in time before
the expiry of the terms of its members and take all steps necessary in
respect thereof.

(2) The Secretary of every State Council shall take steps in time
or prepare and publish the electoral rolls for the purpose of the
elections.

## SUPERVISIONS AND CONTROL

17. The State Councils shall, when so required, make such periodical
returns or statements or furnish such information as may be
prescribed or called for by the Council :

18. The Secretary of every State Council shall inter alia send to the
Secretary of the Council :

24

BAR COUNCIL OF INDIA RULES

(*a*) a copy of the notice of every election of members to the State Council, a copy of the list of members elected, intimation of the election disputes, if any referred to any tribunal or Committee and the result thereof;

(*b*) the names of the ex-officio member of the State Council;

(*c*) the name of members of the State Council co-opted for any vacancy;

(*d*) the names of members elected as Chairman and Vice-Chairman of the State Council from time to time;

(*e*) the name of the Secretary of the State Council and his residential address;

(*f*) address of the State Council, and intimations as to its hours of work and holidays;

(*g*) the name and address of the member elected to the Council and the date of election;

(*h*) before the 31st day of December each year a statement as to the number of Disciplinary matters taken on file, number of cases disposed of and number of cases pending.

19. The Secretary of each State Bar Council shall keep the Bar Council of India informed of all proceedings in any Court or Tribunal instituted by or against the Bar Council, and shall wherever necessary send copies of such proceedings.

20. Every State Council shall arrange for the audit of its accounts in time in accordance with its rules and send forthwith after audit, the copy of the audited accounts together with a copy of the report of the auditors thereon to the Council.

21. Rule deleted as Section 46 omitted by Advocates Amendment Act, 1993.

22. (*a*) The State Councils shall give due publicity to their rules.

(*b*) The State Councils shall furnish information of the names of persons (with their roll numbers and other necessary particulars) removed from its rolls or suspended under Chapter V of the Act or who voluntarily suspend practice and of those who resume practice, to all the Bar Associations and the High Courts and the Subordinate Courts in the State.

25

23. (*a*) The names of advocates shall be entered in the rolls without suffixes, prefixes, titles or degrees.

In the case of person who has taken a degree in law from any University, the name shall be the same as entered in the degree or other certificate granted by the University; in the case of a Barrister, as in the certificate of call to the Bar;

In the case of a Vakil, Pleader or Attorney or Mukhtar, as it is in certificate of entry as such Vakil, Pleader or Attorney or Mukhtar and

In the case of any person previously enrolled as an advocate, whether he holds a degree in law or not, as in the certificate of such admission.

In the case of any person not falling under any of the above categories, the name shall be such as the State Council or the Enrolment Committee may determine.

(*b*) The name as entered in the roll of the State Council shall not be altered in any respect except when;

(*i*) on an application for that purpose, the State Council accords its permission;

(*ii*) a notice thereof is thereafter affixed on the notice board of the State Council and published in the local gazette in one issue or in a local English newspaper as the State Council may specify and

(*iii*) the applicant defrays all the necessary costs thereof.

(*c*) Every State Council shall forthwith communicate to the Council, the change if any in the name of any advocate on its rolls.

24. (*a*) When the name of an advocate is removed from the rolls or an advocate is suspended from practice or otherwise punished under an order of any Disciplinary Committee or an order of the Supreme Court under Section 38, or when an intimation of voluntary suspension from practice is received from the advocate, the State Council in respect of a person in its roll and the Council in respect of a person whose name is not in any State Roll, shall furnish information thereof giving the name of the advocate, his roll number and date of enrolment, his address, nature of the punishment inflicted-

26

(*i*) to the Registrar of the High Court of the State;

(*ii*) to the Registrar of the Supreme Court of India;

(*iii*) to the Bar Association in the High Court;

(*iv*) to the District Court of the State, and

(*v*) to such other authorities as the State Council or the Council may direct.

(*b*) The State Bar Councils and the Bar Council of India shall also cause to be published in the State Gazettes or the Gazette of the Government of India as the case may be, information relating to the removal from the roll or the suspension of an advocate for misconduct.

---

## RULES MADE BY THE CENTRAL GOVERNMENT UNDER SECTION 49-A OF THE ADVOCATES ACT, 1961 RE : RIGHT OF PRACTISING ADVOCATES TO TAKE UP LAW TEACHING*

### Government of India Ministry of Law, Justice & Company Affairs, Department of Legal Affairs.

### NOTIFICATION

G.S.R in exercise of the powers conferred by Section 49A of the Advocates Act, 1961 (25 of 1961), the Central Government hereby make the following rules, namely:-

**1. Short title and commencement :**

(1) These rules may be called the Advocates (Right to take up Law teaching) rules, 1979.

(2) They shall come into force on the date of their publication in the Official Gazette.

**2. Definitions**

In these rules "Act' means the Advocates Act, 1961 (25 of 1961).

---

* Published in the Gazette of India on 26-10-1979

**3. Right of practising advocates to take up law teaching.**

(1) Notwithstanding anything to the contrary contained in any rule made under the Act, an advocate may, while practising, take up teaching of law in any educational institution which is affiliated to a University within the meaning of the University Grants Commission Act, 1956 (3 of 1956), so long as the hours during which he is so engaged in the teaching of law do not exceed three hours in a day.

(2) When any advocate is employed in any such educational institution for the teaching of law, such employment shall, if the hours during which he is so engaged in the teaching of law do not exceed three hours, be deemed, for the purposes of the Act and the rules made thereunder, to be a part-time employment irrespective of the manner in which such employment is described or the remuneration receivable (whether by way of a fixed amount or on the basis of  any time scale of pay or  in any other manner) by the advocate for such employment.

(No. F 3 (33)/77-IC)

28

## MODEL SCHEMES FOR WELFARE OF ADVOCATES FRAMED BY BAR COUNCIL OF INDIA

### I. SCHEME FOR GRANTING FINANCIAL ASSISTANCE TO INDIGENT PRACTISING ADVOCATES WHEN SUFFERING FROM SERIOUS AILMENT.

(1) These rules shall be known as "Rules for grant of financial assistance to Indigent Practising Advocates suffering from Serious Ailment" and shall apply to all such Advocates practising in the State.

(2) These rules shall come into force from the date notified by the Bar Council of India[*] .

(3) Definitions :

> (*a*) "Applicant" shall mean an advocate on the roll of the State Bar Council within whose jurisdiction he is practising and applying for the financial assistance to such State Bar Council.

> (*b*) "Bar Council of India" means the Bar Council constituted under Section 4 of the Advocates Act.

> (*c*) "Bar Council of India Advocates Welfare Committee" means a committee constituted under Rule 44A (1) of the Bar Council of India Rules under Part VI, Chapter II, Section IV-A.

> (*d*) "Bar Council of India Advocates Welfare Committee for the State" shall mean the Advocates Welfare Committee constituent for the State under Rule 44A (2)(i) of the Bar Council of India Rules under Part VI, Chapter - II, Section IV- A.

> (*e*) "Indigent Advocate" means any practising advocate, who is unable to maintain himself and his family and is also unable to meet the costs of his treatment in case of serious ailment.

> (*f*) "Family" shall mean the advocate's wife or in the case of a female, her husband, his or her minor children and aged

---

[*]Came into force from 19th July, 1998 (Res. No. 64/98)

parents actually dependent on the applicant advocate for maintenance.

(g) "Fund" means fund constituted under the Bar Council of India Advocates Welfare Rules as contained under Part VI, Chapter II, Section IV-A of the Bar Council of India Rules for the Scheme for Financial Assistance to Indigent Practising Advocates when suffering from serious ailment in that State.

(h) "Serious Ailment" will include ailment of serious nature affecting brain, heart, lungs, abdomen or compound fracture or any part of the body requiring treatment for more than one month.

(i) "State Bar Council" means Bar Council constituted under Section 3 of the Advocates Act.

(4) An indigent advocate practising in any court, tribunal or before any local authority in India shall be entitled to apply for appropriate financial assistance in case of his serious ailment, compelling him to remain confined to bed for more than one month, in the form prescribed for the purpose or in a form similar thereto addressed to the Chairman of the State Bar Council concerned. Such application shall be submitted in duplicate to the State Bar Council within whose jurisdiction the advocate is practising and such application must be recommended by the Executive Committee of the Bar Association of which the advocate concerned is a member and/or State Bar Council is otherwise satisfied and must also be certified by a doctor attending on him.

Provided that the State Bar Council suo moto or on the information received from any other source refer the case to the Advocates Welfare Committee of the State. On receipt of such application/applications or such reference by the State Bar Council the Secretary of the State Bar Council shall place the same before the Advocates Welfare Committee and shall make such enquiries in respect thereto as may be necessary as expeditiously as possible.

(5) The Advocates Welfare Committee for the State when decided to grant financial assistance in an appropriate case shall sanction such amount as may be necessary to complete any operation or treatment connected with the ailment of the Advocate concerned not exceeding Rs. 1,500/- and may also sanction such monthly assistance to the

30

applicant towards treatment and costs of medicines etc, and for maintenance of his family for a period of three months at the rate of not exceeding Rs. 500/- per month.

(6) In case the Advocates Welfare Committee for the State considers in a given case that financial assistance is utmost necessary beyond the limit, provided under Rule (5), it shall refer to the Bar Council of India with its comments. The Advocates Welfare Committee of the Bar Council of India may sanction a sum upto Rs. 10,000/- for treatment of the ailment.

(7) The Bar Council of India may on the recommendation of its Advocates Welfare Committee and the recommendation of the State Bar Council may in an appropriate hard cases sanction ex-gratia upto a sum of Rs. 10,000/- from the fund of the Bar Council of India constituted under Rule 41(2) of the Bar Council of India Advocates Welfare Rules.

**Explanation** : "hard cases" means the dependent of the deceased advocate have no financial means and in the circumstances immediate help is felt necessary.

(8) Financial grant to the Advocate concerned shall ordinarily be paid without delay. If the Advocate is unable to come for receiving the money so sanctioned, the office of the State Bar Council may send it to the advocate concerned by money order or to the representations of such advocate specially by him in writing to the satisfaction of the Secretary, State Bar Council and on granting an appropriate receipt for such payment money so sanctioned or monthly maintenance of the Advocate shall be sent by the first week of every month for such grant on obtaining an appropriate receipt.

(9) The State Bar Council shall maintain proper records of all the records received and amounts sanctioned and receipt obtained thereof.

(10) If any advocate makes any statement or furnishes any information which is proved to be false to his knowledge, it shall amount to professional misconduct under Section 35 of the Advocates Act.

(11) If the Advocates Welfare Committee for the State subsequently finds that any statement given or evidence adduced by the applicant was false in material particulars the Committee shall refer the matter

31

BAR COUNCIL OF INDIA RULES

to the State Bar Council with its report and the State Bar Council may call upon the applicant to refund the entire amount given as assistance with such interest as it may deem fit and the applicant shall comply with such directions.

(12) The Advocate aggrieved of any order passed by the State Bar Council under Rule 10 may file an appeal to the Bar Council of India within 90 days. The Bar Council of India may either dismiss the appeal summarily or in case it finds a case for setting-aside or modifying the order of the State Bar Council the order shall be passed only after notice to the concerned State Bar Council.

32

## II. FINANCIAL ASSISTANCE TO INDIGENT & DISABLED ADVOCATES : -

1. These rules shall be known as "Rules for Financial Assistance for Indigent and Disabled Advocates practising in India."

2. These rules shall come into force with effect from the date notified by the Bar Council of India.*

3. Definitions:-

   (*a*) "Applicant" shall means an advocate on the roll of the State Bar Council within whose jurisdiction he is practising and applying for the financial assistance to such State Bar Council.

   (*b*) "Bar Council of India" means the Bar Council constituted under Section 4 of the Advocates Act.

   (*c*) "Bar Council of India Advocates Welfare Committee" means a Committee constituted under Rule 44(1) of the Bar Council of India Rules under Part VI, Chapter II, Section IV-A.

   (*d*) "Bar Council of India Advocates Welfare Committee for the State" shall mean the Advocates Welfare Committee constituted for the State under rule 44A (2) (*i*) of Bar Council of India Rules under Part VI, Chapter II, Section IV-A.

   (*e*) "Disabled Advocate" shall mean an advocate, whereby reason of any physical, mental or other infirmity is unable to practise the profession of law.

   (*f*) "Family" shall mean the Advocate's wife or in the case of female, her husband, his or her minor children and aged parents actually dependent on the applicant advocate for maintenance.

   (*g*) "Fund" means fund constituted under the Bar Council of India Advocates Welfare Rules for the scheme for assistance to Indigent and Disabled Advocates practising in the State.

   (*h*) "Indigent Advocate" shall mean an advocate who has to maintain himself and his family from his profession and other income.

   (*i*) "State Bar Council" means Bar Council constituted under Section 3 of the Advocates Act.

---

* Came into force from 19th July, 1998.

BAR COUNCIL OF INDIA RULES

4. Any person desirous of obtaining financial assistance under these rules shall submit an application to the Chairman of the State Bar Council. The State Bar Council may also give financial assistance as it may deem fit suo motu or on the information received from any other source. The application shall be submitted in duplicate duly recommended by the Executive Committee of the Bar Association of which the advocate concerned is member and/or the Advocates Welfare Committee of the State is otherwise satisfied.

5. On receipt of such application or applications the Advocates Welfare Committee for the State shall make such enquiries in respect thereto as may be necessary as expeditiously as possible.

6. The Advocates Welfare Committee for the State when decided to grant financial assistance in an appropriate case shall sanction such sum as may be necessary, but in any case it shall not exceed Rs. 3,000/-. Provided that if the Advocates Welfare Committee considers that in a given case the applicant should be given lump-sum amount in addition to annual or monthly grant the Advocates Welfare Committee shall record its reasons and refer to the State Bar Council. The State Bar Council may sanction a sum of Rs. 10,000/- keeping in view its capacity to pay from the fund.

7. Financial grant to the indigent and/or disabled advocate shall normally be paid on monthly basis and the amount shall ordinarily be paid to the advocate concerned. If the advocate concerned is unable to come for receiving money, the office of the State Bar Council may send it to the advocate concerned by Money Order or a Bank Draft or to the advocate concerned by specially authorised by him in writing to the satisfaction of the Secretary of the State Bar Council on obtaining appropriate receipt of such payment.

8. The grant of financial assistance to an indigent and/or disabled advocate shall be sanctioned annually and may be paid on a monthly basis and in case of necessity such sanction may be renewed after expiry of the year for which the sanction was already granted. Provided that financial grant to such advocate shall cease as soon as the advocate concerned ceases to be indigent or disable for which financial assistance was allowed ceased to exist.

34

BAR COUNCIL OF INDIA RULES

9. If any advocate makes any statement or furnishes any information which is proved to be false to his knowledge, it shall meant to professional misconduct under Section 35 of the Advocates Act.

10. If the Advocates Welfare Committee for the State subsequently finds that any statement given or evidence adduced by the applicant was also false in material particulars the committee shall refer the matter to the State Bar Council with its report and the State Bar Council may call upon the applicant to refund the entire amount given as assistance with such interest as it may deem fit and the applicant shall comply with such directions.

11. The advocate aggrieved of any order passed by the State Bar Council under Rule 10, may file an appeal to the Bar Council of India within 90 days. The Bar Council of India may, either dismiss the appeal summarily or in case it finds a case for setting aside or modifying the order of the State  Bar Council, the order shall be passed only after notice to the concerned State Bar Council.

**III. SCHEME FOR LIBRARY DEVELOPMENT :-**

1. These rules shall be known as "Bar Council of India Advocates Welfare Library Development Rules".

2. These Rules shall come into force from the date as notified by the Bar Council of India.[*]

**3. Definition :**

(*a*) "Applicant" means a Bar Association registered under the Societies Registration Act or so affiliated with the State Bar Council within whose jurisdiction the Bar Association situated and has submitted an application for Library development under the rules.

(*b*) "Bar Association" means the Bar Association registered under the Societies Registration Act or so affiliated with the State Bar Council within whose jurisdiction the Bar Association is situated.

(*c*) "Bar Council of India "means the  Bar Council constituted under Section 4 of the Advocates Act.

(*d*) "Bar Council of India Advocates Welfare Committee" means the committee constituted under Rule 44A (1) of the Bar Council of India Rules under Part VI, Chapter II, Section IV-A.

(*e*) "State Bar Council" means the Bar Council constituted under Section 3 of the Advocates Act.

 (*f*) "Bar Council of India Advocates Welfare Committee for the State" shall mean the Advocates Welfare Committee constituted for the State under Rule 44A(2) (*i*) of the Bar Council of India Rules, Part VI, Chapter-II, Section-IV-A.

(*g*)  "Fund" means the fund constituted under the Bar Council of India Advocates Welfare Rules provided under Part VI, Chapter II, Section - IV-A of the Bar Council of India Rules for the Scheme for Library Development.

(*h*) "Financial Year" means the year from 1st April to 31st March of the next year.

---

[*] Came into force from 19th July, 1998.

36

BAR COUNCIL OF INDIA RULES

(*i*) "Application Form" means the form so prescribed by the Committee from time to time for applying for financial assistance to the Library of the Bar Association.

4. Any High Court, District Court, Sub-Divisional Court, Tehsil or Taluka Court, Bar Association will be entitled to apply for annual grant to the Advocates Welfare Committee of the Bar Council of India for that State in the form prescribed under these rules and will make necessary decleration as prescribed therein and supply such information about the functioning of the concerned library as may be required by the said Committee.

5. The Advocates Welfare Committee shall consider such applications twice a year and sanction the appropriate grant to such applicant-Bar Association for development of the library.

6. The Bar Association which received the amount once will not ordinarily be eligible again till after the lapse of three years.

7. The Bar Association while making an application for grant to the Advocates Welfare Committee for the State append a resolution of the Association deciding to seek the grant an approved list of books in duplicate and also their resolution to generate a sum of at least 10% of the proposed grant for purchase of books and equipment in their library.

8. The grant will be given not in cash but by way of books desired to be purchased by the Association.

9. As far as may be, the fund to be allocated to each Bar Association under these rules, be in accordance with the total strength of the advocates of such Bar Association.

10. The books that will be supplied under this scheme shall bear stamp containing the following inscription :-

"BAR COUNCIL OF INDIA ADVOCATES WELFARE FUND FOR THE STATE LIBRARY DEVELOPMENT SCHEME"

11. The Bar Association receiving the grant will maintain a list of books supplied to it.

**IV. RULES FOR FINANCIAL ASSISTANCE TO STATE BAR COUNCILS/ADVOCATES UNDER RULE 44–B OF THE BAR COUNCIL OF INDIA RULES.**

BAR COUNCIL OF INDIA RULES

(1) These rules shall be known as the Scheme for Financial Assistance to the State Bar Councils under Rule 44–B of the Bar Council of India Rules.

(2) The scheme shall came into force immediately.*

(3) These schemes shall be applicable to only such State Bar Councils which have remitted the sum in accordance with the Rule 41 (2) of the Bar Council of India Rules.

(4) That on receiving information from the Chairman of the State Bar Council or Member, Bar Council of India from that State, the Chairman, Bar Council of India on being satisfied by such report may immediately sanction a reasonable amount not exceeding Rs. 5,000/-in an individual case and Rs. 25,000/-in case of some calamity involving more than one advocate and shall report to the Advocates' Welfare Committee of the Bar Council of India. The financial assistance to the State Bar Councils will be available in any of the following cases:—

(*a*) The advocate or advocates have suffered seriously on account of some natural calamity or;

(*b*) the advocate or advocates have died an unnatural death, due to an accident or natural calamity or any other cause of like nature, or;

(*c*) the advocate or advocates have suffered or is suffering from such serious disease or illness which is likely cause death if no proper treatment is given and the advocate requires financial assistance without which he would not be able to get proper treatment and has no personal assets except a residential house to meet such expenditures, or;

(*d*) the advocate or advocates become physically disabled or incapacitated to continue his profession on account of natural calamity or accident or any other cause of like nature.

(5) That the amount sanctioned under rule 4 shall be placed at the disposal of the Advocates Welfare Committee of the Bar Council of India for the State and the said State Committee shall maintain separate account and send the same to the Bar Council of India within three months from the date of the receipt thereof.

---

* Came into force from 19th July, 1998.

38

BAR COUNCIL OF INDIA RULES

(6) That the Advocates Welfare Committee of the Bar Council of India on receiving such applications duly recommended by the State Bar Councils, may sanction a sum provided in the different schemes prepared by the Bar Council of India.

## THE BAR COUNCIL OF INDIA ADVOCATES WELFARE SCHEME, 1998[*]

**1.  Part A : Preliminary**

(*i*) This Scheme may be called the "Bar Council of India Advocates Welfare Scheme, 1998".

(*ii*) It shall come into force on the 1st of November, 1998.

(*iii*) Subject to the provisions of the Scheme, any advocate enrolled with any State Bar Council in India shall be entitled to become a member of the Scheme after submitting an application in Form 'A'.

(*iv*) The maximum age at which an advocate may become a member of the Scheme is 65 years.

(*v*) The normal retirement of the member is 90 years.

**2.  Part B : Subscription**

(*i*) Every applicant shall pay an admission fee of five hundred Rupees in lump sum with the application.

(*ii*) Every member shall pay an annual subscription of Rs. 750/- (Rupees Seven hundred and fifty) per year on or before 31st of July of every year.

Alternatively a member may pay a lump sum contribution of Rs. 7500/-(Rupees Seven thousand five hundred) at the time of joining the Scheme and in that event he shall not be required to pay any annual subscriptions.

(*iii*) In case of default in depositing the subscriptions, interest at the rate of fifteen percent per annum shall be charged on every year's default.

**3.  Part C : Administration**

(*i*) The scheme shall be administered by the Advocates Welfare Committee of the concerned State Bar Council.

(*ii*) A welfare fund by name "All India Advocates Welfare Fund" or any other name which the Bar Council of India may decide, shall be established with the subscriptions received

[*] Came into force w.e.f. 19th July 1998 vide Resolution No. 64/1998.

40

from the members, and income which may be received from other sources and in each of the State separate accounts shall be opened.

(*iii*) The moneys of the fund shall be invested in securities/investments as may be considered appropriate by the Advocates Welfare Committee keeping in view the safety of the fund and ensure higher returns on the Fund.

(*iv*) The Advocates Welfare Committee shall have the power to appoint with the consent of the Bar Council of India, any person or persons with requisite qualifications to act as the Secretary/Secretaries, Manager/Managers or Registrars of the Fund at such remuneration and on such terms and conditions and with such powers as the Advocates Welfare Committee may think fit. The Committee may also employ any person or persons to do any legal, accounting, actuarial any other work which they may consider necessary or expedient in connection with the management of the fund or of the assets thereof.

(*v*) An actuarial valuation shall be carried out by a qualified Actuary every two years to ascertain the solvency of the Fund and to examine the possibility of improvement of benefits.

(*vi*) The account of the fund shall be maintained in India and shall contain such particulars as the Advocates Welfare Committee may think proper and as be required by law. As soon as possible after 31st day of March in each year, the Committee shall take a general account of the assets and liabilities of the fund and shall prepare a balance sheet and Revenue Account showing the income and expenditure, during the year terminating on such thirty first day of March in such form as may be considered suitable by the Advocates Welfare Committee.

The first accounting period will be from 1st August, 1998 to 31st March, 1999. Thereafter the accounting year shall be from 1st April to 31st March of each year.

(*vii*) The accounts of the fund shall be audited yearly by a Chartered Accountant or a firm of Chartered Accountants, who shall have an access to all the books, papers, vouchers

and documents connected with the Fund, and who shall in writing report to the Advocates Welfare Committee on the annual accounts. A copy of audited accounts shall be furnished to the Bar Council of India.

**4. Part B : Refusal/Removal from the membership of the Fund**

(*i*) If any advocate is refused admission to the membership of the scheme, he may appeal to the Advocates Welfare Committee of the Welfare Fund of the Bar Council of India within three months from the date of refusal. The Advocates Welfare Committee may after giving, due opportunity of hearing to the concerned advocate and the Bar Council of India, direct that such advocate may be admitted to the membership of the Scheme. The order so passed shall be final.

(*ii*) If any member is expelled from the membership of the concerned State Bar Council or otherwise ceases to be a member of that State Bar Council, then his name shall be liable to be deleted from the membership of this scheme and the annual subscription/lump sum contribution paid by him together with 6% simple interest per annum shall be paid to him.

Provided that no order of deletion of name from the membership of the scheme shall be made except on the recommendation of the concerned Advocates Welfare Committee and without hearing the concerned member and such order shall be passed by the State Bar Council in its general meeting after such enquiry, as may be necessary.

(*iii*) Name of the member shall stand removed from the scheme automatically if he is in arrears of annual subscription for a period of three consecutive years.

(*iv*) An advocate who is so removed from the membership of the scheme, can only be re-admitted on payment of arrears of subscriptions due against him alongwith interest at the rate of 15% per annum and such other penalty not exceeding Rs. 500/- (five hundred only) as may be imposed by the Advocates Welfare Committee provided his name is restored

or continues on the State roll maintained by the concerned State Bar Council.

**5.   Part E: Benefits on early retirement from the Scheme**

(*i*) If a member of the Scheme who completes a period of 5 years after he becomes a member of the Scheme shall, subject to other provisions of the scheme, be entitled to seek voluntary retirement from the membership and to receive the amount of annual subscription/lump sum contribution deposited by him alongwith the simple interest at the rate of six percent per annum from the date of deposit made by him.

(*ii*) Any member suffering from total permanent disablement shall be allowed to retire from the scheme, but the member will have to seek retirement as an advocate and will not be entitled to be enrolled thereafter and become a member of the Scheme. He shall be entitled to the benefits as per Table II-A/II-B of the Scheme appended to the Scheme and the Advocates Welfare Committee in special circumstances for reasons to be recorded may allow claim upto Rs. 50,000/- (Rupees fifty thousand only).

(*iii*) A member has the option to seek voluntary retirement from the membership any time after attaining 75 years of age but in any case member would retire on compilation of 90 years or on completion of 40 years of membership whichever is earlier.

(*a*) If the member retires any time after attaining 75 years of age before completion of 40 years of membership or 90 years of age 90% of the maturity value shown in Table-I shall be paid to him depending upon his completed number of years of membership.

(*b*) If the member retires after completion of 40 years of membership he shall be entitled to full maturity value shown in Table-I depending on his completed number of membership on the date of his retirement.

(*iv*) Notwithstanding anything contained in this scheme to the contrary, if any advocate after his admission to the Scheme joins any employment, he shall be entitled for refund of all

BAR COUNCIL OF INDIA RULES

his annual subscriptions/simple interest from the date of his annual subscriptions/lumpsum contribution.

**6.   Part F : Benefits payable on death/illness while continuing as a Member of the Scheme.**

(*i*) In case any member dies or acquires total permanent disablement at any time after becoming a member of the Scheme, he or his nominee/dependents or other legal heirs, shall be entitled for a sum as per Table II-A/Table II-B of the Scheme appended to the Scheme.

**Explanation : -** For the purpose of this clause, dependants means the spouse, minor children and unmarried daughters.

(*ii*) Advocates Welfare Committee on an application made to it in the prescribed form after being satisfied about genuineness of the claim, may grant ex-gratia payment from the fund.

In case a member of the Scheme is hospitalised for at least one month or undergoes a major surgery or suffering from paralysis, cancer, unsoundness of mind and/other similar serious ailments on the production of a certificate from the Chief Medical Officer concerned to that effect, he may be paid an amount not exceeding ten thousand rupees.

Provided that a subsequent claim shall not be entertained unless a period of three years from the date of first payment has elapsed.

**7.   Part G :** Benefits payable on normal retirement at age 90 years or on completion of 40 years of membership whichever is earlier.

(*a*) For Members who are paying annual contribution of Rs. 750/- per    annum.

(*i*) The maturity benefit payable on retirement at age 90 years or above complettion of 40 years of membershp will be as shown in Table-I of the Scheme.

(*ii*) Further, as an additional benefit for a member who has completed 20 or more years of membership and is aged below 65 years, a Medi-claim Policy on the life of the member and his wife for a sum of Rs. 1 lakh each will be purchased from New India Assurance Co. Ltd. or any other

44

subsidiary Company of General Insurance Corporation of India covering Hospitalisation/ Domiciliary Hospitalisation benefits from age 65 to 70, provided the member and his wife are in good health at the time of taking out the policy.

(*b*) For members who paid a lump sum contribution of Rs. 7,500/-

(*i*) The maturity benefits payable on retirement of age 90 years or on completion of 40 years of membership will be as shown in Table-I of the Scheme.

(*ii*) Further as an additional benefit for a member who has completed 20 or more years of membership and is aged below 65 years, a Medi-claim Policy on the life of the member and his wife for a sum assured of Rs. 1 lakh each will be purchased from New India Assurance Co. Ltd or any other subsidiary Company of General Insurance Corporation of India covering Hospitalisation/ Domiciliary Hospitalisation benefits from age 65 to 70 years provided, the member and his wife are in good health at the time of taking out the policy.

**8. Part H: General**

(*i*) An appeal in the prescribed form may be made to the Bar Council of India against the decision of the Advocates Welfare Committee within 30 days from the date of such order and shall be accompanied with the copy of the decision appealed against and shall be filed within 30 days of the receipts of the order. The decision of the Bar Council of India shall be final.

(*ii*) In case the Scheme is silent about any matter, such matters shall be decided by the Advocates Welfare Committee in consultation with the Bar Council of India.

(*iii*) Those Advocates who join this Scheme shall be entitled to the benefits of any other Scheme for the time being in force.

(*iv*) With respect to process of payment of all claims under this Scheme, Bar Council of India may lay down the guidelines for this purpose.

**9.** A Schedule showing the benefits offered under the Scheme is enclosed :

BAR COUNCIL OF INDIA RULES

Encl : Schedule (Table I, IIA and IIB) showing the benefits.

Scheme approved by the BCI in its meeting held on 19th July, 1998. (Item no. 79/1998)

Scheme circulated to State Bar Councils vide letter No. 2400/1998 dt. 22-10-1998.

46

BAR COUNCIL OF INDIA RULES

## ALL INDIA ADVOCATES WELFARE SCHEME
## SCHEDULE SHOWING BENEFITS

### TABLE — I (MATURITY VALUE)

| Completed years of Membership | Maturity Value (Lumpsum Contribution Rs. 7,500/-) | Maturity Value (Annual Contribution Rs. 750/- per year |
|---|---|---|
|  | Rs. | Rs. |
| 1. | 1293 | 0 |
| 2. | 2163 | 0 |
| 3. | 3129 | 0 |
| 4. | 4201 | 0 |
| 5. | 5390 | 0 |
| 6. | 6466 | 0 |
| 7. | 7915 | 860 |
| 8. | 9531 | 2491 |
| 9. | 11329 | 4305 |
| 10. | 13329 | 6323 |
| 11. | 15288 | 8303 |
| 12. | 17761 | 10797 |
| 13. | 20519 | 13581 |
| 14. | 23599 | 16688 |
| 15. | 27040 | 20160 |
| 16. | 30789 | 23944 |
| 17. | 35133 | 28325 |
| 18. | 39146 | 32380 |
| 19. | 44526 | 37807 |
| 20. | 50580 | 43912 |
| 21. | 55426 | 48816 |
| 22. | 62904 | 56357 |
| 23. | 71355 | 64879 |
| 24. | 80588 | 74191 |
| 25. | 88777 | 82467 |

BAR  COUNCIL  OF  INDIA  RULES

| | | |
|---|---|---|
| 26. | 100772 | 94559 |
| 27. | 112647 | 106542 |
| 28. | 125766 | 110780 |
| 29. | 140328 | 134474 |
| 30. | 156492 | 150785 |
| 31. | 174434 | 168890 |
| 32. | 194349 | 188986 |
| 33. | 216455 | 211294 |
| 34. | 240993 | 236054 |
| 35. | 268230 | 263539 |
| 36. | 298463 | 294047 |
| 37. | 332022 | 327911 |
| 38. | 369272 | 365499 |
| 39. | 410620 | 407223 |
| 40. | 456516 | 543536 |

## ALL INDIA ADVOCATES WELFARE SCHEME
### Schedule Showing Benefits

### Table – II – A

(In cases where a lumpsum payment of Rs. 7500/-
is paid at the time of becoming a member)

| Completed years of membership | Maturity Value |
|---|---|
| 1. | 7909 |
| 2. | 8779 |
| 3. | 9744 |
| 4. | 10816 |
| 5. | 12006 |
| 6. | 30000 |
| 7. | 30000 |
| 8. | 30000 |
| 9. | 30000 |
| 10. | 30000 |

48

BAR COUNCIL OF INDIA RULES

| | |
|---|---|
| 11. | 35000 |
| 12. | 35000 |
| 13. | 35000 |
| 14. | 35000 |
| 15. | 35000 |
| 16. | 50000 |
| 17. | 50000 |
| 18. | 50000 |
| 19. | 60000 |
| 20. | 60000 |
| 21. | 75000 |
| 22. | 75000 |
| 23. | 100000 |
| 24. | 100000 |
| 25. | 100000 |
| 26. | 125000 |
| 27. | 125000 |
| 28. | 150000 |
| 29. | 150000 |
| 30. | 163108 |
| 31. | 183049 |
| 32. | 200965 |
| 33. | 223071 |
| 34. | 247609 |
| 35. | 274864 |
| 36. | 395079 |
| 37. | 338638 |
| 38. | 375888 |
| 39. | 417235 |
| 40. | 463131 |

BAR  COUNCIL  OF  INDIA  RULES

**ALL INDIA ADVOCATES WELFARE SCHEME**
**Schedule Showing Benefits**

**TABLE – II – B**

(In cases where annual subscriptions of Rs. 750/- per annum are
paid)

| Completed years of Membership | Maturity Value |
| --- | --- |
| 1. | 791 |
| 2. | 1669 |
| 3. | 2643 |
| 4. | 3725 |
| 5. | 4925 |
| 6. | 30000 |
| 7. | 30000 |
| 8. | 30000 |
| 9. | 30000 |
| 10. | 30000 |
| 11. | 35000 |
| 12. | 35000 |
| 13. | 35000 |
| 14. | 35000 |
| 15. | 35000 |
| 16. | 50000 |
| 17. | 50000 |
| 18. | 50000 |
| 19. | 60000 |
| 20. | 60000 |
| 21. | 75000 |
| 22. | 75000 |
| 23. | 100000 |

50

BAR COUNCIL OF INDIA RULES

| | |
|---|---|
| 24. | 100000 |
| 25. | 100000 |
| 26. | 125000 |
| 27. | 125000 |
| 28. | 150000 |
| 29. | 150000 |
| 30. | 157401 |
| 31. | 175506 |
| 32. | 195602 |
| 33. | 217909 |
| 34. | 242670 |
| 35. | 270155 |
| 36. | 300663 |
| 37. | 334526 |
| 38. | 372115 |
| 39. | 413839 |
| 40. | 460152 |

## APPLICATION FORM FOR BAR COUNCIL OF INDIA WELFARE SCHEME, 1998

THE STATE BAR COUNCIL OF =========

(with address) =========

=========

ADVOCATES WELFARE COMMITTEE

OF THE BAR COUNCIL OF INDIA FOR

THE STATE OF ========= ==

Sir,

I want to become a member of Bar Council of India Welfare Scheme, 1998 and my particulars are :

1. Name

51

2. Father's Name

3. Address

4. Enrolment No.

5. Date of Birth

6. Mode of payment under the Scheme

ANNUAL SUBSCRIPTION/LUMP SUM

Draft enclosed for Rs.  ═════════

D/D No.  ══════ Date  ══════

The applicant is the member of the Bar Association and is in actual practice. The applicant nominates the following person as his/her nominee:

1. Name of the nominee  ═════════

2. Father's name/husband's name ═════════

3. Relationship with the applicant ═════════

I hereby give an undertaking that I shall be bound by the Scheme and particulars mentioned by me in the application are true and correct.

═════════

Signature

Certification by the Bar Association<br>where the Applicant is a member

It is hereby certified that Shri/Ms./Mrs.  ═════════ Son of/daughter of/wife of  ═════════ is a Member of this Bar Association and his/her Membership Number of the Bar Association at present is  ═════════.

Seal and Signature of the

President/Secretary

BAR  COUNCIL  OF  INDIA  RULES

# NOTES

1. The sub rule amended w.e.f. 18.6.1977.

2. The sub-clause added w.e.f. 25.11.1978.

3. The sub-clause added w.e.f. 25.11.1978.

4. The sub-clause added w.e.f. 25.11.1978.

5. The sub-clause added w.e.f. 23.1.1982.

6. Chapter I amended w.e.f. 6.9.1980.

7. The Proviso added w.e.f. 4.4.1981.

8. The rule added w.e.f. 2.5.1981.

9. Form D - 2 revised from 27.11.1988.

10. Amount revised from 28.11.1987.

11. The sub-clause added w.e.f. 7.4.1974.

12. The sub-clause added w.e.f. 7.4.1979.

13. The rule amended from 27.11.1988.

14. The rules under Section 49A of the Act were framed by the Ministry of Law, Justice & Company Affairs and came into force w.e.f. 16.10.1976.

|  |  |  |
|---|---|---|
|  | Fees revised on | 16-9-2006 |
| 20.2.91 | Rule 8 in Chapter II | |
|  | Part VI proviso amended | Resolution No. 12/91 |
| 20.2.91 | Rule 6 in Part VI Chapter II | |
|  | Proviso addes | Resolution No 11/91 |
| 20.2.92 | Rule 4(2) in Chapter I | |
|  | Part III to be deleted | Resolution No. 5/92 |
| 31.10.92 | Rule 40 in Chapter IX | This rule came into force |
|  | Part VI amended | from 1.4.93. |

**FORM B - 1**

*(Under Rule 1 (2) of Chapter I, Part V)*

Part I/II : Copy of Roll under section 17 (1) (a) (b) of the Advocates Act, 1961 of the Bar Council of ................ sent under Section 19 of the Advocates Act, 1961.

| S. No.. | Name | Address | Date of enrolment under the Bar Councils Act/Advocates Act | Date of entry as Vakil, Pleader or Attorney, if any | Date of Birth | Date of Transfer if any | If enrolled in Supreme Court, date of such enrolment | Date of enrolment as senior Advocate in case of designated as such on or after 1-12-1961 | Remarks (Particulars envisaged under Rule) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |



**FORM B - 2**

*(Under Rule I (2) of Chapter I, Part (V)*

Part II : Copy of Roll under Sec. 17(1)(b) of the bar Council of .................sent under Section 19 of the Advocates Act, 1961

| Roll No. | Name and address | Date of enrolment under the Advocates Act, 1961 | Date of Birth | Date of transfer, if any and particulars | Remarks |
|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 |

