SCC Online Web Edition, © 2025 EBC Publishing Pvt. Ltd.
Page 1 Tuesday, January 07, 2025
Printed For: Office of Ms. Geeta Luthra .
SCC Online Web Edition: https://www.scconline.com
TruePrint™ source: ILR (calcutta), © 2025 EBC Publishing Pvt. Ltd., Lucknow.
-----------------------------------------------------------------------------------------------------------------------

## APPELLATE CIVIL.

---

*Before Guha J.*

# KALIKUMAR PAL

*v.*

# RAJKUMAR PAL.*

1931
Feb. 24.

*Pleader—Client—Communications, when privileged—Admissibility—Indian Evidence Act (I of 1872), s. 126.*

On general principles and under section 126 of the Indian Evidence Act, there is no privilege to communications made before the creation of relationship of pleader and client.

Where two persons have a dispute about a claim made by one of them upon the other and both seek the help of a pleader and one of them makes a statement to the pleader, the statement so made to the pleader by one of the parties is certainly admissible in evidence.

*Shore* v. *Bedford* (1) referred to.

If the communication or admission be made by the plaintiff to the witness in the character of his own exclusive pleader or legal adviser, the bond of secrecy is upon the witness; if not, the communication is not privileged.

*Perry* v. *Smith* (2) referred to.

To be privileged under section 126 of the Indian Evidence Act, a communication by a party to his pleader must be of a confidential nature.

*Memon Hajee Haroon Mahomed* v. *Abdul Karim* (3) referred to.

SECOND APPEAL by the plaintiff.

The facts of the case, out of which this appeal arose, appear fully in the judgment.

*Yajneshwar Majumdar* for the appellant.

*Bhupendrakishore Basu* for *Hemkumar Basu* for the respondent.

GUHA J. This is an appeal by the plaintiff in a suit for recovery of money due on a simple mortgage bond, dated the 11th *Agrahayan*, 1319 B.S., executed by the defendant No. 1. The claim of the plaintiff in

---

*Appeal from Appellate Decree, No. 1010 of 1929, against the decree of Harijeeban Banerji, Additional Subordinate Judge of Noakhali, dated October 5, 1928, modifying the decree of Bhabeshchandra Sen Gupta, Munsif of Sudharam, dated September 8, 1926.

(1) (1843) 5 Man. & G. 271 ;          (2) (1842) 9 M. & W. 681 ;
            134 E. R. 567.                            152 E. R. 288.
                  (3) (1878) I. L. R. 3 Bom. 91.


SCC Online Web Edition, © 2025 EBC Publishing Pvt. Ltd.
Page 2      Tuesday, January 07, 2025
Printed For: Office of Ms. Geeta Luthra .
SCC Online Web Edition: https://www.scconline.com
TruePrint™ source: ILR (calcutta), © 2025 EBC Publishing Pvt. Ltd., Lucknow.

1380          INDIAN LAW REPORTS.   [VOL. LVIII.

1931
———
*Kalikumar Pal*
v.
*Rajkumar Pal.*
———
*Guha J.*

the suit was resisted by the defendant No. 1 and it was pleaded by the defendant that there was a payment made of Rs. 150 to the plaintiff on the 20th *Chaitra*, 1326 B.S. On the pleadings before the court, the first issue and the material question arising for consideration in the case was whether the plea of payment of Rs. 150, as alleged by the defendant, was true or not. The plea of payment as raised in the suit, based on an alleged admission of the plaintiff himself, was sought to be substantiated by the defendant by evidence adduced by him; and the material witnesses examined in this behalf were two in number, defendant's witnesses Nos. 3 and 4. With reference to the first of these witnesses, witness No. 3, his deposition was to the effect that the plaintiff had on a previous occasion admitted the receipt of Rs. 150 from the defendant, in part payment of the mortgage debt. The most important evidence in the case in respect of this payment by defendant No. 1 was that afforded by the deposition of the defendant's witness No. 4, Babu Harikrishna Bhatta, a pleader; and the statement that this pleader witness made before the court in his deposition was this : "The plaintiff and the defendant "admitted to have received and paid respectively the "same amount of money Rs. 125 or Rs. 150 in "connection with payment due to the mortgage bond." The witness added that the plaintiff and the defendant were present, but did not remember who else was present when the plaintiff admitted to have received the amount of Rs. 150. The witness further stated in his deposition before the court, that the defendant approached him, and had informed him that the settlement of the debt due on the mortgage bond had not been effected. Upon this state of the evidence before the court, the trial court passed a decree in favour of the plaintiff, holding that the plea of payment of Rs. 150 had not been made out.

On appeal by the defendant No. 1, the decision of the trial court and the decree passed by that court in favour of the plaintiff were reversed. The learned


SCC Online Web Edition, © 2025 EBC Publishing Pvt. Ltd.
Page 3      Tuesday, January 07, 2025
Printed For: Office of Ms. Geeta Luthra .
SCC Online Web Edition: https://www.scconline.com
TruePrint™ source: ILR (calcutta), © 2025 EBC Publishing Pvt. Ltd., Lucknow.

VOL. LVIII.]   CALCUTTA SERIES.                          1381

Subordinate Judge in the court of appeal below
allowed the appeal by the defendant No. 1 in part.
The decree of the court of first instance was modified.
The plaintiff's claim was reduced on the footing of
the payment of Rs. 150 on the 25th *Chaitra*, 1326,
as alleged by the defendant No. 1; and the decree
made by the court below was for the sum found due
with interest upon calculation as indicated in the
judgment of the lower court. The lower appellate
court has entirely relied upon the testimony of the
two witnesses referred to above. According to the
learned Subordinate Judge, the testimony of the
witnesses could not be lightly discarded. It was held
that the deposition of the two witnesses mentioned
above supported the other evidence given by the
defendant No. 1, relating to the actual payment of
Rs. 150 to the plaintiff; and the court below has
expressed the definite opinion that it could not but
believe that the plaintiff did actually get Rs. 150
from defendant No. 1 in *Chaitra*, 1326.

The present appeal is directed against the decision
and the decree of the Subordinate Judge in the court
of appeal below. The main question that has been
raised in support of the appeal by the plaintiff is
this : that the court of appeal below has erred in law
in relying upon the statement of the pleader,
Harikrishna Bhatta, which was inadmissible in
evidence by reason of section 126 of the Indian
Evidence Act. It is necessary, therefore, to examine
whether the deposition of defendant's witness No. 4,
Harikrishna Bhatta, was or was not admissible in
evidence by reason of section 126 of the Indian
Evidence Act. The witness has stated in his
deposition that the admission was made by the
plaintiff in the presence of the defendant and it was
not suggested, neither was it indicated by anything
contained in the deposition of the witnesses before the
court, that the communication was made to him as
a pleader, much less as a pleader who was employed
by the plaintiff; nor was there any indication that
the communication was made to the witness in the


SCC Online Web Edition, © 2025 EBC Publishing Pvt Ltd.
Page 4    Tuesday, January 07, 2025
Printed For: Office of Ms. Geeta Luthra .
SCC Online Web Edition: https://www.scconline.com
TruePrint™ source: ILR (calcutta), © 2025 EBC Publishing Pvt. Ltd., Lucknow.

-----------------------------------------------------------------------------------------------------

**1382**                     INDIAN LAW REPORTS.   [VOL. LVIII.

*1931*

*Kalikumar Pal*
*v.*
*Rajkumar Pal.*

*Guha J.*

course, and for the purpose of his employment as a pleader. On general principles, and under section 126 of the Indian Evidence Act, there is no privilege to communications made before the creation of relationship of pleader and client. Further, where two persons have a dispute about a claim made by one of them upon the other, and both seek the help of a pleader, and one of them makes a statement to the pleader, the statement so made to the pleader by one of the parties is certainly admissible. [See *Shore* v. *Bedford* (1).] The question being, was the communication or admission made by the plaintiff to the  witness in the character of his own exclusive pleader or legal adviser? If it was so, the bond of secrecy is upon the witness; and if it  was  not, the communication was not privileged. [See *Perry* v. *Smith* (2).] It may be mentioned further that to be privileged under section 126 of the Indian Evidence Act, a communication by a party to his pleader must be of a confidential nature. [See *Memon Hajee Haroon Mahomed* v. *Abdul Karim* (3).] The communication to the pleader in this case was made in the presence of the  defendant. As  indicated above, regard being  had to the principles  which underlie section 126 of the Indian Evidence Act, to which reference has already been made, it is impossible to hold that the deposition of the pleader witness, defendant's  witness  No. 4  in  this  case,  was inadmissible in view of the provisions contained in section 126 of the Indian Evidence Act.

A further  point was argued in support of the appeal by the plaintiff, that the plea of payment, as raised by the defendant No. 1 in the suit, could not be allowed to be proved by him, by reason of the fact that the admission as to payment made by the plaintiff was in the course of a negotiation for arriving at a compromise. That compromise having fallen through, the terms could not be proved. There

---

(1) (1843) 5 Man. & G. 271 ;          (2) (1842) 9 M. & W. 681 ;
            134 E. R. 567.                          152 E. R. 288.
              (3) (1878) I. L. R. 3 Bom. 91.

SCC Online Web Edition, © 2025 EBC Publishing Pvt. Ltd.,
Page 5      Tuesday, January 07, 2025
Printed For: Office of Ms. Geeta Luthra .
SCC Online Web Edition: https://www.scconline.com
TruePrint™ source:  ILR (calcutta), © 2025 EBC Publishing Pvt. Ltd., Lucknow.

-------------------------------------------------------------------------------------------------------

VOL. LVIII.]    CALCUTTA SERIES.                    1383

is no substance in this contention. It is hardly
necessary to mention that it was not necessary for the
defendant No. 1 to prove the terms of any
compromise, which ultimately failed, and which had
no direct bearing on the plea of payment raised in
this case; the question for consideration in this case
being whether the plaintiff had made an admission
as to the receipt of the amount of Rs. 150  from
defendant No. 1.  The admission by the plaintiff
has been proved, and the plaintiff's claim in suit has,
therefore, been reduced to the extent of the payment
already made by the defendant No. 1.

In the result, the appeal fails and is dismissed
with costs.

*Appeal dismissed.*

G. S.

*1931*

*Kalikumar Pal*
*v.*
*Rajkumar Pal.*

*Guha J.*